1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

9

DENNIS E. DAVIS, individually and on behalf
of all others similarly situated,

10

Plaintiff,

11

v.

12

SYMETRA LIFE INSURANCE COMPANY, an
Iowa corporation,

13

14

        Defendant.

15

16

17

) CASE NO.
)
)
)
) **CLASS ACTION COMPLAINT FOR**
) **BREACH OF CONTRACT,**
) **CONVERSION, VIOLATION OF THE**
) **WASHINGTON CONSUMER**
) **PROTECTION ACT AND**
) **DECLARATORY AND INJUNCTIVE**
) **RELIEF**
)
) JURY DEMAND
)
)
)

**CLASS ACTION COMPLAINT**

18

19

        Plaintiff Dennis E. Davis ("Plaintiff"), individually and on behalf of all others similarly

20

situated, for his Class Action Complaint against Defendant Symetra Life Insurance Company

21

("Symetra" or "Defendant"), states and alleges as follows:

22

**NATURE OF ACTION**

23

        1.        This is a class action for breach of contract and conversion to recover amounts

24

that Defendant charged Plaintiff and the proposed class in excess of the amounts authorized by

25

the express terms of their life insurance policies. Plaintiff's breach of contract claim is supported

26

exclusively by the written provisions of his policy, which are materially the same as those of

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

other policies held by the members of the proposed class, and not subject to individual negotiation.

2.      The terms of Plaintiff's life insurance policy provide for a "Cash Value" consisting of monies held in trust by Defendant for Plaintiff, and Defendant is contractually bound to deduct from the Cash Value only those charges that are explicitly identified and authorized by the policy's terms.

3.      Despite unambiguous language in the policy, which is a fully integrated insurance agreement, Defendant breaches the policy by deducting charges from Plaintiff's Cash Value in excess of the amounts specifically permitted by the policy, and those breaches are continuous and ongoing.

4.      Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Cash Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash. Class members face a "lose-lose" decision: continue to pay the overcharges to maintain their insurance or surrender the policy after having paid significant premiums for decades.

5.      Plaintiff brings this case as a class action under Federal Rule of Civil Procedure 23, individually and on behalf of the following persons (the "class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

6.      On behalf of himself and the class, Plaintiff seeks to recover compensatory and punitive damages, as well as declaratory and injunctive relief.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

**PARTIES**

2      7.      Plaintiff Dennis E. Davis resides in Des Moines, Iowa, and is a citizen of the State

3   of Iowa.

4      8.      Defendant is a corporation incorporated under the laws of the State of Iowa, with

5   its principal place of business located in Bellevue, Washington.

6

**JURISDICTION AND VENUE**

7      9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2), because

8   this is a class action in which at least one member of the class is a citizen of a state different from

9   Defendant, the amount in controversy exceeds $5 million exclusive of interest and costs, and the

10  proposed class contains more than 100 members.

11     10.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant

12  is a resident of this district and a substantial portion of the events giving rise to Plaintiff's causes

13  of action occurred in this district.

14

**FACTUAL BACKGROUND**

15     11.     Plaintiff purchased from American States Life Insurance Company an

16  "Adjustable Life Policy" bearing policy number 00534812, with an effective date of September

17  16, 1987, and an initial specified amount of $100,000 (the "Policy"). A true and accurate copy

18  of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

19     12.     American States Life Insurance Company merged into Defendant, effective

20  October 1, 2005, making Defendant the effective and liable insurer of the Policy.

21     13.     Plaintiff has always been both the "owner" and the "insured" under the Policy,

22  which was surrendered on October 9, 2020.

23     14.     Defendant was the effective and liable insurer of the Policy and policies meeting

24  the class definition (the "Class Policies").

25     15.     The Policy was "a legal contract" between Plaintiff and Defendant. Ex. A at 1.

26

CLASS ACTION COMPLAINT - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

16.     The entire contract between Plaintiff and Defendant consists of the Policy, the application, and any supplemental application. Ex. A at 11 & Waiver of Cost of Insurance Rider (General Provisions) ("This rider is made a part of the policy to which it is attached.").

17.     The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders.

18.     Only the President, a Vice President, or the Secretary of Defendant has authority to change, modify or waive any policy provisions. Ex. A at 11.

19.     Defendant has issued and administered, and currently administers, all aspects of the Policy and Class Policies, including collecting premiums, and setting, assessing, and deducting policy charges.

