# EXHIBIT A



**American States Life Insurance Company**
Indianapolis, Indiana
A Stock Company

**READ YOUR POLICY CAREFULLY.**
This policy is a legal contract
between the policy owner and the
American States Life Insurance Company.

We agree to pay the Death Benefit to the Beneficiary after receipt of proof of the death of the Insured while this policy is in force and before the Maturity Date.

We agree to pay the cash value to the Owner if the Insured is living on the Maturity Date.

RIGHT TO CANCEL. You may cancel this policy by delivering or mailing a written notice or sending a telegram to American States Life Insurance Company, 500 North Meridian Street, Indianapolis, Indiana 46207 and by returning the policy or contract before midnight of the twentieth day after the date you receive the policy. Notice given by mail and return of the policy or contract by mail are effective on being postmarked, properly addressed and postage prepaid. American States Life Insurance Company will return all payments made for this policy within ten days after receiving notice of cancellation and the returned policy.

This policy is issued as of its Policy Date and accepted subject to the terms set forth on the following pages, which are made a part of the policy. We issued this policy in consideration of the application and the payment of premiums as provided.

*Thomas M. Oher*
*Secretary*

*Edward J. Goss*
*President*

**Adjustable Life Insurance Policy — Cash Value Payable at Maturity**
Death Benefit payable at death prior to Maturity Date
Cash Value payable on Maturity Date
Adjustable Death Benefit — Flexible Premiums payable during
lifetime of Insured until the Maturity Date
Nonparticipating — No Annual Dividends

19-1120
(5-84)

# TABLE OF CONTENTS

| | Page |
|---|---|
| Policy Schedule................................................................ | 3 |
| Table of Surrender Charges........................................... | 5 |
| Table of Guaranteed Maximum Insurance Rates.................... | 7 |
| Minimum Death Benefit Table........................................ | 9 |
| Premium, Grace Period and Reinstatement Provisions............ | 11 |
| Ownership, Assignment and Beneficiary Provisions............... | 11 |
| General Provisions........................................................ | 11 |
| Insurance Coverage Provisions...................................... | 12 |
| Nonforfeiture Provisions............................................... | 14 |
| Loan Provisions........................................................... | 15 |
| Optional Methods of Settlement..................................... | 16 |
| Riders, if any............................................................ | Following Page 16 |

As used in this policy, the terms "we", "us" and "our" refer to American States Life Insurance Company.

"Insured", as used in this policy, means the person or persons so named on the Policy Specifications page.

MAIN OFFICE ADDRESS:   P.O. BOX 7065, INDIANAPOLIS, INDIANA   46207

PERCENTAGE OF PREMIUM EXPENSE CHARGES:
    0.0% OF ALL PREMIUMS

POLICY LOAN RATE:   7.0 PERCENT

*NOTE: IT IS POSSIBLE THAT THE CASH VALUE WILL BE GREATLY REDUCED AT MATURITY
OR COVERAGE WILL EXPIRE PRIOR TO THE MATURITY DATE SHOWN WHERE EITHER NO
PREMIUMS ARE PAID FOLLOWING PAYMENT OF THE INITIAL PREMIUM OR SUBSEQUENT
PREMIUMS ARE INSUFFICIENT TO CONTINUE COVERAGE TO SUCH A DATE. IF CURRENT
VALUES CHANGE, THIS WOULD ALSO AFFECT COVERAGE.

MAIN OFFICE ADDRESS:   P.O. BOX 7065, INDIANAPOLIS, INDIANA  46207

PERCENTAGE OF PREMIUM EXPENSE CHARGES:
     0.0% OF ALL PREMIUMS

POLICY LOAN RATE:   7.0 PERCENT

*NOTE: IT IS POSSIBLE THAT THE CASH VALUE WILL BE GREATLY REDUCED AT MATURITY
OR COVERAGE WILL EXPIRE PRIOR TO THE MATURITY DATE SHOWN WHERE EITHER NO
PREMIUMS ARE PAID FOLLOWING PAYMENT OF THE INITIAL PREMIUM OR SUBSEQUENT
PREMIUMS ARE INSUFFICIENT TO CONTINUE COVERAGE TO SUCH A DATE. IF CURRENT
VALUES CHANGE, THIS WOULD ALSO AFFECT COVERAGE.

POLICY SCHEDULE

ADJUSTABLE LIFE POLICY - ENDOWMENT - MATURING AT AGE 95

POLICY NUMBER: 00534812              INSURED:  DAVIS, DENNIS E.

POLICY DATE:   SEPTEMBER 16, 1987    *MATURITY DATE:

MONTHLY ANNIVERSARY DATE: 16         INITIAL PREMIUM:          $77.75

CLASS:   NONSMOKER/STANDARD          PLANNED PERIODIC PREMIUM:  $77.75

SEX:  MALE     AGE:                  PAYABLE:          SPECIAL MONTHLY

INSURED'S SPECIFIED AMOUNT OF  $100,000.00  DOES INCLUDE THE CASH VALUE.

RIDERS ARE SHOWN ON THE SUPPLEMENTAL POLICY SCHEDULE.

3

SUPPLEMENTAL POLICY SCHEDULE

POLICY NUMBER:  00534812                 POLICY DATE:  SEPTEMBER 16, 1987

INSURED:  DAVIS, DENNIS E.

RIDERS:

    WAIVER OF MONTHLY DEDUCTIONS RIDER
        CLASSIFICATION FACTOR:     1.00 (STANDARD)
        EXPIRY DATE:  SEPTEMBER 16, 2009

TABLE OF SURRENDER CHARGES

| POLICY YEAR | SURRENDER CHARGE | POLICY YEAR | SURRENDER CHARGE |
|---|---|---|---|
| 1 | 2,700 | 11 | 1,278 |
| 2 | 2,557 | 12 | 1,136 |
| 3 | 2,415 | 13 | 994 |
| 4 | 2,273 | 14 | 852 |
| 5 | 2,131 | 15 | 710 |
| 6 | 1,989 | 16 | 568 |
| 7 | 1,847 | 17 | 426 |
| 8 | 1,705 | 18 | 284 |
| 9 | 1,563 | 19 | 142 |
| 10 | 1,421 | | |

IF THE SPECIFIED AMOUNT IS INCREASED, THE SURRENDER CHARGE
MAY BE INCREASED IN ACCORDANCE WITH THE SURRENDER CHARGE
PROVISION.

REGARDLESS OF THE SURRENDER CHARGE THE SURRENDER VALUE
WILL NEVER BE LESS THAN ZERO.

# WAIVER OF COST OF INSURANCE RIDER

**CONSIDERATION.** This rider is part of the policy to which it is attached. It is issued in consideration of the application and its cost of insurance. The cost of insurance for this rider is deducted from the cash value at the same time and in the same manner as the cost of insurance for the policy. If the cost of insurance for any other rider attached to the policy ceases to be deducted, then the part of the cost of insurance for this rider with respect to such other rider shall cease to be deducted.

**COST OF INSURANCE.** The monthly cost of insurance for this rider is equal to the product of A times B times C where:

    A. is a factor based on the attained age and sex of the Insured and is shown in the table below; and,

    B. is the classification factor for this rider and is shown for this rider on the Policy Schedule; and

    C. is the monthly deduction as determined without regard to this rider. Such monthly deduction is defined in the policy and is the total cost of insurance for the Insured and for any additional benefits provided by rider.

