UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS E. DAVIS,<br><br>    Plaintiff,<br><br> v.<br><br>SYMETRA LIFE INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. C21-0533-KKE<br><br>ORDER ON MOTIONS TO SEAL |

This matter comes before the Court on two unopposed motions to seal. The first motion (Dkt. No. 60) was filed by Plaintiff Dennis E. Davis and concerns Davis's motion for class certification, documents, and information filed in support of the motion, and the declaration of Scott J. Witt in support of the same. *Id.* The second motion (Dkt. No. 83) was filed by Defendant Symetra Life Insurance Company ("Symetra") and concerns documents and information filed in support of Symetra's opposition to Davis's motion for class certification (Dkt. No. 67), and Symetra's motion to exclude the opinion of expert Scott J. Witt (Dkt. No. 81). For the reasons set forth below, the Court grants both motions.

**I.  FACTS**

On April 11, 2022, the Court entered a stipulated protective order, which defined as confidential material "any confidential research, development, trade secret, or commercial information, or any other personal information of any Party or a Party's customer, provided that

ORDER ON MOTIONS TO SEAL - 1

the Party or third-party has made efforts to maintain confidentiality that are reasonable under the circumstances[.]" Dkt. No. 43 at 2.  The parties agree the documents that they ask the Court to seal are subject to the protective order.  *See* Dkt. No. 60 at 3, Dkt. No. 87 at 2, Dkt. No. 83 at 2.

## II.  LEGAL STANDARD

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  For most judicial records, a party seeking to seal "bears the burden of overcoming this strong presumption by meeting the *compelling reasons* standard.  That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]"  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up) (emphasis added).  If the court decides to seal certain records, "it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A compelling reason to seal court records may exist when they could become "a vehicle for improper purposes," such as being used to release trade secrets.  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Compelling reasons may also exist "if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing."  *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *1 (W.D. Wash. Nov. 12, 2012) (cleaned up).

Under the local rules of this District, a party filing a motion to seal is required to provide

> a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the

ORDER ON MOTIONS TO SEAL - 2

relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3)(B). When, as here, parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B)[]. Instead, the party who designated the document confidential must satisfy subpart (3)(B)." LCR 5(g)(3)(B).

### III. DAVIS'S MOTION TO SEAL

Davis filed a motion to seal certain documents on December 19, 2023 (Dkt. No. 60), and subsequently re-noted the motion for March 1, 2024 (Dkt. No. 69). Davis requests the Court seal the Witt declaration (Dkt. No. 63), along with exhibits 3 and 39–52 attached thereto, and the unredacted version of Plaintiff's motion for class certification (Dkt. No. 67). Dkt. No. 60.

Symetra supports Davis's motion. Dkt. No. 87 at 2. Referring to exhibits attached to the Witt declaration (Dkt. No. 63), Symetra asks the Court "to maintain portions of exhibits 3, 39, 40, and 52, and the entirety of exhibits 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 51, under seal." *Id.* at 10–11. Symetra also requests that the Court "maintain the existing redactions in [Davis]'s motion for class certification and the Witt Report, which contain information derived from these sealed exhibits." *Id.*

Symetra places the documents to be sealed into two general categories: "Symetra's internal actuarial and pricing information" (Dkt. No. 87 at 8) and "Symetra's confidential marketing materials" (*id.* at 9). As to the first category, consisting of portions of exhibit 3, 39–47, 51, and 52 attached to the Witt declaration, Symetra explains that maintaining these documents under seal is critical to its private business interests, and that competitors could use the information in these documents to harm Symetra's business interests, including by using the information "to reverse

ORDER ON MOTIONS TO SEAL - 3

engineer Symetra's pricing practices[.]" *Id.* at 8. Symetra also demonstrates that it has "explored all reasonable alternatives to filing a document under seal and that less restrictive alternatives are insufficient to protect the confidential information at issue." *Id.* at 10. The Court finds Symetra has met the requirements of Local Civil Rule 5(g)(3)(B) and has shown compelling reasons support the sealing of these documents because the public release of this information would put Symetra at a competitive disadvantage.

As to the second category of documents, Symetra states "[e]xhibits 48, 49, and 50 [attached to the Witt declaration] are brochures containing Symetra's confidential marketing and advertising materials that address Symetra's proprietary COI rate information." Dkt. No. 87 at 9. Symetra argues these documents "should be maintained as confidential non-public information regarding marketing and advertising strategies." *Id.* The Court finds Symetra has met the requirements of Local Civil Rule 5(g)(3)(B) and has shown compelling reasons support the sealing of these documents because the public release of these documents would harm Symetra's business interests if revealed. *See Clean Crawl, Inc. v. Crawl Space Cleaning Pros, Inc.*, No. C17-1340 BHS, 2019 WL 6829886, at *2 (W.D. Wash. Dec. 13, 2019).