20.     In addition to a death benefit, the Policy and Class Policies provide policyholders an investment, savings, or interest-bearing component, that accumulates value over time. Although the savings component in certain of the Class Policies may be identified by a different name, it is identified in the Policy and throughout this Complaint as the "Cash Value."

21.     Generally, like Plaintiff and class members, universal life insurance policyholders contribute premiums, the net amount of which, after a "Percentage of Premium Expense Charge" is deducted, are deposited into the Cash Value of a policy, from which the insurer deducts monthly charges as authorized by the policy.

22.     The Policy and Class Policies expressly define the components of the Cash Value, and how it is calculated:

On each Monthly Anniversary Day, the Cash Value is equal to (a), plus (b), minus (c), plus (d), where:

(a) is the cash value on the preceding Monthly Anniversary Day.

(b) is all net premiums received since the preceding Monthly Anniversary Day.

(c) is the cost of insurance for the month preceding the Monthly Anniversary Day.

CLASS ACTION COMPLAINT - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

(d) is one month's interest on the result of item (a) less item (c).

On any day other than a Monthly Anniversary Day, the cash value shall be calculated as (e), plus (f), minus (g), where:

(e) is the cash value as of the preceding Monthly Anniversary Day.

(f) is all net premiums received since the preceding Monthly Anniversary Day.

(g) is the monthly deduction for the month following the preceding Monthly Anniversary Day.

Ex. A at 14.

23.     The Policy expressly defines the specific charges that Defendant may assess and deduct from Plaintiff's premium payments and the Policy's Cash Value. Defendant may assess charges and take deductions only as allowed by the Policy.

24.     The Policy authorizes Defendant to deduct the Cost of Insurance from the Cash Value, and expressly defines how the Cost of Insurance is calculated:

The cost of insurance is determined on a monthly basis. It is the cost for this Policy plus the cost for any riders. The cost of insurance for the Insured is calculated as (a) multiplied by the result of (b) minus (c), where:

(a) is the cost of insurance rate as described in the Cost of Insurance rates section;

(b) is the Insured's Death Benefit at the beginning of the policy month divided by 1.0032737;

(c) is the cash value at the beginning of the policy month.

Ex. A at 14-15.

25.     Under the explicit terms of the Policy, Defendant is authorized to use only the insured's age, sex, rate class, and the Defendant's expectations as to future mortality experience when determining the Policy's Cost of Insurance Rates:

The monthly cost of insurance rate is based on the sex, attained age, and rating class of the person insured. … Monthly cost of insurance rates will be determined by us from time to time based on our expectations as to future mortality experience. … [T]he cost of insurance rates will not be greater than those shown in the Table of Guaranteed Maximum Insurance Rates.

Ex. A at 15.

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ◆ FAX 206.682.2992

26.     Age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

27.     Because the Policy specifically identifies age, sex, and rate class as the defining components of the Cost of Insurance Rates, and expressly states that current Cost of Insurance Rates are based on Defendant's expectations as to future mortality experience, the parties agree that mortality expectations are what determine Cost of Insurance Rates under the Policy.

28.     Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholders' Cash Values, including specifically, the Cost of Insurance that is calculated using Cost of Insurance Rates that Defendant must determine based on its expectations as to future mortality experience, and separate premium expense charges in fixed amounts.

29.     Although the Policy and Class Policies authorize Defendant to use only its "expectations as to future mortality experience" when determining Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policy, when determining such rates, including without limitation, expense experience.

30.     By including other factors when determining Cost of Insurance Rates, Defendant knowingly causes those rates to be greater than what is explicitly authorized by the Policy and Class Policies.

31.     By loading Cost of Insurance Rates with unauthorized factors, Defendant repeatedly and continuously breaches the Policy and Class Policies by impermissibly inflating those rates such that they substantially exceed Defendant's "expectations as to future mortality experience."

32.     The inflated Cost of Insurance Rates used by Defendant cause the monthly Cost of Insurance to be deducted in amounts greater than those explicitly authorized by the Policy and Class Policies. Consequently, Defendant deducts from the Cash Value an amount for the Cost of Insurance that is greater than that authorized under the Policy and Class Policies. On information

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   and belief, during several years he owned the Policy, Defendant's expectations as to future
2   mortality experience accounted for less than half of the amounts deducted from Plaintiff's Cash
3   Value for the Cost of Insurance, meaning that more than 50% of the Cost of Insurance deducted
4   consisted of other factors not authorized by the Policy.