### TABLE OF FACTORS
(Described in A above)
For Determining Cost of Insurance for this Rider

| ATTAINED AGE | FACTOR MALE | FACTOR FEMALE | ATTAINED AGE | FACTOR MALE | FACTOR FEMALE |
|---|---|---|---|---|---|
| 5 | 0.042 | 0.053 | 35 | 0.052 | 0.082 |
| 6 | 0.042 | 0.053 | 36 | 0.053 | 0.083 |
| 7 | 0.042 | 0.053 | 37 | 0.054 | 0.085 |
| 8 | 0.043 | 0.053 | 38 | 0.055 | 0.086 |
| 9 | 0.043 | 0.054 | 39 | 0.056 | 0.088 |
| 10 | 0.043 | 0.055 | 40 | 0.057 | 0.089 |
| 11 | 0.043 | 0.057 | 41 | 0.058 | 0.090 |
| 12 | 0.043 | 0.060 | 42 | 0.059 | 0.090 |
| 13 | 0.043 | 0.063 | 43 | 0.060 | 0.090 |
| 14 | 0.043 | 0.066 | 44 | 0.062 | 0.091 |
| 15 | 0.043 | 0.068 | 45 | 0.064 | 0.092 |
| 16 | 0.043 | 0.069 | 46 | 0.067 | 0.094 |
| 17 | 0.043 | 0.070 | 47 | 0.071 | 0.097 |
| 18 | 0.043 | 0.070 | 48 | 0.075 | 0.100 |
| 19 | 0.044 | 0.071 | 49 | 0.080 | 0.104 |
| 20 | 0.044 | 0.071 | 50 | 0.085 | 0.107 |
| 21 | 0.044 | 0.071 | 51 | 0.091 | 0.110 |
| 22 | 0.045 | 0.071 | 52 | 0.096 | 0.113 |
| 23 | 0.045 | 0.072 | 53 | 0.103 | 0.116 |
| 24 | 0.046 | 0.072 | 54 | 0.111 | 0.119 |
| 25 | 0.046 | 0.072 | 55 | 0.121 | 0.122 |
| 26 | 0.046 | 0.072 | 56 | 0.133 | 0.124 |
| 27 | 0.047 | 0.072 | 57 | 0.147 | 0.126 |
| 28 | 0.047 | 0.073 | 58 | 0.163 | 0.128 |
| 29 | 0.047 | 0.073 | 59 | 0.181 | 0.130 |
| 30 | 0.048 | 0.074 | 60 | 0.065 | 0.043 |
| 31 | 0.049 | 0.075 | 61 | 0.060 | 0.036 |
| 32 | 0.049 | 0.077 | 62 | 0.053 | 0.030 |
| 33 | 0.050 | 0.079 | 63 | 0.062 | 0.030 |
| 34 | 0.051 | 0.080 | 64 | 0.072 | 0.030 |

**BENEFIT.** We will provide one of the following after approval of a claim for Total Disability.

1. If Total Disability starts before age 60, the monthly cost of insurance for the policy will not be deducted from the cash value while Total Disability continues.

2. If Total Disability starts on or after age 60 but before age 63, the monthly cost of insurance for the policy becoming due prior to age 65 will not be deducted from the cash value while Total Disability continues.

3. If Total Disability starts on or after age 63 but before age 65, the monthly cost of insurance for the policy becoming due in the 2 year period following the beginning of the disability will not be deducted from the cash value while Total Disability continues.

**Automatic Change in Insurance Coverage.** Upon receiving proof that the Insured is Totally Disabled so that the monthly costs of insurance are waived in accordance with the provisions of this rider, if Section 1 of the Death Benefit provision of the policy is in effect, it will be changed to Section 2 as of the next Monthly Anniversary Day following the date of disability. In this event the Insured's total Specified Amount will be equal to the Insured's Specified Amount prior to such change, less the cash value on the date of change.

Upon:

1. recovery of the Insured from Total Disablity; or

2. the end of the benefit period if benefits are being paid under 2 or 3 above;

the change described in the above paragraph will remain in effect unless the Owner then makes a written request for further change as provided in the policy.

Other than the automatic change described above, no other Change in Insurance Coverage may be made during a period of Total Disability while monthly costs of insurance are not being deducted.

**Age.** "Age 60," "age 63," and "age 65," means the policy anniversary on or next following the Insured's respective birthday.

### TOTAL DISABILITY

(1) **Definition.** Total disability for the first 24 months after the commencement of a loss shall mean the inability of the insured to perform all the substantial and material duties of his regular occupation.

Total disability after 24 months of continuous disability shall mean the inability of the Insured to perform all of the substantial and material duties of any occupation for which he is reasonably suited by reason of education, training or experience.

(2) **Requirements.** Total disability of the Insured requires:

a. the regular attendance of a duly licensed physician other than the Insured or a member of the Insured's immediate family;

b. that total disability be caused by accidental bodily injury occurring, or disease first manifesting itself, after the effective date of this rider and before age 65;

c. that disability has continued for six consecutive months; and

d. that this rider and this policy were in force when disability began.

**NOTICE AND PROOF OF CLAIM.** Written notice of a claim and due proof of total disability must be given to the Company at its Home Office:

(1) during the lifetime of the insured; and

(2) within one year after the beginning of the disability.

Failure to give notice and proof within one year will not invalidate a claim if it is shown that the notice and proof were given as soon as was reasonably possible; however, no premium due more than one year prior to proof of claim will be waived.

Prior to the approval of any claim, the Company will have the right to have one or more physicians designated to examine the Insured as often as the Company may reasonably require.

Premiums becoming due before the Company approves a total disability claim should be paid prior to the expiration of the Grace Period. If the claim is approved, any premium paid which is eligible for waiver will be refunded.

**PROOF OF CONTINUANCE.** After approval of a total disability claim the Company may require due proof of the continuance of total disability. The Company may require the Insured to be examined at reasonable intervals by one or more physicians designated by the Company. The Company will not require proof of examination more often than once a year after total disability has continued for two full years. If proof is not furnished on request or if the Insured fails to submit to examination, the premiums falling due thereafter will not be waived.

**NOTICE OF RECOVERY.** The Owner shall give immediate notice to the Company when the Insured recovers from total disability.

**LIMITATIONS.** No benefit will be provided by this rider if disability results from an intentionally self-inflicted injury or from an act attributable to war, whether declared or undeclared, while the Insured is in the military service of any country.

**EXCHANGE.** If the policy is exchanged for another plan of insurance, the benefits provided by this rider shall not be included as part of the new policy unless evidence of insurability of the insured, satisfactory to the company, is submitted at the time of exchange. If this policy is exchanged while the insured is disabled, premiums will not be waived under the new policy unless agreed to by the company.

**GENERAL PROVISIONS**

(1) This rider is made a part of the policy to which it is attached.

(2) This benefit is subject to all the provisions of this rider and this policy.

**TERMINATION OF RIDER.** This rider terminates:

(1) when any premium for this rider or this policy is in default beyond the end of its Grace Period.

(2) on the due date of any premium on this policy by written request of the Owner accompanied by this policy and this rider for endorsement.

(3) when the age of the insured is sixty-five; however, such termination will not affect an eligible claim for disability occurring before age sixty-five.

*AMERICAN STATES LIFE INSURANCE COMPANY*

President

ENDORSEMENT

The approval of:

1. the reinstatement of this policy;

2. any increase in the coverage of this policy.

3. the reentry for Select renewal premium;

shall be contestable for fraud or misrepresentation of any material fact offered by the insured for two years from the date of approval during which time the insured is living.