The Court accepts Davis's representation that the parties met and conferred in compliance with Local Civil Rule 5(g)(3)(A). Dkt. No. 60 at 4. The Court also accepts Davis's representation that "[n]o alternatives [to sealing] are adequate because the information, descriptions of information, or documents, are needed to adequately convey Plaintiff's argument." *Id.* at 3.

The Court understands the parties agree on the scope of the redactions as reflected in the attachments to Symetra's response (Dkt. Nos. 87-2, 87-3, 87-4, 87-5). Accordingly, the Court grants Davis's motion to seal the following, as reflected in Symetra's response and the attachments thereto:

1) Certain redacted portions of Plaintiff's motion for class certification (Dkt. No. 61);

ORDER ON MOTIONS TO SEAL - 4

2) Certain redacted portions of Scott J. Witt's declaration and report (Dkt. No. 63);

3) The entirety of Exhibits 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, and 51 attached to the Witt declaration (Dkt. No. 63);[1] and

4) The highlighted portions of Exhibits 3, 39, 40, and 52 attached to the Witt declaration, as reflected in Symetra's briefing (Dkt. Nos. 87-2, 87-3, 87-4, 85-5).

### IV.  SYMETRA'S MOTION TO SEAL

Symetra filed a motion to seal additional documents on February 21, 2024.  Dkt. No. 83. As noted *supra*, the motion is unopposed.  Symetra requests the Court seal:

1) Certain portions of Symetra's motion to exclude expert testimony of Scott J. Witt (Dkt. No. 81);

2) Certain portions of Symetra's opposition to Davis's motion for class certification (Dkt. No. 80);

3) The entirety of exhibits 2 and 3 attached to the declaration of Laura L. Geist (Dkt. Nos. 82-2, 82-3);

4) Certain portions of exhibits 4, 6, and 7 attached to the Geist declaration (Dkt. Nos. 82-4, 82-6, 82-7); and

5) The entirety of exhibits B, C, D, E, F, G, H, I, J, K, and L, attached to the expert report of Craig Reynolds (Dkt. No. 85-5, 85-6, 85-7, 85-8, 85-9, 85-10, 85-11, 85-12, 85-13, 85-14, 85-15).

Dkt. No. 83-1.

---

[1] Symetra's proposed order references the declaration of Philip Hughes.  Dkt. No. 87-1 at 1.  However, the Court interprets this as a scrivener's error, as the Court understands the parties' briefing to refer to the attachments to the declaration of Scott J. Witt (Dkt. No. 63).  This conclusion is supported by the fact that attached to Symetra's response are four redacted versions of exhibits attached to Scott J. Witt's declaration (*see* Dkt. No. 68), and the fact that there is no declaration of Philip Hughes on this docket that includes attached exhibits.

ORDER ON MOTIONS TO SEAL - 5

Symetra states these documents "consist of or are derived from confidential and proprietary business information about Symetra's practices for pricing and maintenance of its insurance products[.]" Dkt. No. 83 at 8. Symetra states information in these documents "is highly sensitive and highly valuable to Symetra's competitors, who could use this information to not only improve their own product development but inform their business growth strategy in order to outcompete Symetra." *Id*. Symetra explains that the public disclosure of this information would harm Symetra's competitive standing. *Id.* at 8–9. The Court accepts Symetra's representation that the parties agreed to limit the need to file documents under seal to only the extent necessary to protect Symetra's sensitive information, and that less restrictive alternatives are insufficient to protect the confidential information at issue. *Id*. at 10. The Court finds Symetra has satisfied the requirements of Local Civil Rule 5(g)(3)(B) and has shown that compelling reasons justify the sealing of these documents because the public release of these documents would harm Symetra's business interests if revealed.

The Court accepts Symetra's representation that the parties met and conferred in compliance with Local Civil Rule 5(g)(3)(A). Dkt. No. 83 at 6. Accordingly, Symetra's motion is granted.

### V. CONCLUSION

For these reasons, the Court GRANTS Davis's motion to seal (Dkt. No. 60) and GRANTS Symetra's motion to seal (Dkt. No. 83).

Dated this 27th day of March, 2024.

Kymberly K. Evanson
United States District Judge