5       33.    Each of Defendant's past and future Cost of Insurance deductions from the Cash
6   Values of Plaintiff and the class constitutes a separate breach of contract.

7       34.    As a direct and proximate result of Defendant's breaches, therefore, Plaintiff and
8   the class have been damaged, and those damages are continuing in nature in that Defendant has
9   taken and will continue to take Cost of Insurance deductions in unauthorized amounts from
10  policyholders' Cash Values.

11      35.    The nature of Defendant's conduct is such that Plaintiff and each member of the
12  class would be unaware that Defendant was engaging in wrongdoing by taking Cost of Insurance
13  deductions in inflated charges and improper amounts from Cash Values. Defendant possesses
14  the actuarial information and equations underlying the computation of rates and charges for the
15  Policy. The Cost of Insurance Rates used to calculate Cost of Insurance deductions are not
16  disclosed to policy owners, nor are the components or factors that comprise those rates.  And
17  even if they were, members of the class would lack the knowledge, experience, or training to
18  reasonably ascertain how Defendant calculated the rates and deductions included in the Policy.

19      36.    Because of its superior knowledge of the computations, Defendant was aware that
20  Plaintiff and each member of the class did not know about the improper deductions. Defendant
21  sent Plaintiff and the class annual statements each year that identified each month's Cost of
22  Insurance deduction while affirmatively concealing the factors Defendant used to determine the
23  Cost of Insurance Rates. Concealment of its conduct and failure to disclose its conduct to
24  Plaintiff and the class constitutes fraudulent concealment and therefore tolls the statute of
25  limitations for Plaintiff and proposed class members. Plaintiff did not learn of Defendant's
26  breaches until after he had engaged counsel and consulted an actuarial expert in October 2020.

CLASS ACTION COMPLAINT - 7

37. Plaintiff did not discover nor, through reasonable diligence, could he have discovered the facts establishing Defendant's breaches or the harm caused thereby.

## CLASS ACTION ALLEGATIONS

38. Pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), 23(b)(2), 23(b)(3) and/or 23(c)(4), Plaintiff brings this action on behalf of himself and all others similarly situated, and seeks to represent the following class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, the terms of which provide or provided for: 1) an insurance or cost of insurance charge or deduction calculated using a rate that is determined based on Defendant's expectations as to future mortality experience; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

39. Excluded from the class is Defendant, any entity in which Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsels' firms, any Judge to whom this case is assigned, and his or her immediate family. Also excluded from the class is any policy that explicitly discloses all the factors Defendant used to calculate its rates and charges.

40. Plaintiff's claims satisfy the numerosity, typicality, adequacy, commonality, and superiority requirements under Federal Rule of Civil Procedure 23, as set forth more fully herein.

41. The persons who fall within the class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because class members are geographically dispersed across the country, joinder of all class members in a single action is impracticable.

42. There are questions of law and fact common to the claims of Plaintiff and the class that predominate over any questions affecting only individual class members. The questions of law and fact arising from Defendant's actions that are common to the class include, without limitation:

CLASS ACTION COMPLAINT - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

a. Whether Defendant is permitted by the Class Policies to use factors other than those disclosed in the Class Policies to determine the monthly Cost of Insurance Rates used to calculate insurance policy deductions;

b. Whether Defendant added, included, or relied on factors not specified in the Class Policies when determining the monthly Cost of Insurance Rates used to calculate Cost of Insurance deductions;

c. Whether Defendant added, included, or relied on factors unrelated to mortality expectations in setting and determining Cost of Insurance Rates, despite the policy provisions providing that Cost of Insurance Rates will be based on expectation as to future mortality experience;

d. Whether Defendant breached the terms of the Class Policies;

e. Whether the class sustained damages as a result of Defendant's breaches of contract;

f. Whether the class is entitled to damages, restitution, and/or other equitable relief requiring Defendant to make deductions from Cash Values in accordance with the terms of the Class Policies in the future; and

g. Whether the class, or a subset of the class, is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

44. Plaintiff's claims are typical of the claims of the class in that Plaintiff and the class members all purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders or deduct from their Cash Values under the express terms of the Policy and Class Policies.