AMERICAN STATES LIFE INSURANCE COMPANY

*David L. Ratcliff*

President

### TABLE OF GUARANTEED
### MAXIMUM INSURANCE RATES
### STANDARD RATE CLASSIFICATION

#### Monthly Cost of Insurance

| Attained Age | Rate Per $1,000 | Attained Age | Rate Per $1,000 |
|---|---|---|---|
| 0 | $ .36926 | 50 | $ .72664 |
| 1 | .13669 | 51 | .79505 |
| 2 | .12419 | 52 | .86931 |
| 3 | .11918 | 53 | .95025 |
| 4 | .11459 | 54 | 1.03830 |
| 5 | .11043 | 55 | 1.13470 |
| 6 | .10669 | 56 | 1.24073 |
| 7 | .10376 | 57 | 1.35719 |
| 8 | .10167 | 58 | 1.48455 |
| 9 | .10084 | 59 | 1.62403 |
| 10 | .10168 | 60 | 1.77650 |
| 11 | .10376 | 61 | 1.94238 |
| 12 | .10751 | 62 | 2.12333 |
| 13 | .11293 | 63 | 2.32107 |
| 14 | .11876 | 64 | 2.53768 |
| 15 | .12502 | 65 | 2.77608 |
| 16 | .13168 | 66 | 3.03928 |
| 17 | .13793 | 67 | 3.32978 |
| 18 | .14294 | 68 | 3.64685 |
| 19 | .14710 | 69 | 3.98676 |
| 20 | .15086 | 70 | 4.34500 |
| 21 | .15377 | 71 | 4.71692 |
| 22 | .15627 | 72 | 5.09967 |
| 23 | .15836 | 73 | 5.49760 |
| 24 | .16002 | 74 | 5.92258 |
| 25 | .16211 | 75 | 6.38757 |
| 26 | .16461 | 76 | 6.90619 |
| 27 | .16752 | 77 | 7.49028 |
| 28 | .17127 | 78 | 8.14300 |
| 29 | .17544 | 79 | 8.85700 |
| 30 | .18003 | 80 | 9.62445 |
| 31 | .18503 | 81 | 10.43681 |
| 32 | .19045 | 82 | 11.28617 |
| 33 | .19671 | 83 | 12.17113 |
| 34 | .20462 | 84 | 13.09630 |
| 35 | .21463 | 85 | 14.06747 |
| 36 | .22671 | 86 | 15.09034 |
| 37 | .24213 | 87 | 16.17587 |
| 38 | .26088 | 88 | 17.34343 |
| 39 | .28256 | 89 | 18.62108 |
| 40 | .30716 | 90 | 20.04580 |
| 41 | .33384 | 91 | 21.66244 |
| 42 | .36260 | 92 | 23.52590 |
| 43 | .39386 | 93 | 25.69963 |
| 44 | .42806 | 94 | 28.33894 |
| 45 | .46600 | 95 | 31.87147 |
| 46 | .50810 | | |
| 47 | .55482 | | |
| 48 | .60653 | | |
| 49 | .66366 | | |

#### Single Premium Endowment at 95
#### (Future Purchase Option and Option E)

| Attained Age | Rate Per $1,000 | Attained Age | Rate Per $1,000 |
|---|---|---|---|
| 0 | $ 95.87 | 50 | $429.57 |
| 1 | 95.70 | 51 | 441.89 |
| 2 | 98.05 | 52 | 454.36 |
| 3 | 100.63 | 53 | 466.98 |
| 4 | 103.38 | 54 | 479.73 |
| 5 | 106.28 | 55 | 492.61 |
| 6 | 109.35 | 56 | 505.59 |
| 7 | 112.59 | 57 | 518.65 |
| 8 | 115.99 | 58 | 531.78 |
| 9 | 119.56 | 59 | 544.96 |
| 10 | 123.28 | 60 | 558.16 |
| 11 | 127.15 | 61 | 571.37 |
| 12 | 131.15 | 62 | 584.56 |
| 13 | 135.28 | 63 | 597.71 |
| 14 | 139.53 | 64 | 610.80 |
| 15 | 143.89 | 65 | 623.81 |
| 16 | 148.37 | 66 | 636.69 |
| 17 | 152.96 | 67 | 649.41 |
| 18 | 157.69 | 68 | 661.92 |
| 19 | 162.56 | 69 | 674.19 |
| 20 | 167.59 | 70 | 686.21 |
| 21 | 172.80 | 71 | 697.98 |
| 22 | 178.20 | 72 | 709.53 |
| 23 | 183.79 | 73 | 720.92 |
| 24 | 189.61 | 74 | 732.19 |
| 25 | 195.65 | 75 | 743.34 |
| 26 | 201.92 | 76 | 754.37 |
| 27 | 208.43 | 77 | 765.22 |
| 28 | 215.19 | 78 | 775.83 |
| 29 | 222.20 | 79 | 786.13 |
| 30 | 229.47 | 80 | 796.10 |
| 31 | 237.00 | 81 | 805.72 |
| 32 | 244.80 | 82 | 815.02 |
| 33 | 252.89 | 83 | 824.06 |
| 34 | 261.26 | 84 | 832.91 |
| 35 | 269.92 | 85 | 841.66 |
| 36 | 278.86 | 86 | 850.43 |
| 37 | 288.07 | 87 | 859.36 |
| 38 | 297.56 | 88 | 868.64 |
| 39 | 307.29 | 89 | 878.54 |
| 40 | 317.27 | 90 | 889.42 |
| 41 | 327.48 | 91 | 901.85 |
| 42 | 337.93 | 92 | 916.75 |
| 43 | 348.61 | 93 | 935.68 |
| 44 | 359.53 | 94 | 961.55 |
| 45 | 370.68 | | |
| 46 | 382.06 | | |
| 47 | 393.64 | | |
| 48 | 405.43 | | |
| 49 | 417.41 | | |

Children's Benefit Rider Monthly Cost of Insurance Rate per $1,000.00: $.5000.

## MINIMUM DEATH BENEFIT TABLE

The Insured's Death Benefit will never be less than
the following percentage of the policy's cash value.

| Insured's Attained Age at the Beginning of the Policy Year | Percentage | Insured's Attained Age at the Beginning of the Policy Year | Percentage |
|---|---|---|---|
| 40 or less | 250 | 61 | 128 |
| 41 | 243 | 62 | 126 |
| 42 | 236 | 63 | 124 |
| 43 | 229 | 64 | 122 |
| 44 | 222 | 65 | 120 |
| 45 | 215 | 66 | 119 |
| 46 | 209 | 67 | 118 |
| 47 | 203 | 68 | 117 |
| 48 | 197 | 69 | 116 |
| 49 | 191 | 70 | 115 |
| 50 | 185 | 71 | 113 |
| 51 | 178 | 72 | 111 |
| 52 | 171 | 73 | 109 |
| 53 | 164 | 74 | 107 |
| 54 | 157 | 75 through 90 | 105 |
| 55 | 150 | 91 | 104 |
| 56 | 146 | 92 | 103 |
| 57 | 142 | 93 | 103 |
| 58 | 138 | 94 | 101 |
| 59 | 134 | 95 | 100 |
| 60 | 130 | | |

## PREMIUM, GRACE PERIOD AND REINSTATEMENT PROVISIONS

**Payment of Premiums.** The Initial Premium is due on the Policy Date and is payable in advance. The amounts and frequency of Planned Periodic Premium payments are shown in the Policy Schedule. Policy anniversaries occur annually and are computed from the Policy Date.

The policy will not take effect until it has been delivered and the Initial Premium has been paid prior to death and prior to any change in health of any person to be insured as shown in the application.

The Initial Premium is payable at the Home Office or to an authorized agent. All other premiums are payable at our Home Office. Receipts will be furnished upon request.

Planned Periodic Premium payments of $25.00 or more may be made on an annual, semi-annual, quarterly or monthly basis, subject to the company's rules in effect at the time of payment. Changes in frequency and increases or decreases in amount of Planned Periodic Premium payments may be made by the Owner. We reserve the right to limit the amount of any increase.

Additional premium payments may be made at any time during the continuance of this policy. We reserve the right to limit the number and amount of additional premium payments.

In no event shall the premium paid into this policy exceed any limit set by law. If a premium is paid that is above such a limit, one of two things will happen:

1. If this policy has an annuity rider, the part of the premium that is above the limit will be paid with interest into the annuity rider, or refunded with interest upon the written request of the owner.

2. If no annuity rider is attached to this policy, any premium above the limit will be refunded to the owner.

**Grace Period.** A grace period of 61 days will be granted if the cash value is not sufficient to cover the Cost of Insurance for the next following month. Notice of such premium will be mailed to the last known address of the Owner. If such premium is not paid within the grace period, all coverage under the policy will terminate without value at the end of the 61 day period. If a claim becomes payable by death during the grace period, any overdue Cost of Insurance will be deducted from the proceeds.

**Reinstatement.** If this policy terminates, as provided in the grace period section, it may be reinstated at any time within five years after the date of termination and prior to the Maturity Date. The reinstatement is subject to:

1. receipt of evidence of insurability satisfactory to us; and

2. payment of a minimum premium sufficient to keep the policy in force for two months.

The effective date of a reinstatement shall be the Monthly Anniversary Day that falls on or next follows the date the application for reinstatement is approved by us.