45. Plaintiff will fairly and adequately protect and represent the interests of the proposed class, because his interests are aligned with, and not antagonistic to, those of the proposed class, and he is represented by counsel who are experienced and competent in the prosecution of class action litigation and have particular expertise with class action litigation on behalf of owners of universal life insurance policies.

CLASS ACTION COMPLAINT - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

46.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the class to bring a separate action. Because of the relatively small size of individual class member's claims, absent a class action, most class members would likely find the cost of litigating their claims prohibitively high and would have no effective remedy. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I: BREACH OF CONTRACT

### (Cost of Insurance)

47.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

48.     Plaintiff and the class purchased life insurance policies—the Policy and Class Policies—from Defendant.

49.     The Policy and Class Policies are valid and enforceable contracts between the Defendant and Plaintiff and class members.

50.     Plaintiff and the class substantially performed their obligations under the terms of the Policy and Class Policies.

51.     By including unauthorized and undisclosed factors in the monthly Cost of Insurance Rates, Defendant impermissibly causes those rates to be greater than those authorized by the Policy and the Class Policies.

52.     Because Defendant calculates the amount to be deducted from the Cash Values of Plaintiff and the class for the Cost of Insurance using monthly Cost of Insurance Rates that are greater than those authorized by the Policy and Class Policies, Defendant has taken and will take Cost of Insurance deductions from the Cash Values of Plaintiff and the class in amounts greater than those authorized by their policies.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

53.     Defendant's practice of taking Cost of Insurance deductions in amounts not authorized by the Policy and Class Policies constitutes a breach of the policies.

54.     As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT II: BREACH OF CONTRACT

### (Improving Expectations as to Future Mortality Experience)

55.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

56.     When setting monthly Cost of Insurance Rates, the Policy and Class Policies authorize Defendant to consider only its expectations as to future mortality experience.

57.     Although mortality expectations have generally improved because people are living longer today than when the Policy and Class Policies were initially priced, Defendant has, on information and belief, failed to reduce monthly Cost of Insurance Rates for the Policy and Class Policies.

58.     Defendant's failure to reduce these rates even though its expectations of future mortality experience improved constitutes a breach of the Policy and Class Policies.

59.     As a direct and proximate result of Defendant's breach, Plaintiff and the class have sustained damages that are continuing in nature in an amount to be determined at trial.

## COUNT III: CONVERSION

60.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

61.     Plaintiff and the class had a property interest in the funds Defendant deducted from their Cash Values in excess of the amounts permitted by the terms of the Policy and Class Policies.

62.     Defendant intentionally and substantially interfered with that property interest. By taking Cost of Insurance deductions in unauthorized amounts from the Cash Values of Plaintiff and the class, Defendant assumed and exercised ownership over, and misappropriated

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

or misapplied, specific funds held in trust for the benefit of Plaintiff and the class, without authorization or consent and in hostility to the rights of Plaintiff and class members.

63.     Defendant continues to retain these funds unlawfully. At no time did Plaintiff or any class member consent to such wrongful retention of funds by Defendant.

64.     Defendant's wrongful exercise of control over the personal property of Plaintiff and class members constitutes conversion.

65.     As a direct and proximate result of Defendant's conduct, Plaintiff and the class have been damaged, and these damages are continuing in nature.

66.     Although requiring expert testimony, the amounts of unauthorized Cost of Insurance deductions Defendant took from Plaintiff and the class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance deduction each month to a Cost of Insurance deduction calculated using a monthly Cost of Insurance Rate determined using Defendant's expectations as to future mortality experience.

67.     Defendant intended to cause damage to Plaintiff and the class by deducting more from their Cash Value than was authorized by the Policy and Class Policies

68.     By reason of the foregoing, Plaintiff and class members are entitled to recover from Defendant all damages and costs permitted by law, including all amounts Defendant wrongfully converted.

**COUNT IV: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**

69.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

70.     Defendant engaged in unfair or deceptive acts or practices by materially failing to disclose and concealing from Plaintiff and class members the factors used to calculate monthly Cost of Insurance Rates and the basis for the amounts deducted from their Cash Values for the Cost of Insurance. Defendant alone, and not Plaintiff and class members, possesses the actuarial information and equations underlying the determination and computation of rates and charges for the Policies, such that Plaintiff and class members were unaware of Defendant's unfair and

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

deceptive acts and practices.