## OWNERSHIP, ASSIGNMENT AND BENEFICIARY PROVISIONS

**Owner.** While the Insured is alive, all rights in this policy belong to the Owner. All of the Owner's rights in this policy belong to the estate of the Owner if the Owner dies before the Insured. Owner means the Owner identified in the application or a successor in interest.

**Change of Owner.** The Owner may transfer all ownership rights and privileges to a new Owner only in writing on a form satisfactory to us. The change will be effective when recorded by us. Any payment made or any action taken or allowed by us before the change in ownership is recorded will be without prejudice to us. Unless provided otherwise, a change in ownership will not affect the interest of any Beneficiary.

**Assignment.** We will not be affected by any assignment of the policy until the assignment, on a form satisfactory to us, is filed with us. We do not assume responsibility for the validity or sufficiency of any assignment. The interest of any Beneficiary will be subject to the rights of any

assignee of record.

**Beneficiary.** The Beneficiary on the Policy Date will be as designated in the application. Unless provided otherwise, the interest of any Beneficiary who dies before the person insured will vest in the Owner or the Owner's estate.

**Change of Beneficiary.** The owner may change the beneficiary during the lifetime of the insured unless otherwise provided in a previous beneficiary designation. When the beneficiary is changed, any previous beneficiary designation will be automatically revoked. A request to change the beneficiary must be made in writing to the company's home office in a form acceptable to us and the change will be effective on the date proper notice is signed by the owner and any irrevocable beneficiary. However, we will have no liability for any action taken by it before the notice of change is received at its home office. The company reserves the right to require this policy for endorsement of any beneficiary change.

## GENERAL PROVISIONS

**The Policy.** This policy and application constitute the entire contract. Only the President, a Vice President, or the Secretary of the company have the authority to change, modify or waive any policy provisions.

**Nonparticipation.** This policy is nonparticipating. It will not share in our profits or surplus earnings. We will pay no dividends on this policy.

**Proceeds.** Proceeds means the amount payable: (1) on the Maturity Date; (2) on the surrender of this policy; or (3) after the death of an insured person.

The proceeds payable on the death of the Insured shall be the Insured's Death Benefit, less any indebtedness. The proceeds payable on the death of any person insured by rider shall be as provided in the rider. If the policy is surrendered the proceeds shall be the surrender value. On the Maturity Date the proceeds shall be the cash value. The proceeds are subject to any adjustments as provided for in the Error in Age or Sex, Incontestability and Suicide sections.

**Payment of Proceeds.** The proceeds are subject first to any indebtedness to us and then to the interest of any assignee of record. However, unless otherwise provided, the Death Benefit of any person insured by rider shall not be subject to any indebtedness to us. Payments to satisfy any indebtedness to us and any assignee shall each be paid in one sum. Unless an Optional Method of Settlement is elected, the balance of any Death Benefit shall be paid in one sum to the designated Beneficiary. If no Beneficiary survives, the proceeds shall be paid in one sum to the Owner, if living; otherwise to the estate of the Owner. Unless an Optional Method of Settlement is elected, any proceeds payable on the Maturity Date or upon surrender of this policy shall be paid to the Owner in one sum.

**Error in Age or Sex.** If there is an error in the age or sex of the Insured or any person insured by rider, the Proceeds and the Cash Value will be adjusted. The adjustment will be the difference between two amounts accumulated at interest. The two amounts are:

1. the Cost of Insurance deductions which were made; and

2. the Cost of Insurance deductions which should have been made.

The interest rates used will be the rates used when calculating the Cash Value.

**Suicide.** If the Insured commits suicide while sane or insane within two years from the effective date of any increase in insurance or any reinstatement, the total liability with respect to such increase or reinstatement shall be its cost.

**Not Contestable after Two Years.** All statements made in the application will in the absence of fraud be deemed representations and not warranties. Statements may be used to contest a claim or the validity of this policy only if: (1) they are contained in the application; (2) a copy of the application is attached to this policy when issued. Except for: (a) the insufficiency of the cash value to pay for the monthly cost of insurance; (b) any provisions granting benefits in event of total disability or accidental death, the validity of this policy will not be contestable after it has been in force during the lifetime of the insured for two years from the policy date.

**Annual Report.** We shall send a report to the Owner, at least once each year, which shows the current cash value, premiums paid and all charges since the last report and outstanding policy loans.

**Effective Date of Coverage.** The effective date of coverage under this policy shall be as follows:

1. The Policy Date shall be the effective date for all coverage provided in the original application.

2. For any increase or addition to coverage, the effective date shall be the Monthly Anniversary Day that falls on or next follows the date we approve the application.

3. For any insurance that has been reinstated, the effective date shall be the Monthly Anniversary Day that falls on or next follows the date we approve the application for reinstatement.

**Interest Before Settlement.** If the proceeds are not paid in one sum or under an Optional Method of Settlement within 30 days after they become payable, or the time provided by law, whichever is less, we will pay interest on the unpaid proceeds. Interest will accrue from the date the proceeds are payable to the date of payment, but not for more than one year. The rate of interest will be the rate then used by us but will not be lower than a yearly rate of 4 percent, or the rate provided by law, whichever is greater.

**Termination.** All coverage under this policy shall terminate when any one of the following events occur:

1. The Owner requests that coverage terminate.

2. The Insured dies.

3. The policy matures.

4. The grace period ends.

5. The policy is surrendered.

## INSURANCE COVERAGE PROVISIONS

**Death Benefit.** Subject to the provisions of this policy, the Insured's Death Benefit at any time prior to the Maturity Date shall be as follows:

Option 1.   If the Insured's Specified Amount includes the cash value, as shown in the Policy Schedule, the Insured's Death Benefit at any time shall equal the Insured's Specified Amount.

Option 2.   If the Insured's Specified Amount is in addition to the cash value, as shown in the Policy Schedule, the Insured's Death Benefit at any time shall be equal to the then cash value plus the Insured's Specified Amount.

The Insured's Death Benefit, however, will never be less than the percentage of the policy's cash value necessary to qualify this policy as life insurance under the definition set forth by the Internal Revenue Code of 1954, as

amended. The current percentage is shown in the Minimum Death Benefit Table which is attached to this policy.

The company will automatically make any changes in the Minimum Death Benefit Table that may be required by changes to the Internal Revenue Code. If this is done the following procedure will be used:

1. The company will notify the Owner of any change by mailing a new Minimum Death Benefit Table to the Owner.

2. The new Minimum Death Benefit Table will be mailed at least 30 days before the effective date shown on the table.

3. Any increase in the Insured's Death Benefit which is made because of this change will not be subject to evidence of insurability.

4. The Insured may elect not to accept the new Minimum Death Benefit Table. Such election must be made in writing and received in the Home Office prior to the effective date of the new table.

**Change in Type of Coverage.** The Owner, by written request, may change between Options 1 and 2 of the Death Benefit provision. Such change will be effective on the monthly Anniversary Day that falls on or next follows receipt of such request, subject to the following:

(a) If the change is from Option 1 to Option 2, the Insured's Specified Amount after such change shall be equal to the Insured's Specified Amount prior to such change, less the cash value on the date of change.

(b) If the change is from Option 2 to Option 1, the Insured's Specified Amount after such change shall be equal to the Insured's Specified Amount prior to such change plus the cash value on the date of the change.

**Changes in Insurance Coverage.** At any time after the first policy anniversary, insurance coverage may be increased or decreased by written request from the Owner to change the Insured's Specified Amount, subject to the following conditions:

1. Any decrease will become effective on the Monthly Anniversary Day that falls on or next follows receipt of the request. Any such decrease shall reduce insurance in the following order:

   a. against insurance provided by the most recent increase;

   b. against the next most recent increase successively; and

   c. against insurance provided under the original application.

2. The Insured's Specified Amount in effect after any requested decrease must be at least $50,000.

3. Any request for an increase, other than as a Future Purchase Option, must be applied for on a supplemental application. Such increase shall be subject to evidence

of insurability satisfactory to us. An increase shall also be subject to the sufficiency of the cash value to cover the total Cost of Insurance charge for the next month. Any increase will become effective on the next Monthly Anniversary Day after the approval.