71.     Defendant provides life insurance in Washington. Defendant's unfair and deceptive acts or practices therefore occurred in trade or commerce as part of its business operations.

72.     Defendant's unfair and deceptive acts and practices impact the public interest. Washington regulates the insurance industry and deems misconduct by licensed insurers to affect the public interest. Moreover, Defendant's conduct applies uniformly to individuals obtaining life insurance policies from Defendant and if action is not taken, Defendant will continue to commit such wrongful acts against present and future insureds.

73.     Plaintiff and class members have been injured by Defendant's unfair and deceptive acts or practices. Plaintiff and class members have a property interest in their Cash Values and the funds wrongfully deducted by Defendant. Defendant's wrongful conduct injured that property by reducing its value and depriving Plaintiff and class members of interest payments that would otherwise have accrued. This injury was caused by Defendant's Cost of Insurance deductions in unauthorized amounts and material omissions regarding the calculation of these deductions.

74.     Plaintiff and class members are entitled to recover from Defendant their actual damages, treble damages, costs, and attorneys' fees.

## COUNT V: DECLARATORY AND INJUNCTIVE RELIEF

75.     The preceding paragraphs are incorporated by reference as if fully alleged herein.

76.     An actual controversy has arisen and now exists between Plaintiff and the class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

77.     Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

a.  By using unauthorized and undisclosed factors to compute the monthly Cost of Insurance Rates under the Policy and Class Policies, Defendant impermissibly increased monthly Cost of Insurance Rates for the Policy and Class Policies and, as a result, made Cost of Insurance deductions from the Cash Values of Plaintiff and the class in amounts greater than those authorized by the Policy and Class Policies.

b.  By failing to reduce Cost of Insurance Rates to reflect Defendant's improving expectations as to future mortality experience.

78.   Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policy and Class Policies so that future controversies may be avoided.

79.   Pursuant to a declaration of the parties' respective rights and duties under the Policy and Class Policies, Plaintiff further seeks an injunction temporarily, preliminarily, and permanently enjoining Defendant (1) from continuing to engage in conduct in breach of the Policy and Class Policies, and from continuing to deduct unlawfully inflated amounts for the Cost of Insurance in violation of the Policy and Class Policies; and (2) ordering Defendant to comply with terms of the Policy and Class Policies in regards to its Cost of Insurance deductions from Plaintiff and class members' Cash Values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendant as follows:

a.  That the Court enter an order certifying the class, appointing Plaintiff as a representative of the class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the class;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

b.  For a judgment against Defendant for the causes of action alleged against it;

c.  For compensatory damages in an amount to be proven at trial;

d.  For exemplary damages;

e.  For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policy and Class Policies;

f.  For appropriate injunctive relief, enjoining Defendant from continuing to engage in conduct related to the breach of the Policy and Class Policies;

g.  For pre-judgment and post-judgment interest at the maximum rate permitted by law;

h.  For Plaintiff's costs incurred; and

i.  For such other relief in law or equity as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of April, 2021.

TOUSLEY BRAIN STEPHENS PLLC

By: *Kim D. Stephens*
Kim D. Stephens, P.S. WSBA #11984

By: *Rebecca L. Solomon*
Rebecca L. Solomon, WSBA #51520

1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Tel:        206.682.5600/Fax: 206.682.2992
Email:     kstephens@tousley.com
            rsolomon@tousley.com

John J. Schirger *(pro hac vice forthcoming)*
jschirger@millerschirger.com
Matthew W. Lytle *(pro hac vice forthcoming)*
mlytle@millerschirger.com
Joseph M. Feierabend *(pro hac vice forthcoming)*
jfeierabend@millerschirger.com
MILLER SCHIRGER, LLC

CLASS ACTION COMPLAINT - 15

4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Tel:        816-561-6500
Fax:        816-561-6501

Patrick J. Stueve (*pro hac vice forthcoming*)
stueve@stuevesiegel.com
Ethan Lange (*pro hac vice forthcoming*)
lange@stuevesiegel.com
Lindsay Todd Perkins (*pro hac vice forthcoming*)
perkins@stuevesiegel.com
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:        816-714-7100
Fax:        816-714-7101

***Attorneys for Plaintiff, Dennis E. Davis***

4830-5894-0646, v. 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992