**Application for Additional Insurance.** Additional insurance on the life of the Insured's spouse or child or other persons may be applied for by supplemental application. Approval of the additional insurance shall be subject to evidence of insurability satisfactory to us. Additional insurance shall also be subject to the sufficiency of the cash value to cover the Cost of Insurance charge for the next month. Such new insurance will be provided by rider and will become effective on the next Monthly Anniversary Day after approval.

**Exchange:** The Owner may, after 31 days written notice, exchange this policy without evidence of insurability for a new policy on any plan of insurance, except term insurance, issued by us at the time of exchange. This policy must be surrendered and the surrender charge deducted. The amount of insurance on the new policy may be for any amount up to, but not more than (a), plus (b), less (c), where:

(a) is the current amount of the Insured's Death Benefit under this policy.

(b) is the cash value of the new policy on the date of exchange.

(c) is the cash value of this policy prior to surrender.

All plans of insurance available for exchange are subject to plan requirements. Such new policy will be effective on the date of termination of this policy.

**Future Purchase Option.** The Owner may surrender this policy and apply the proceeds to purchase Single Premium Endowment at 95 insurance coverage on the Insured, under either Option A or Option B, subject to the following:

1. Under Option A, the Option Date is the policy anniversary following the Insured's 65th birthday. Written notice of election of Option A must be received by us at least 2 years prior to the Option Date.

2. Under Option B, the Option Date may be any date between the policy anniversary following the Insured's 55th birthday and the policy anniversary following the Insured's 65th birthday. Written notice of election of Option B must be received by us at least 30 days prior to the Option Date elected and must include proof that group life insurance coverage on the Insured has terminated or been reduced within 60 days prior to the Option Date elected.

3. The amount of Single Premium Endowment at 95 insurance that may be purchased without evidence of insurability shall be calculated as (a), plus (b), plus (c), less (d) where:

   (a) is the lesser of:

      (i) one-half of the Insured's Specified Amount; or

(ii) $50,000; or

(iii) under Option B, the amount of group life insurance coverage on the Insured within 60 days prior to the Option Date selected. This amount will be reduced by any amounts of such coverage continued by the exercise of any conversion rights under that group coverage.

(b) is the current amount of the Insured's Death Benefit under the policy.

(c) is the amount applied as a Single Premium for the new policy.

(d) is the then current cash value of this policy.

4. A larger amount of Single Premium Endowment at 95 coverage will be issued only upon submission of evidence of insurability satisfactory to us.

5. The date of issue of the new policy will be the Option Date; the new policy will take effect only if the Insured is living on the Option Date.

6. The Single Premium for the new policy will be based on the single premium rates then in effect, as determined by us. The single premium rates will not be greater than those shown in the Table of Guaranteed Maximum Insurance Rates, based on the Insured's age last birthday on the date of issue of the new policy.

7. This Future Purchase Option will terminate on the earliest of the following dates:

(a) the date a new policy is issued under either Option A or Option B; or

(b) the policy anniversary following the Insured's 65th birthday, if the Owner has not exercised the Future Purchase Option; or

(c) the date the policy terminates; or

(d) the date the policy is continued under an optional method of settlement.

## NONFORFEITURE PROVISIONS

**Net Premium.** A net premium is the premium paid, less the percentage of premium expense charge shown on the Policy Schedule.

**Cash Value.** On each Monthly Anniversary Day the Cash Value is equal to (a), plus (b), minus (c), plus (d), where:

(a) is the cash value on the preceding Monthly Anniversary Day.

(b) is all net premiums received since the preceding Monthly Anniversary Day.

(c) is the cost of insurance for the month preceding the Monthly Anniversary Day.

(d) is one month's interest on the result of item (a) less item (c).

On any day other than a Monthly Anniversary Day, the cash value shall be calculated as (e), plus (f), minus (g), where:

(e) is the cash value as of the preceding Monthly Anniversary Day.

(f) is all net premiums received since the preceding Monthly Anniversary Day.

(g) is the monthly deduction for the month following the preceding Monthly Anniversary Day.

The Cash Value on the Policy Date shall be the Initial Net Premium.

**Surrender Charge.** Surrender charges are shown in the Table of Surrender Charges.

If we approve a requested increase in the Specified Amount, the Surrender Charges for that policy year and for each policy year thereafter will be changed. For each policy year thereafter, the new surrender charge will be equal to (a) plus (b), where:

(a) is the surrender charge shown in the Table of Surrender Charges;

(b) is the surrender charge that would be applied to the increase in the Specified Amount if such increase were issued as a new policy on the effective date of the increase, for the insured's then attained age.

If the surrender charges are changed a new Table of Surrender Charges will be sent to the Owner.

There will be no surrender charge after the nineteenth policy year.

**Surrender Value.** The Surrender Value as of any date is equal to (a) minus (b) minus (c) plus (d), where:

(a) is the cash value;

(b) is any outstanding policy loan;

(c) is the surrender charge;

(d) is any unearned loan interest.

**Interest Rate.** The guaranteed interest rate applied in the calculation of the cash value is .32737 percent per month, compounded monthly. This is equal to 4 percent per year compounded yearly. Interest in excess of the guaranteed rate may be applied in the calculation of the cash value at such increased rates and in such manner as determined by us.

**Cost of Insurance.** The cost of insurance is determined on a monthly basis. It is the cost for this Policy plus the cost for any riders.

The cost of insurance for the Insured is calculated as (a) multiplied by the result of (b) minus (c), where:

(a) is the cost of insurance rate as described in the Cost of Insurance Rates section;

method of computation of cash values and reserves under

(a) is the cost of insurance rate as described in the Cost of Insurance Rates section;

(b) is the Insured's Death Benefit at the beginning of the policy month divided by 1.0032737;

(c) is the cash value at the beginning of the policy month.

If the cash value is included in the Specified Amount and there have been increases in the Death Benefit, then the cash value shall be first considered a part of the initial Specified Amount. If the cash value exceeds the Initial Specified Amount, it shall then be considered a part of additional Specified Amounts resulting from increases in the order of the increases.

**Cost of Insurance Rates.** The monthly cost of insurance rate is based on the sex, attained age, and rating class of the person insured. Attained age means age last birthday on the prior policy anniversary. Monthly cost of insurance rates will be determined by us from time to time based on our expectations as to future mortality experience. A change in the cost of insurance rates will apply to all persons of the same attained age, sex, and rating class and whose policies have been in effect for the same length of time. However, the cost of insurance rates will not be greater than those shown in the Table of Guaranteed Maximum Insurance Rates.

The guaranteed cost of insurance rates are based on the 1958 CSO Mortality Table, Age Last Birthday.

**Insufficient Cash Value.** If the cash value is not sufficient to cover the total Cost of Insurance charge for the next month, the policy shall terminate subject to the Grace Period section. Any deduction for the Cost of Insurance after termination of insurance shall not be considered a reinstatement of this policy or a waiver by us of the termination. Any such deduction shall be credited to the cash value as of the date of deduction.

**Basis of Computations.** Minimum cash values and reserves are based on the 1958 CSO Mortality Table, Age Last Birthday, with interest at 4 percent per year compounded yearly. Reserves are calculated using a modified preliminary term method, but are not less than CRVM reserves. Cash values are at least equal to those required on the Policy Date by the state in which this policy was delivered. Where required, a detailed statement of the method of computation of cash values and reserves under this policy has been filed with the insurance department of the state in which this policy was delivered.

**Continuation of Insurance.** In the event Planned Periodic Premium payments are not continued, insurance coverage under this policy and any benefits provided by rider will be continued in force.

Such coverage shall be continued until the cash value is insufficient to cover the cost of insurance, as provided in the Grace Period section. This provision shall not continue the policy beyond the Maturity Date nor continue any rider beyond the date for its termination, as provided in the rider.

**Surrender.** This policy may be surrendered at any time during the lifetime of the Insured upon written request by the Owner to us. The amount payable on surrender of this policy shall be the surrender value. The surrender value will be paid in cash or under an elected Optional Method of Settlement.

If surrender is requested under this section within 30 days of a policy anniversary, the surrender value shall not be less than the cash value on that anniversary, less the surrender charge, and less any withdrawals or loans made on or after such anniversary.

If this policy is surrendered, coverage shall terminate as of the next Monthly Anniversary Day. We reserve the right to defer the payment of the surrender value for the period permitted by law, but not for more than six months.

**Partial Surrender.** A Partial Surrender of this policy may be made at any time after the first policy year and during the lifetime of the Insured, by written request of the Owner. Such Partial Surrender may be any amount not to exceed the current surrender value.

When a Partial Surrender is made, the amount of the Partial Surrender will be deducted from the cash value. The Insured's Death Benefit shall be reduced by the amount of the Partial Surrender. No Partial Surrender will be allowed if the resulting Insured's Specified Amount would be less than $50,000. A fee of $25.00 shall be deducted from each Partial Surrender amount. We reserve the right to defer a Partial Surrender for the period permitted by law, but not for more than six months.

## LOAN PROVISIONS

**Cash Loans.** During the continuance of this policy, we will grant a loan against the policy provided: (a) a written loan agreement is executed; and (b) a satisfactory assignment of the policy to us is made. The policy will be the sole security for the loan. The amount of the loan with interest may not exceed the surrender value, as of the date of the policy loan. We reserve the right to defer a loan for the period permitted by law, but not for more than six months.

**Loan Interest.** Interest on any loan will be at the Policy Loan Rate shown in the Policy Schedule, payable annually in advance, except for any period for which we may charge interest at a lower Policy Loan Rate. We will give at least 30 days written notice to the Owner and to any assignee of record of any change in the Policy Loan Rate.

Interest not paid when due will be added to the loan and

bear interest at the same rate.

If at any time the total indebtedness against the policy, including interest, equals or exceeds the then cash value

less the surrender charge, the policy will become void, but not until 61 days after notice has been mailed to the last known address of the Insured, the Owner, and the assignee of record, if any.

## OPTIONAL METHODS OF SETTLEMENT

Upon written request, we will apply all or part of the net proceeds that may be payable under the policy in accordance with any one of the options below. Such options will be available only with our consent if:

1. The proceeds to be settled under any option are $2,500 or less;

2. Any installment or interest payment is $25 or less; or

3. Any payee is a corporation, partnership, association, trustee or assignee.

Before the death of an insured person, the request shall be made by the Owner. If an Optional Method of Settlement is not in effect at the death of an insured person, the request may then be made by the Beneficiary. Option E is available only while the Insured is alive.

**Option A: Annuity Certain.** We will pay a definite number of equal installments. The first installment will be payable on the date proceeds are settled under the option. The amount of each installment will be determined from the Option A Table. The Option A Table is based on a guaranteed interest rate of 4 percent per year compounded yearly.

### PAYMENT OPTION A

| Guaranteed Minimum Monthly Payment for each $1,000 of Proceeds Applied | | | | | |
|---|---|---|---|---|---|
| Years | Payment | Years | Payment | Years | Payment |
| 1 | $84.68 | 11 | $8.88 | 21 | $5.33 |
| 2 | 42.96 | 12 | 8.26 | 22 | 5.16 |
| 3 | 29.06 | 13 | 7.73 | 23 | 5.00 |
| 4 | 22.12 | 14 | 7.28 | 24 | 4.85 |
| 5 | 17.95 | 15 | 6.89 | 25 | 4.72 |
| 6 | 15.18 | 16 | 6.54 | 26 | 4.60 |
| 7 | 13.20 | 17 | 6.24 | 27 | 4.49 |
| 8 | 11.71 | 18 | 5.98 | 28 | 4.38 |
| 9 | 10.56 | 19 | 5.74 | 29 | 4.28 |
| 10 | 9.64 | 20 | 5.53 | 30 | 4.19 |

**Option B: Life Annuity with Certain Period.** Payments will be made for the lifetime of the payee for an amount shown in the following table. The payee must be a natural person and the amount of each payment will depend on the age of the payee at the time the first payment is due. Payment will be subject to satisfactory proof of the payee's age and the company may require proof that the payee is alive at the time each payment is due.

Life Income only: Payments for the life time of the payee, no guaranteed period.

Life Income, Guaranteed Period: Payments are guaranteed for 10, or 20 years, as elected, and for life thereafter.

If more favorable lifetime payment options are in use by the company at the time proceeds are payable, the more favorable options will be available for this policy.

**PAYMENT OPTION B — LIFE INCOME PAYMENTS**
**MONTHLY PAYMENT FOR EACH $1,000 OF PROCEEDS APPLIED**

| AGES | | | | | | | |
|---|---|---|---|---|---|---|---|
| Payee's Age | Life Income Only | Life 10 Yr. Guar. | Life 20 Yr. Guar. | Payee's Age | Life Income Only | Life 10 Yr. Guar. | Life 20 Yr. Guar. |
| 36 | $3.57 | $3.55 | $3.52 | 61 | $5.69 | $5.47 | $4.87 |
| 37 | 3.62 | 3.61 | 3.56 | 62 | 5.85 | 5.59 | 4.93 |
| 38 | 3.66 | 3.65 | 3.60 | 63 | 6.02 | 5.73 | 4.99 |
| 39 | 3.71 | 3.70 | 3.65 | 64 | 6.19 | 5.86 | 5.04 |
| 40 | 3.76 | 3.75 | 3.69 | 65 | 6.38 | 6.01 | 5.10 |
| 41 | 3.82 | 3.80 | 3.73 | 66 | 6.59 | 6.16 | 5.15 |
| 42 | 3.88 | 3.86 | 3.78 | 67 | 6.81 | 6.32 | 5.20 |
| 43 | 3.94 | 3.91 | 3.82 | 68 | 7.04 | 6.48 | 5.25 |
| 44 | 4.00 | 3.97 | 3.87 | 69 | 7.29 | 6.65 | 5.29 |
| 45 | 4.07 | 4.04 | 3.92 | 70 | 7.57 | 6.82 | 5.33 |
| 46 | 4.14 | 4.10 | 3.97 | 71 | 7.86 | 7.00 | 5.37 |
| 47 | 4.21 | 4.17 | 4.03 | 72 | 8.17 | 7.18 | 5.40 |
| 48 | 4.29 | 4.24 | 4.08 | 73 | 8.51 | 7.36 | 5.43 |
| 49 | 4.36 | 4.31 | 4.14 | 74 | 8.88 | 7.55 | 5.45 |
| 50 | 4.45 | 4.39 | 4.19 | 75 | 9.28 | 7.73 | 5.47 |
| 51 | 4.54 | 4.46 | 4.25 | 76 | 9.71 | 7.92 | 5.48 |
| 52 | 4.63 | 4.55 | 4.31 | 77 | 10.17 | 8.10 | 5.49 |
| 53 | 4.72 | 4.63 | 4.37 | 78 | 10.67 | 8.28 | 5.50 |
| 54 | 4.82 | 4.72 | 4.43 | 79 | 11.22 | 8.45 | 5.50 |
| 55 | 4.93 | 4.81 | 4.49 | 80 | 11.81 | 8.61 | 5.51 |
| 56 | 5.04 | 4.91 | 4.55 | 81 | 12.45 | 8.77 | 5.51 |
| 57 | 5.15 | 5.01 | 4.61 | 82 | 13.15 | 8.91 | 5.51 |
| 58 | 5.28 | 5.12 | 4.68 | 83 | 13.92 | 9.04 | 5.51 |
| 59 | 5.41 | 5.23 | 4.74 | 84 | 14.76 | 9.16 | 5.51 |
| 60 | 5.55 | 5.34 | 4.80 | 85* | 15.69 | 9.26 | 5.51 |
| | | | | * And Over | | | |

**Option C: As a Deposit at Interest.** We will retain the proceeds while the payee is alive and will pay interest yearly at a rate of not less than 4 percent per year.

**Option D: Installments Until Proceeds are Exhausted.** We will pay installments of specified amounts until the proceeds with any interest are exhausted. The first installment will be payable on the date proceeds are settled under the option. The installment amounts must be at least $120 per year per $1,000 of proceeds retained. Interest will be payable at a rate of not less than 4 percent per year compounded yearly.

**Option E: Single Premium Endowment at 95.** The Owner may surrender this policy at any time during the lifetime of the Insured and before the Insured's 95th birthday and apply the proceeds to purchase Single Premium Endowment at 95 insurance coverage on the Insured, subject to the following:

1. Written request for such coverage must be made to us.

2. The amount of Single Premium Endowment at 95

insurance that may be purchased without evidence of

**Additional Options.** Any proceeds payable under the

insurance that may be purchased without evidence of insurability shall be calculated as (a), plus (b), less (c), where:

(a) is the current amount of the Insured's Death Benefit under this policy.

(b) is the amount applied as a single premium for the new policy.

(c) is the then current cash value of this policy.

3. A larger amount of single Premium Endowment at 95 coverage will be issued only upon submission of evidence of insurability satisfactory to us.

4. The date of issue of the new policy will be the date that the Insured's coverage under this policy terminates.

5. The Single Premium for the new policy will be based on the single premium rates then in effect, as determined by us. The single premium rate will not be greater than those shown in the Table of Guaranteed Maximum Insurance Rates, based on the Insured's age last birthday on the date of issue of the new policy.

**Additional Options.** Any proceeds payable under the policy may also be settled under any other method of settlement offered by us at the time of the request.

**Excess Interest.** Excess interest as determined by us may be paid or credited from time to time in addition to the payments guaranteed under any Optional Method of Settlement.

**Proof Payee is Alive.** Prior to making any payment under an income option we shall have the right to require proof satisfactory to us that the payee is alive on the due date of each payment. In such case the payment shall not be due until we have received the proof required.

**Proof of Age.** Prior to making any payment under Option B, we shall require proof satisfactory to us of the payee's date of birth.

**Death of Payee.** On the death of the last payee, unless otherwise provided in the election or by subsequent beneficiary designation, we shall pay in one sum to such payee's estate any unpaid sum left with us under Options C or D, plus any unpaid interest. The commuted value of any remaining unpaid installments that are certain to be paid under Options A or B shall be paid in one sum to the payee's estate. The commuted value shall be on the basis of 4 percent per year compounded yearly.

CHECK APPROPRIATE ☐ Health Ins. **AMERICAN STATES INSURANCE COMPANY, INDIANAPOLIS, INDIANA**   FEB 2. 199

**1.** Proposed Insured's Name and Address

DENNIS E. DAVIS
(First) [REDACTED] (Last)

(Street) _____ [REDACTED]

(City) MIDDLETOWN, (State) Kentucky (Zip) 40243 (County) Jefferson

Proposed Insured's: [REDACTED] Phone [REDACTED]

Social Security No. [REDACTED]   Gross Earned Income $ _____ (Mo-Yr)

List sources and amounts of other Income.

NONE

**2.** (Name) _____ [REDACTED]   How Long? 10 YRS.

(Street) _____ [REDACTED]

(City) Louisville (State) Kentucky (Zip) _____ (County) JEFFERSON

Mailing Address ☒ Home ☐ Business ☐ Other

(List) _____

Job Title [REDACTED]   Occ. Class _____

Duties [REDACTED]

**3.**

| Persons to be Insured | Relationship | Sex | Age | Birthdate | Birthplace | Height | Weight |
|---|---|---|---|---|---|---|---|
| Proposed Insured | XXXXXXXXXX | M | [RED ACTED] | REDACTED | REDACTED | [REDAC TED] | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Do you contemplate change of occupation or foreign travel? ☐ Yes ☒ No

Marital Status [REDACTED]

Are all children listed living at the same place of permanent residence as the Proposed Insured?
☐ Yes   ☐ No — Explain _____

— INSURANCE COVERAGES APPLIED FOR —

**4.**

| Disability Income/Exec. Accident | Form # | Medical Expense |
|---|---|---|
| Monthly Disability Benefit $ | Benefit Period | Elimination Period |
| Other Benefits | | |

**5.** Life—Plan of Insurance Executive Masterplan NON-SMOKER

Face Amount $ 100,000   ☒ Waiver

Initial Deposit $ 77.75

Planned Contribution if U/L $ 77.75 C.O.M.   ☒ Basic ☐ Basic + C.V.

☐ Accidental Death $ _____   ☐ GIO $ _____

I ☒ Do ☐ Do Not desire the Automatic Premium Loan Provision

Other Benefits         Type         Amount

_____

_____

_____

**6.**

| Major Med., Hosp.-Medical-Surgical, or Hosp. Indemnity | Form # | Zone |
|---|---|---|
| Daily Room/Board | Maximum Benefit | Deductible |
| Other Benefits | | |

**7.** Annuity

Plan _____   Initial Deposit $ _____

Planned Contributions $ _____   ☐ IRA ☐ HR10 ☐ Other

Other Benefits _____

**8.** Premiums are to be payable: ☐ Annual ☐ Semi-Annual ☐ Quarterly ☐ Monthly ☒ Check-Matic $25 per month min.

**9.** Has any proposed insured received disability benefits or had an application for life or health insurance postponed, declined, rated up, canceled or modified? ☐ Yes ☒ No   If yes, explain _____

**9A.** Have you or a family member ever been told that you could not donate blood. ☐ Yes ☒ No

**10.** Paid with this application for proposed: Life insurance $ 77.75 ; Health insurance $ _____ ; Total $ _____

**11.** Additional Instructions: [REDACTED] ... M3 Davis and McStock ... [REDACTED]

**12.** Primary Beneficiary [REDACTED]   Relationship [REDACTED]

Primary Beneficiary Address [REDACTED]

Contingent Beneficiary [REDACTED]   Relationship _____

Contingent Beneficiary Address [REDACTED]

Insurance now in force or applied for on all proposed insureds (include employer or union plan and credit disability insurance.)

| Life—Companies | Face Amt. | Disability—Companies | Mon. Benefit | Benefit Per. | Health—Companies | DRB | Maj. Med. | Surg. |
|---|---|---|---|---|---|---|---|---|
| [REDACTED] | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

**14.** Is insurance applied for intended to replace or change other life, annuity or health insurance? ☐ YES ☒ NO

If "YES", circle coverage above and give policy number and date coverage terminates _____   Mo. / Yr.

**15.** Owner of policy if other than insured (if insured is under age 15 the policy owner will be the person signing as owner) _____

19-1212
(9-95)

FOR ALL INSUREDS — COMPLETE BACK

17. A. Are you currently using drugs not prescribed by a physician or have you ever received treatment or counseling for alcoholism or drug addiction?  A.
    B. Are you pregnant?  B.
    C. Has your weight changed in the past year? If "yes" give amount.  C.
    D. To the best of your knowledge and belief are you now free from disease and without deformity, loss or impairment of limb, sight, hearing or speech?  D.
    *thru 20, except 17.B.*

18. A. Have you flown as a pilot, student pilot or crew member of any aircraft in the past 3 years? (If yes, submit Aviation Questionnaire)  18. A.
    B. Have you engaged in or do you intend to engage in skin, scuba, or sky diving, hang gliding, vehicle or boat racing or mountain climbing?  B.
    C. Are you now covered by Medicare, or other medical or disability insurance?  C.

19. In the past ten years have you ever had or been told you had:  19.
    A. Epilepsy, nervous condition, severe headaches, paralysis, fainting, convulsions, or **any disorder** of the brain or nervous system?  A.
    B. High blood pressure, dizziness, shortness of breath, pain or pressure in the chest, heart attack, heart murmur, or **any disorder** of the heart, blood or blood vessels, including varicose veins and phlebitis?  B.
    C. Tuberculosis, asthma, bronchitis, emphysema or **any disorder** of the lungs, bronchial tubes, throat or respiratory systems?  C.
    D. Ulcer, indigestion, colitis, hernia, bleeding, or **any disorder** of the esophagus, stomach, intestines, rectum, gall bladder, or liver?  D.
    E. Sugar or albumin in the urine, infection, bleeding, or **any disorder** of the kidneys, urinary system, the prostate or reproductive organs?  E.
    F. Diabetes, gout, or any **disorder** of the thyroid, breast, or other glands?  F.
    G. **Any disorder** of the eyes, ears, skin, muscles, bones, or joints?  G.
    H. Cancer, "AIDS", "AIDS" related complex or "AIDS" related conditions?  H.
    I. Arthritis, rheumatism, or **any disorder** of the back or spine?  I.

20. During the past five years have you:  20.
    A. Consulted, been examined or treated by any physician or practitioner?  A.
    B. Had an X-ray, electrocardiogram or any laboratory test or study?  B.
    C. Had observation or treatment at a clinic, hospital, or sanitarium?  C.
    D. Had or been advised to have a surgical operation?  D.
    E. Had any disease, condition or disorder not indicated above?  E.
    F. Taken, or are you now taking any prescription drugs?  F.
    G. Had your driver's license revoked, suspended or restricted?  G.

| 22. | Person | Name and Address of Personal Physician(s) | Reason Consulted | Date |
|---|---|---|---|---|
| | | REDACTED | | |
| | | | | |

I/WE REPRESENT THAT the answers and statements in this application are complete and true to the best of my/our knowledge and belief. I/WE AGREE THAT:

A. The proposed insurance applied for will not become effective before any medical examination(s) required by the Company have been completed, and that any statement or answers given to a medical examiner shall along with the application become a part of any insurance policy issued.

B. If the full first premium* has been paid for the insurance applied for, Life insurance will take effect only as provided in the Conditional Receipt given me/us by the Company's agent. Health insurance will take effect on the date approved by the Company.

C. If the full first premium has not been paid for the insurance applied for, Life insurance will not take effect until: (1) the Company has approved the application; (2) the Company has issued the policy(ies); (3) the policy(ies) has (have) been delivered to me/us; and (4) The full first premium has been paid during my/our lifetime and while my/our health remains as indicated in the application. When such approval, issue, delivery and payment have occurred, the insurance will take effect on the later of the date of issue stated in the policy(ies) or the date of the full first premium payment.

D. No agent has the authority to change or waive any of the terms of this application, the Conditional Receipt, or the policy(ies) applied for.

E. If family coverage is applied for and coverage cannot be issued to the proposed insured, a policy, if issued, will be issued with the proposed insured's spouse as the principal insured.

*The "full first premium" is the correct premium for the premium payment mode selected, for the plan and amount of insurance applied for.*

AUTHORIZATION: I/WE authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person that has any records or knowledge of me or any family members to be covered, or of our health, to give to American States Life Insurance Company or its reinsurers any such information. A photographic copy of this authorization shall be as valid as the original.

Application dated at ___Louisville,___ ___Kentucky___ on ___August 24___, 19_87_
City                     State                      Date

AGENT'S CERTIFICATION
Do you have any knowledge or reason to believe that replacement or duplication of existing insurance may be involved? ☐ YES ☐ NO I certify that I have read the questions to the applicant(s) and have truly and accurately recorded herein the information supplied by them.

X _Dennis E Davis_
Signature Proposed Insured (Payor or guardian if Proposed Insured Under Age 15)

X _____
Signature Applicant (OWNER, If Other than Proposed Insured - Social Security No.)

X _____
Signature of Other Proposed Insured or Spouse (If to be insured under policy)

_____  16-8190-25
LICENSED RESIDENT AGENT  (Agent Number)

Part Two  Application to   **AMERICAN STATES LIFE INSURANCE COMPANY**   P.O. Box 7065   Indianapolis, Indiana 46207

Every question must be asked by the Medical Examiner and the answers recorded in ink in the Examiner's own handwriting. Please print names and addresses. The proposed insured must sign in the Examiner's presence. Examinations must be made in private.

1. Full name? Dennis E. Davis

2. Date of Birth? REDACTED

3. For how much insurance are you applying? 100,000

4. Have you lost 10 or more pounds during past 12 months? If "yes," give amount and cause of weight loss and number of months at present weight.  No

5. When did you last consult a physician or practitioner? REDACTED
Name ....................
Address ....................
Did symptoms, disease or injury cause the consultation? No
If "yes," give complete details.
If "no," give reason for, and results of, consultation.

6. 
| Family Record | LIVING | | | DEAD | |
|---|---|---|---|---|---|
| | Age | State of Health | Age at Death | Cause of Death | |
| Father | | | REDACTED | | |
| Mother | REDACTED | | | | |
| Brothers and Sisters | REDACTED | | | | |
| Number Living | REDACTED | | | | |
| Number Dead | REDACTED | | | | |

7. Have you ever been refused any form of Life or Health insurance or reinstatement or renewal thereof or been offered a modified policy or one with an extra premium? (If "yes," give details.)  No

8. Have you ever received compensation for sickness or injury or been deferred or discharged from military service for physical reasons? (If "yes," give details.)  REDACTED

Give complete information regarding affirmative answers to questions 9 through 17 under "Details" below. Specify conditions, severity, date, duration, frequency of attacks, aftereffects, and name and address of each doctor and of each hospital.

| | | Yes | No | DETAILS |
|---|---|---|---|---|
| 9. | Have you ever been treated for alcoholism or any drug habit? | ☐ | ☑ | |
| 10. | In the past 5 years have you: | REDACTED | REDACTED | |
| | a. used alcoholic beverages to excess or intoxication? | | | |
| | b. used barbiturates, sedatives or tranquilizers habitually, or used morphine or any narcotic drug? | | | |
| 11. | Have you ever been in a hospital, clinic, sanatorium or institution, for observation, diagnosis, operation or treatment? | | | |
| 12. | Have you ever had an X-ray, electrocardiogram, blood studies, or other diagnostic tests? | | | |
| 13. | To the best of your knowledge and belief have you ever had or been told that you had: | | | |
| | a. dizziness, fainting spells, epilepsy, loss of consciousness, nervous breakdown, mental illness, severe headaches, stroke, or any disease or disorder of the brain or nervous system? | | | |
| | b. asthma, hay fever, chronic cough, pleurisy, spitting of blood, tuberculosis, or any disease or disorder of the lungs or respiratory system? | | | |
| | c. rheumatic fever, high blood pressure, angina pectoris, chest pain or discomfort, shortness of breath, heart murmur, swelling of legs or ankles, or any disease or disorder of the heart or blood vessels? | | | |
| | d. stomach or duodenal ulcer, any disease or disorder of the stomach, intestines or bowel, rectum, appendix, liver, gall bladder, pancreas or spleen? | | | |
| | e. nephritis, kidney stone, or any diease of the kidneys, bladder or prostate? | | | |
| | f. anemia, arthritis, rheumatism, or any disease or disorder of the blood, glands, back, spine, bones, joints, muscles, skin or genital organs? | | | |
| | g. gout, diabetes, or sugar, albumin or blood in the urine? | | | |
| | h. goiter, cancer, or a tumor or ulcer of any kind, or syphilis? | | | |
| | i. varicose veins, varicose ulcers, phlebitis, or a hernia of any kind? | | | |
| | j. any disease or disorder of the eyes, ears, nose or throat? | | | |
| 14. | In the past 5 years have you consulted or been treated or examined by any physician or practitioner (a) not named above? or (b) for any cause not recorded above? | | | |
| 15. | have you now any abnormality, deformity, disease or disorder? | | | |
| 16. | are you receiving treatment or taking medication of any kind? | | | |
| 17. | Additional questions for women. a. have you ever had or been told that you had any tumor or disease of the breast or other female organs, menstrual irregularity or complications of pregnancy? b. was your last pregnancy normal? c. are you now pregnant? If "yes," how long? d. number of children? e. age of youngest? | | | REDACTED |

I hereby agree that the above questions and answers shall form a part of my pending application for insurance, and also of any subsequent application by me for insurance in this Company, unless I then undergo another medical examination which by its terms is made a part of such application and of subsequent applications.

Witness ....................    Dated this .... day of ............ 19....