The Honorable Kymberly K. Evanson

1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9   DENNIS E. DAVIS, individually and on behalf of
    all others similarly situated,
10
11                    Plaintiff,          NO. 2:21-cv-00533-KKE

12   v.                                   **PLAINTIFF'S UNOPPOSED
                                          MOTION PURSUANT TO RULE
13   SYMETRA LIFE INSURANCE COMPANY,      23(E) FOR PRELIMINARY
     Defendant.                           APPROVAL OF CLASS ACTION
14                                        SETTLEMENT AND TO PERMIT
                                          ISSUANCE OF NOTICE TO
15                                        SETTLEMENT CLASS**

16
17                                        NOTE ON MOTION CALENDAR:
                                          JANUARY 31, 2025
18

19

20

21

22

23

24

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 2:21-cv-00533-KKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF THE LITIGATION ................................................................. 3

   A.  The Claims ..................................................................................................... 3

   B.  Procedural History ........................................................................................ 4

   C.  Settlement Negotiations ................................................................................ 6

III. SUMMARY OF THE SETTLEMENT .............................................................. 7

IV. THE SETTLEMENT CLASS ............................................................................ 8

V.  ISSUING NOTICE TO THE CLASS IS JUSTIFIED. ...................................... 8

   A.  Standard for Issuance of Notice ................................................................... 8

   B.  The Proposed Settlement Is Fair, Reasonable, and Adequate Pursuant to the Rule 23(e) and Ninth Circuit Factors. ............................................................... 10

      1.  The Class Representative and Class Counsel Have Provided Excellent Representation to the Class. ...................................................................... 10

      2.  The Settlement Is the Product of Arm's Length Negotiations. ............... 13

      3.  The Relief Provided by the Settlement Is Excellent ............................... 14

      4.  The Settlement Treats Class Members Equitably Relative to Each Other, Supporting Approval of the Settlement. ................................................. 19

   A.  Standard for Certifying Settlement Class. .................................................. 20

   B.  The Settlement Class Satisfies the Requirements of Rule 23 ..................... 20

      1.  The Settlement Class meets each of the requirements of Rule 23(a). ..... 20

      2.  The Settlement Class meets the requirements of Rule 23(b)(3). ............ 21

VI. THE COURT SHOULD APPOINT STUEVE SIEGEL AND SCHIRGER FEIERABEND AS INTERIM CLASS COUNSEL. ......................................... 23

VII. THE NOTICE SATISFIES RULE 23 AND DUE PROCESS REQUIREMENTS. ......... 23

VIII. THE COURT SHOULD APPOINT ANALYTICS AS SETTLEMENT ADMINISTRATOR. ....................................................................................... 24

IX. PROPOSED TIMELINE OF EVENTS ........................................................... 25

X.  CONCLUSION ................................................................................................ 25

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - i
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

# TABLE OF AUTHORITIES

3

## Cases

4

*Abadilla v. Precigen, Inc.*,
   2023 WL 7305053 (N.D. Cal. Nov. 6, 2023) ........................................................ 10, 14, 19

5

*Advance Tr. & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co.*,
   2022 WL 911739 (D. Minn. Mar. 29, 2022) ........................................................ 21

6

7

*Am. Airlines, Inc v. Wolens*,
   513 U.S. 219 (1995) ........................................................ 22

8

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ........................................................ 10, 22, 23

9

10

*Andrade-Heymsfield v. NextFoods, Inc.*,
   2024 WL 3871634 (S.D. Cal. Apr. 8, 2024) ........................................................ 13

11

*Boeing Co. v. Van Gemert*,
   444 U.S. 472 (1980) ........................................................ 17

12

13

*Campbell v. Facebook, Inc.*,
   951 F.3d 1106 (9th Cir. 2020) ........................................................ 9

14

*Churchill Vill. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ........................................................ 9

15

16

*Corker v. Costco Wholesale Corp.*,
   2021 WL 2790518 (W.D. Wash. June 25, 2021) ........................................................ 18

17

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) ........................................................ 24

18

19

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ........................................................ 21

20

*Forsyth v. HP Inc.*,
   2024 WL 1354551 (N.D. Cal. Mar. 29, 2024) ........................................................ 13

21

22

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ........................................................ passim

23

*In re Apple Inc. Device Performance Litig.*,
   50 F.4th 769 (9th Cir. 2022) ........................................................ 8

24

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ........................................................ 17, 18

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - ii
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

*In re Hyundai & Kia Fuel Econ. Litig.*,
  926 F.3d 539 (9th Cir. 2019) ..................................................................................... 9

*In re Lincoln National COI Litigation*,
  620 F. Supp. 3d 230 (E.D. Pa. 2022) ........................................................................ 6

*In re Valve Antitrust Litig.*,
  2024 WL 4893373 (W.D. Wash. Nov. 26, 2024) ...................................................... 20

*Jabbari v. Farmer*,
  965 F.3d 1001 (9th Cir. 2020) ................................................................................... 23

*Karr v. Kansas City Life Insurance Co.*,
  2024 WL 4280503 (Mo. App. W.D. Sept. 24, 2024) ............................................... 11

*Kastel v. Cascade Living Grp. Mgmt., LLC*,
  2024 WL 3565771 (W.D. Wash. July 29, 2024) ...................................................... 15

*Kim v. Allison*,
  8 F.4th 1170 (9th Cir. 2021) ....................................................................................... 9

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ............................................................................. 13, 15

*Lopez v. Velocity Transp. LLC*,
  2024 WL 4957565 (S.D. Cal. Dec. 3, 2024) ............................................................ 14

*Ludlow v. Flowers Foods, Inc.*,
  2024 WL 1162049 (S.D. Cal. Mar. 18, 2024) .......................................................... 17

*Lytle v. Nutramax Laboratories, Inc.*,
  99 F.4th 557 (9th Cir. 2024) ....................................................................................... 5

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .............................................................................. 13

*Niewinski v. State Farm Life Ins. Co.*,
  2023 WL 11984134 (W.D. Mo. Oct. 18, 2023) ............................................. 12, 16, 19

*Norem v. Lincoln Benefit Life Co.*,
  737 F.3d 1145 (7th Cir. 2013) ................................................................................... 15

*Onitverso v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) ............................................................................... 13

*Paredes Garcia v. Harborstone Credit Union*,
  2023 WL 7412842 (W.D. Wash. Nov. 9, 2023) ....................................................... 16

*Roes, 1-2 v. SFBSC Mgmt., LLC*,
  944 F.3d 1035 (9th Cir. 2019) ................................................................................... 24

*Rogowski v. State Farm Life Ins. Co.*,
  2023 WL 5125113 (W.D. Mo. Apr. 18, 2023) ............................................... 12, 16, 19

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - iii
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Sanchez v. Mohawk Indus., Inc.*,
　2024 WL 4556094 (E.D. Cal. Oct. 23, 2024)........................................................................ 13

*Schmitt v. Kaiser Found. Health Plan of Washington*,
　2024 WL 1676754 (W.D. Wash. Apr. 18, 2024) .................................................................. 18

*Spegele v. USAA Life Ins. Co.*,
　2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ............................................................... 12, 16

*Staton v. Boeing Co.*,
　327 F.3d 938 (9th Cir. 2003) ................................................................................................... 9

*Taylor v. Populus Grp., LLC*,
　2022 WL 3045366 (S.D. Cal. Aug. 2, 2022) ........................................................................ 13

*Tuttle v. Audiophile Music Direct, Inc.*,
　2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) .................................................................. 15

*Tuttle v. Audiophile Music Direct, Inc.*,
　2023 WL 3318699 (W.D. Wash. May 9, 2023) ..................................................................... 20

*Tyson Foods, Inc. v. Bouaphakeo*,
　577 U.S. 442 (2016) .............................................................................................................. 22

*Vogt v. State Farm Life Ins. Co.*,
　963 F.3d 753 (8th Cir. 2020) ................................................................................................. 11

*Vogt v. State Farm Life Ins. Co.*,
　2018 WL 1955425 (W.D. Mo. Apr. 24, 2018) ...................................................................... 22

*Wal-Mart Stores, Inc. v. Dukes*,
　564 U.S. 338 (2011) ................................................................................................................ 9

*Wells Fargo Collateral Prot. Ins. Litig.*,
　2019 WL 6219875 (C.D. Cal. Nov. 4, 2019) ....................................................................... 19

*Whitman v. State Farm Life Ins. Co.*,
　2022 WL 4081916 (W.D. Wash. Sept. 6, 2022) ................................................................... 15

*Whitman v. State Farm Life Ins. Co.*,
　2021 WL 4264271 (W.D. Wash. Sept. 20, 2021) ..................................................... 20, 21, 22

*Williams v. PillPack LLC*,
　2024 WL 4574563 (W.D. Wash. Sept. 17, 2024) ................................................................. 16

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... passim

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - iv
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# I.    INTRODUCTION

Plaintiff Dennis E. Davis brought this Action against Defendant Symetra Life Insurance Company for allegedly breaching the terms of his standardized universal life insurance policy and those with materially identical terms by deducting cost of insurance ("COI") charges in amounts greater than the Policies authorized.[1] Specifically, Plaintiff alleges that Symetra breaches the Policies' express terms in two ways: (1) by using unauthorized and undisclosed factors to compute the monthly COI rates under the Policies; and (2) by failing to reduce monthly COI rates when Symetra's expectations as to future mortality experience improved. *See* Dkt. 1 (hereinafter, "Compl.") ¶¶47-59.

Now, after more than three years of intensive and contentious litigation, culminating in several pending dispositive motions—Plaintiff's motion for class certification and Symetra's motions for summary judgment and to exclude Plaintiff's expert—the Parties have agreed to an 11-state class settlement (the "Settlement"). They have executed a binding Settlement Agreement ("Agreement"; attached as **Exhibit 1**), under which Symetra will pay $32,500,000 into a non-reversionary Settlement Fund that will be used to provide payments to members of the Settlement Class in amounts representing a material portion of the alleged overcharges they each suffered. *See* Declaration of Patrick J. Stueve, ¶¶26-27 (hereinafter, "Stueve Decl."). As explained below, the Agreement is an excellent result for the Settlement Class and should ultimately be approved as fair, reasonable, and adequate.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the first step in effectuating the terms of the Settlement is to issue notice to the Settlement Class. Under Rule 23(e), directing notice to a settlement class is justified where the court concludes it will likely be able to (1) approve the settlement as fair, reasonable, and adequate, and (2) certify the settlement class for purposes of judgment on the settlement. Notice to the Settlement Class should issue here because the terms of the Agreement are a fair, reasonable, and adequate settlement of the claims asserted

---

[1] All capitalized terms in the Motion have the same meanings ascribed to them in the Agreement.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 1
Case No. 2:21-cv-00533-KKE

**Tousley Brain Stephens PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

in this litigation, and the proposed Settlement Class satisfies the requirements of Rule 23. The Agreement is the product of arm's length negotiations between sophisticated Parties with the assistance of a highly respected neutral mediator and was reached only after significant discovery and motions practice. The pre-settlement risks that Plaintiff and the similarly situated policyholders would not ultimately be able to prove Defendant's liability or the damages resulting from the alleged contract breaches or overcome Defendant's defenses make the non-reversionary cash Settlement Fund in the amount of $32,500,000 an excellent result for the Settlement Class.

The Settlement Fund will pay (1) all payments to Settlement Class Members; (2) fees and expenses incurred in providing Class Notice and administering the Settlement including those incurred by the Settlement Administrator; (3) any attorneys' fees and reimbursement of expenses awarded by the Court; and (4) any service award to Plaintiff awarded by the Court. Importantly, Settlement Class Members are not required to submit a claim or otherwise perform any steps to receive this relief. Settlement checks will be issued upon final approval of the Settlement. Finally, dissemination of the Class Notice by first-class mail is appropriate, and the Parties have engaged a third-party administrator with extensive experience in this area, Analytics LLC ("Analytics"), to administer the Settlement and Class Notice plan. *See* Declaration of Richard W. Simmons, ("Simmons Decl.").

Accordingly, pursuant to Rule 23(e), Plaintiff requests that the Court: preliminarily approve the Settlement and permit the issuance of Class Notice to the Settlement Class; appoint Stueve Siegel Hanson LLP and Schirger Feierabend LLC as Class Counsel under Rule 23(g)(3); approve the form and manner of notice to the Settlement Class; appoint Analytics to administer the Class Notice plan and to fulfill the duties of the Settlement Administrator as outlined in the Agreement; and schedule a Fairness Hearing to determine whether the Settlement should be finally approved.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 2
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## II.    SUMMARY OF THE LITIGATION

2

### A.  The Claims.

3      Plaintiff owns an "Adjustable Life Policy" issued by American States Life Insurance

4 Company, which merged into Symetra, making Symetra the effective and liable insurer of

5 Plaintiff's policy and the Policies in the Settlement Class. Compl., ¶¶11-12. The Policies are valid

6 and enforceable contracts between each policyholder and Symetra. *Id.*, ¶15; *see also* Dkt. 1-1 at

7 2.[2] The Policies' terms are not subject to individual negotiation, cannot be altered by an agent,

8 and are materially the same for all policyholders. Compl., ¶¶17-18.

9      The Policies are "universal life" insurance products, which are sold as permanent life

10 insurance providing both a death benefit and an investment feature that allows the owner to pay

11 premiums into a policy account called the Cash Value. *Id.*, ¶20. The monthly calculation of the

12 Cash Value is set forth in the Policies. *Id.*, ¶22. The Cash Value can grow over time with

13 additional premium payments and applicable interest as identified in the Policies. *Id*. The Policies

14 describe the formula for calculation of the Cash Value each month. *Id.*

15      If the Cash Value is not sufficient to cover the COI charge, then the life insurance

16 terminates. Dkt. 1-1 at 16. The Policies provide that the COI charge is determined by multiplying

17 the monthly COI rate by the Policies' net amount at risk, which is the amount the death benefit

18 exceeds the Cash Value (*i.e.*, the amount of its own funds Symetra must pay if the insured dies).

19 *See* Compl., ¶24. The Policies state that the COI rate "is based on the sex, attained age, and rating

20 class of the person insured" and "will be determined by us from time to time based on our

21 expectations as to future mortality experience." *Id.*, ¶25.

22      Plaintiff alleges that Symetra breached the terms of these Policies in two ways.

23      First, Plaintiff alleges that where the factors specified in the COI rates provision of the

24 Policies (sex, age, and rating class) are characteristics known to define an insured's mortality risk

25 and where Symetra promises COI rates will be determined based on Symetra's expectations as

26

---

[2] Page numbers are to ECF-generated page numbers, unless otherwise indicated.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 3
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

to future mortality experience, that the Policies do not authorize Symetra to use unlisted, non-mortality factors to determine policyholders' COI rates. *Id.*, ¶¶26-28. Plaintiff alleges that despite lacking authorization, Symetra uses unlisted, non-mortality factors to load the COI rates to recover expenses and additional profits through the COI charge in breach of the Policies' COI rates provisions. *Id.*, ¶¶29-34, 47-54.

Second, Plaintiff alleges that Symetra was required to lower COI rates when its expectations as to future mortality experience improved. *Id.*, ¶¶56-57. Plaintiff alleges that Symetra's mortality expectations improved, however, Symetra failed to lower its COI rates in breach of the Policies' COI rates provisions. *Id.*, ¶¶55-59.

Plaintiff asserts that these failures give rise to four claims: breach of contract, conversion, violation of the Washington Consumer Protection Act, and declaratory and injunctive relief. *Id.*, ¶¶47-79.

**B. Procedural History.**

On April 20, 2021, Plaintiff commenced this action with the filing of his class action complaint. Over the next three years, the parties engaged in substantial discovery. Plaintiff served 23 interrogatories and 61 requests for production on Symetra. Stueve Decl., ¶14. The Parties participated in a multi-year meet-and-confer process regarding Symetra's discovery responses, resulting in numerous supplementations of interrogatory responses and document productions. *Id.*, ¶16. Over the course of discovery, Symetra made 26 separate productions of documents totaling 41,941 pages, including numerous Excel spreadsheets and data extracts. *Id.* Plaintiff also served a Rule 30(b)(6) deposition notice on Symetra, which the parties negotiated for months. *Id.*, ¶¶15-16. On November 2 and 3, 2023, Plaintiff deposed corporate representatives Olga Moshchuk and Philip Hughes in both their corporate and individual capacities. *Id.*, ¶15. Likewise, Symetra sought significant discovery from Plaintiff, third parties, and Plaintiff's expert, and deposed Plaintiff and his expert. *Id.*, ¶17.

On December 19, 2023, Plaintiff filed his motion for class certification, seeking to certify an 11-state class of Symetra policyholders who were issued Policies in Arizona, California, Florida, Illinois, Indiana, Kentucky, Minnesota, Missouri, South Carolina, Texas, or Washington whose policy was in force on or after 2000. Dkt. 61, 67. Along with his motion for class certification, Plaintiff submitted a declaration from his actuarial expert, Mr. Witt, in support of the class certification damages model. Dkt. 63. On February 21, 2024, Symetra filed its opposition to Plaintiff's motion for class certification and moved to exclude Mr. Witt's expert opinion. Dkt. 81, 86. On March 28, 2024, Symetra moved for summary judgment contending that the policy language broadly permits it to set COI rates using factors other than mortality expectations and does not require it to lower COI rates when its mortality expectations improve. Dkt. 94. Symetra also asserted that Plaintiff's breach of contract claims were barred by the statute of limitations. *Id.* On April 1, 2024, Plaintiff filed his opposition to Symetra's motion to exclude the testimony of Mr. Witt. Dkt. 96. On April 22, 2024, Plaintiff filed his reply in support of his motion for class certification. Dkt. 99. That same day, Symetra filed its reply in support of its motion to exclude Mr. Witt. Dkt. 100-103. On April 30, 2024, Plaintiff filed a notice of supplemental authority, alerting the Court to the Ninth Circuit's decision in *Lytle v. Nutramax Laboratories, Inc.*, 99 F.4th 557 (9th Cir. 2024), which affirmed class certification and rejected challenges to the proposed class-wide damages methodology. Dkt. 106. On May 3, 2024, Plaintiff filed his opposition to Defendant's motion for summary judgment. Dkt. 110, 112. On May 24, 2024, Defendant filed its reply in support of its motion for summary judgment. Dkt. 118.

The Court set an omnibus hearing on Plaintiff's motion for class certification and Symetra's motion to exclude and motion for summary judgment. Dkt. 108, 120. On July 17, 2024, the Court heard over four hours' worth of oral argument on Defendant's motion for summary judgment and Plaintiff's motion for class certification (the Parties submitted Defendant's motion to exclude Mr. Witt on the briefs without oral argument). Dkt. 121. The

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 5
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1    Court took all three motions under advisement. *Id.* The Court permitted supplemental briefing

2    on *In re Lincoln National COI Litigation*, 620 F. Supp. 3d 230 (E.D. Pa. 2022), as that case did

3    not appear in Symetra's class certification briefing, however, was cited at the hearing. Dkt. 122,

4    124-125.

5            On September 17, 2024, the Parties moved for the Court to hold the three motions in

6    abeyance to provide them an opportunity to mediate the case. Dkt. 128. The Court granted the

7    Parties' motion and terminated the pending motions, but permitted the Parties to file a notice of

8    intent to reactivate any motion, if the mediation was unsuccessful. Dkt. 129.

9        **C.  Settlement Negotiations**

10           The Parties participated in several informal settlement discussions throughout the case,

11   culminating in a mediation before the Honorable Layn Phillips, retired U.S. District Judge.

12   Stueve Decl., ¶21. The Parties were not successful in reaching agreement at the October 15, 2024,

13   mediation in New York. *Id.*, ¶23. However, the Parties made significant progress during that

14   session, such that, with the mediator's assistance, including by way of a mediator's proposal,

15   they were able to reach an agreement on the material terms of the Agreement shortly thereafter.

16   *Id.*

17           Throughout the process, the settlement negotiations were conducted by highly qualified

18   and experienced counsel on both sides at arm's length. *Id.*, ¶24. Plaintiff's counsel was well

19   informed of the material facts and legal risks and the negotiations were hard-fought and non-

20   collusive. *Id.* Having litigated the various legal and factual issues over more than three years,

21   Plaintiff's counsel was well-positioned to evaluate Symetra's positions and the risks facing the

22   Settlement Class Members, advocated in the settlement negotiation process for a fair and

23   reasonable Settlement that serves the best interests of the Settlement Class, and made fair and

24   reasonable settlement demands of Symetra. *Id.*

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 6
Case No. 2:21-cv-00533-KKE

1

### III.    SUMMARY OF THE SETTLEMENT

2      The Agreement represents a compromise between Plaintiff and the Settlement Class and

3  Defendant regarding the claims pleaded in this litigation. If the Settlement is finally approved, a

4  non-reversionary cash Settlement Fund in the amount of $32,500,000 will be created. Under the

5  Agreement, Class Counsel will move for an attorneys' fees award not to exceed one-third of the

6  Settlement Fund and reimbursement of expenses both to be paid from the Settlement Fund.

7  Agreement, ¶8.1. Class Counsel will also move for a service award of no more than $25,000 for

8  Plaintiff to be paid from the Settlement Fund. *Id.*, ¶8.2. The Settlement Fund will also cover the

9  fees and expenses of the Settlement Administrator. *Id.*, ¶1.36.

10     There is no "claims process." Each Settlement Class Member will receive their share of

11  the Net Settlement Fund pursuant to a distribution plan developed by Class Counsel in

12  consultation with an actuary and subject to approval by the Court. *Id.*, ¶¶2.2-2.3.[3] In exchange

13  for these benefits, the Parties will seek the entry of judgment on the asserted claims and

14  Settlement Class Members agree to release all claims arising out of the facts asserted in this case.

15  *Id.*, ¶¶3.1-3.2. The Agreement allocates the value of the Settlement Fund across the Settlement

16  Class pursuant to an objective distribution plan that is designed to provide each Settlement Class

17  Member a minimum payment of $10 plus an approximate pro rata portion of the Net Settlement

18  Fund according to the amount of COI charges paid by each Settlement Class Member, with

19  equitable adjustments for current policy owners. *See* Declaration of Scott J. Witt, (hereinafter,

20  "Witt Decl."), Ex. B. The Agreement permits any Settlement Class Member to file an objection

21  to the Settlement terms or opt-out of the Settlement Class within 35 days after the date the Class

22  Notice is mailed. Agreement, ¶¶5.1, 5.4.

23

24  _____

[3] If any Settlement Class Members do not cash their checks within 180 days of issuance, such
25  checks will be canceled and the check amounts sent to the unclaimed property division of the
state in which each such Settlement Class Member was sent the Class Notice, unless the
26  Settlement Class Member requests reissuance prior to the date of transfer to the unclaimed
property division. Agreement, ¶2.4.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 7
Case No. 2:21-cv-00533-KKE

## IV.   THE SETTLEMENT CLASS

The proposed Settlement Class includes Owners of approximately 43,000 Policies that were active on or after January 1, 2000, and were issued by American States Life Insurance Company as MasterPlan, Executive MasterPlan, MasterPlan Plus, Joint MasterPlan Plus, and Juvenile MasterPlan Plus universal life insurance policies and administered by Symetra or its predecessors in interest.[4] Agreement, ¶1.28.

## V.   ISSUING NOTICE TO THE CLASS IS JUSTIFIED.

### A.  Standard for Issuance of Notice

Class action settlements must be approved by the Court. Fed. R. Civ. P. 23(e). The first step in the approval process is the court's evaluation of whether directing notice of the proposed settlement to the settlement class is justified. Notice should issue if the parties have demonstrated to the court that it will likely be able to: (i) approve the proposed settlement under Rule 23(e)(2) as fair, reasonable, and adequate; and (ii) certify the class for purposes of judgment on the proposed settlement. Fed. R. Civ. P. 23(e)(1)-(2).

To approve the proposal under Rule 23(e)(2), the court must find that it is "fair, reasonable, and adequate" after considering whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2); *see also In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780

---

[4] The Settlement Class excludes Symetra; any entity in which Symetra has a controlling interest; any of the officers, directors, employees, or sales agents of Symetra; the legal representatives, heirs, successors, and assigns of Symetra; anyone employed with Plaintiff's law firms; and any Judge to whom this Action is assigned, and his or her immediate family. Agreement, ¶1.34.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 8
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1  (9th Cir. 2022). In addition to Rule 23(e)(2)'s enumerated factors, courts in this Circuit consider

2  the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled*

3  *on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 338 (2011).

4        In assessing whether relief provided by a settlement is adequate, the Ninth Circuit has

5  expounded on the Rule 23(e)(2)(C) factors by identifying the following "*Hanlon*" factors for

6  district courts to consider:

7        [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity, and likely
         duration of further litigation; [3] the risk of maintaining class action status
8        throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery
         completed and the stage of the proceedings; [6] the experience and views of
9        counsel; [7] the presence of a governmental participant; and [8] the reaction of the
10       class members to the proposed settlement.

11
12  *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting *Hanlon*, 150 F.3d at

13  1026) (alterations in original).[5] "District courts may consider some or all of these factors." *Id.*

14  Plaintiff addresses these factors separately below.

15        Within this framework, approval of a settlement is "committed to the sound discretion of

16  the trial judge." *Hanlon*, 150 F.3d at 1026. "Judicial review also takes place in the shadow of the

17  reality that rejection of a settlement creates not only delay but also a state of uncertainty on all

18  sides, with whatever gains were potentially achieved for the putative class put at risk." *Staton v.*

19  *Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Thus, there is a "strong judicial policy that favors

20  settlements, particularly where complex class action litigation is concerned." *In re Hyundai &*

21  *Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (en banc).

22

23

24

25
    ─────────────────────────
26  [5] The "*Hanlon*" factors have also been referred to as the "*Churchill*" factors, even though the
    factors are the same. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citing *Churchill*
    *Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 9
Case No. 2:21-cv-00533-KKE

**B. The Proposed Settlement Is Fair, Reasonable, and Adequate Pursuant to the Rule 23(e) and Ninth Circuit Factors.**

The proposed Settlement is fair, reasonable, and adequate under the factors identified in Rule 23(e) and in *Hanlon*. The Court should conclude it will likely be able to approve the Settlement, and therefore, that issuing notice to the Settlement Class is justified.

**1. The Class Representative and Class Counsel Have Provided Excellent Representation to the Class.[6]**

The adequacy of representation requirement turns on two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members"; and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. This factor supports issuance of notice.

First, Plaintiff's interest is aligned with those of other Settlement Class Members, as he alleges that he suffered and seeks to redress the same injury: the breach of his life insurance policy through alleged excessive COI deductions. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

Second, Plaintiff has shown his dedication to representing the Settlement Class by providing information and documents to Class Counsel, responding to significant discovery requests, and sitting for a deposition. Stueve Decl., ¶34. Plaintiff worked to advance the litigation on behalf of himself and the proposed Settlement Class, supports the Settlement, and advocates for its approval. *Id.*

Class Counsel are competent, highly experienced and qualified, have significant expertise in class actions and COI cases in particular, and have vigorously prosecuted the claims asserted

---

[6] This Rule 23(e)(2)(A) factor corresponds with certain *Hanlon* factors, such as "the extent of discovery completed and the stage of the proceedings, the experience and view of counsel, and the reaction of the class members of the proposed settlement." *See Abadilla v. Precigen, Inc.*, 2023 WL 7305053, at *8 (N.D. Cal. Nov. 6, 2023) (citing *Hanlon*, 150 F.3d at 1026).

1  in this case. Stueve Siegel and Schirger Feierabend have been appointed as class counsel in

2  dozens of class actions throughout the country, including numerous COI class actions, and have

3  significant experience handling complex disputes, including lawsuits involving other life

4  insurance contracts. *See* Stueve Decl., ¶7 n.1, Ex. A-B.

5      Class Counsel have tried four similar COI overcharge cases, securing jury verdicts in

6  favor of policyholders in all four jury trials. For example, in *Karr v. Kansas City Life Insurance

7  Co.*, Class Counsel secured full compensatory damages on all three breach of contract claims for

8  $28,362,830.96 in COI overcharges. *See* No. 1916-CV26645 (Mo. Cir. Ct. May 10, 2023). The

9  Missouri Court of Appeals affirmed the jury verdict, agreeing with the trial court's interpretation

10  of the policy language as unambiguously precluding the insurer from loading COI rates with non-

11  mortality profits and expenses, and reversed the trial court's denial of prejudgment interest on

12  the $28.36 million damage award, therefore bringing the total recovery to over $48 million,

13  including accrued post-judgment interest. *See Karr*, 2024 WL 4280503 (Mo. App. W.D. Sept.

14  24, 2024), *transfer denied*, No. SC100845 (Mo. Dec. 23, 2024); *see also Meek v. Kansas City

15  Life Ins. Co.*, No. 4:19-cv-472-BP (W.D. Mo. May 25, 2023) ($908,075 jury verdict); *Sheldon v.

16  Kansas City Life Ins. Co.*, No. 1916-CV26689 (Mo. Cir. Ct. Sept. 22, 2023) ($4,095,897.75

17  verdict).

18      Similarly, Class Counsel successfully tried a COI case against State Farm on behalf of

19  Missouri policy owners, securing a jury verdict of $34,333,495.81 for COI overcharges. *See Vogt

20  v. State Farm Life Ins. Co.*, No. 2:16-cv-04170-NKL, Dkt. 358, 360 (W.D. Mo. June 6, 2018).

21  The Eighth Circuit affirmed the jury verdict, concurred with the district court's interpretation of

22  the life insurance policy language finding that the insurer was precluded from loading COI rates

23  with non-mortality profits and expenses, and reversed the trial court's denial of prejudgment

24  interest, bringing the total recovery to nearly $40 million. *See Vogt*, 963 F.3d 753 (8th Cir. 2020),

25  *cert. denied*, 141 S. Ct. 2551 (Apr. 19, 2021).

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 11
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

In addition to their extensive trial experience in COI cases, Class Counsel have also obtained numerous settlements in COI overcharge cases. After the litigation referenced above on the State Farm policy, Class Counsel settled two cases against State Farm on a nationwide basis for $325,000,000 and $65,000,000, respectively. *See Rogowski v. State Farm Life Ins. Co.*, 2023 WL 5125113 (W.D. Mo. Apr. 18, 2023) (760,000 policies); *Niewinski v. State Farm Life Ins. Co.*, 2023 WL 11984134 (W.D. Mo. Oct. 18, 2023) (445,000 policies); *see also Niewinski*, No. 23-cv-4159, Dkt. 36 (W.D. Mo. Apr. 1, 2024). In 2021, Class Counsel settled a similar COI case against USAA Life Insurance Company, obtaining $90 million for a class of universal life insurance policy owners. *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978, at *3 (W.D. Tex. Aug. 26, 2021) (122,000 policies). And in 2018, the same firms settled a similar case against John Hancock Life Insurance Company, obtaining $59.75 million for a class of life insurance policy owners. *See Larson v. John Hancock Life Ins. Co.*, No. RG16813803 (Alameda Cty., Cal.) (103,000 policies). In 2016, the firms settled another similar case against Lincoln National Life Insurance Company, obtaining $2.25 billion of guaranteed term life insurance with a market value of approximately $171.8 million for a class of universal life policy owners. *See Lincoln Nat'l Life Ins. Co. v. Bezich*, No. 02C01-0906-PL-73 (Allen Cty., Ind.).

Plaintiff submits that his counsel's track record of obtaining substantial recoveries both through settlement and trial resulted in the outstanding Settlement submitted for approval here. Moreover, Class Counsel's depth of knowledge and experience gained through their extensive experience in COI litigation allowed them to accurately evaluate and weigh the risks of continued litigation to reach a fair settlement of the claims asserted in this litigation, which they believe to be in the best interests of Plaintiff and the Settlement Class.[7] Stueve Decl., ¶31. This factor thus supports finding that the Settlement is fair, reasonable, and adequate, and therefore that issuing

---

[7] As for the "reaction of the class members to the proposed settlement," *Hanlon*, 150 F.3d at 1026, the Settlement Class Members will have the opportunity to provide their views on the proposed Settlement, and any objections thereto will be provided to the Court and addressed in advance of the Fairness Hearing.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

notice to the Settlement Class is justified. *See Forsyth v. HP Inc.*, 2024 WL 1354551, at *5 (N.D. Cal. Mar. 29, 2024) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)); *see also Sanchez v. Mohawk Indus., Inc.*, 2024 WL 4556094, at *21 (E.D. Cal. Oct. 23, 2024) (observing the "opinions of counsel are entitled to significant weight and support approval of the Settlement").

Third, the litigation had reached an advanced stage where significant discovery had been completed, class certification expert witnesses disclosed, and summary judgment and class certification were fully briefed and pending, following oral argument. Stueve Decl., ¶¶12-20. "A settlement that occurs in an advanced stage of the proceedings indicates the parties carefully investigated the claims before reaching a resolution." *See Onitverso v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014). "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Taylor v. Populus Grp., LLC*, 2022 WL 3045366, at *7 (S.D. Cal. Aug. 2, 2022) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004)). Even formal discovery may not be necessary where "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, Class Counsel had all the information they needed to evaluate Settlement Class Members' claims for settlement purposes, having vigorously prosecuted the case over three years.

### 2.  The Settlement Is the Product of Arm's Length Negotiations.[8]

The extent and scope of litigation confirms that the Settlement is the product of arm's length negotiations. *See* Fed. R. Civ. P. 23(e)(2)(B). As set forth above, the proposed Settlement

---

[8] This Rule 23(e) factor "overlaps with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings." *Andrade-Heymsfield v. NextFoods, Inc.*, 2024 WL 3871634, at *3 (S.D. Cal. Apr. 8, 2024) (citing *Hanlon*, 150 F.3d at 1026).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 13
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

is the product of significant negotiation by experienced counsel on both sides requiring the assistance of an experienced, well-respected neutral mediator, culminating in a mediator's proposal after the case did not settle at the mediation, resulting in the execution of the Agreement. *See* Part II-C, *supra*. The arm's length nature of the negotiations amongst experienced counsel supports a finding that the Settlement is fair, reasonable, and adequate and will likely be approved such that issuing notice to the Settlement Class is justified. *See Lusk v. Lopez v. Velocity Transp. LLC*, 2024 WL 4957565, at *6 (S.D. Cal. Dec. 3, 2024) (finding the settlement "appears to be the product of serious, informed, non-collusive negotiations," where it was "only resolved via the acceptance of a mediator's proposal").[9] Accordingly, this factor supports issuing notice of the Settlement to the Settlement Class.

### 3. The Relief Provided by the Settlement Is Excellent.[10]

#### a. The duration, costs, risks, and delay of trial and appeal support approval of the Settlement.[11]

The $32,500,000 cash settlement is an excellent result for the Settlement Class in light of the duration, costs, risks, and delay of trial and appeal, supporting a finding that the Settlement will likely be approved, and thus, that notice should issue. The size of the Settlement Fund exceeds the recoverable damages within the statute of limitations period; and, it represents a material portion of all potential damages back to policy inception. *See* Stueve Decl., ¶27.

Indeed, in the absence of the Settlement, the Settlement Class Members face significant risks, costs, and delay in reaching a litigated judgment in their favor. Stueve Decl., ¶32. While

---

[9] *See also* Cmt. to December 2018 Amendment to Fed. R. Civ. P. 23(e) ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests.").

[10] Fed. R. Civ. P. 23(e)(C).

[11] Fed. R. Civ. P. 23(e)(2)(C)(i). This Rule 23(e)(2) factor overlaps with several *Hanlon* factors, including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; and the amount offered in settlement." *Abadilla*, 2023 WL 7305053, at *9 (citing *Hanlon*, 150 F.3d at 1026).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 14
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   Class Counsel have secured several jury verdicts in similar cases, these cases compellingly

2   demonstrate the substantial length of time it takes to proceed to trial and then to complete the

3   appellate review process. While Class Counsel have prevailed in most of the cases they have

4   prosecuted on behalf of policyholders, they have not prevailed in all of them. *See, e.g.*, *Whitman*

5   *v. State Farm Life Ins. Co.*, 2022 WL 4081916 (W.D. Wash. Sept. 6, 2022) (finding the COI rates

6   language permitted the insurer to load non-mortality expenses and profits in COI rates and

7   entering judgment against the certified class of Washington policyholders); *see also Norem v.*

8   *Lincoln Benefit Life Co.*, 737 F.3d 1145, 1146 (7th Cir. 2013). While Plaintiff believes *Whitman*

9   and *Norem* are distinguishable from this case there is real risk that the class could recover nothing

10  through further litigation.

11      Additionally, even if Plaintiff prevailed on his contract interpretation, substantial

12  substantive and procedural challenges remain. No matter the merit of Plaintiff's claims and Class

13  Counsel's prior record of success, a class action jury trial is an inherently risky and unpredictable

14  process. Even if Plaintiff prevailed at trial, absent settlement, the issue of policy interpretation,

15  among other issues, would be before the Ninth Circuit for the first time. Consequently, there

16  remains a significant risk that policyholders would recover nothing through further litigation,

17  supporting that the Settlement should ultimately be approved, and therefore that notice should

18  issue. *See Kastel v. Cascade Living Grp. Mgmt., LLC*, 2024 WL 3565771, at *1 (W.D. Wash.

19  July 29, 2024) ("[S]ettlement at this time will avoid substantial costs, delay, and risks that would

20  be presented by the further prosecution of the litigation."); *Tuttle v. Audiophile Music Direct,*

21  *Inc.*, 2023 WL 8891575, at *10 (W.D. Wash. Dec. 26, 2023) ("[E]very settlement, by its nature,

22  is the result of compromise.") (citing *Linney*, 151 F.3d at 1242 ("[T]he very essence of a

23  settlement is compromise, a yielding of absolutes and an abandoning of highest hopes.") (internal

24  quotation marks omitted)).

25

26

Moreover, even if Plaintiff were to prevail on all issues, the Settlement Class would likely not obtain their due recovery for years while the verdict is appealed.[12] This delay further supports a finding that the Settlement, which provides a material portion of the damages that Settlement Class Members could have obtained had they prevailed on the merits of their claims, and more than they could have recovered if Defendant prevailed on any one of its defenses, is a fair, reasonable, and adequate result, and should therefore ultimately be approved. *See Williams v. PillPack LLC*, 2024 WL 4574563, at *6 (W.D. Wash. Sept. 17, 2024) (observing that "litigating the case to trial and through appeal would be costly and time consuming, substantially delaying any recovery for the class"); *Paredes Garcia v. Harborstone Credit Union*, 2023 WL 7412842, at *6 (W.D. Wash. Nov. 9, 2023) (explaining "the ongoing litigation would be costly and time consuming, only adding to the benefit to class members of early settlement in this case").

        **b.  The effectiveness of the proposed method of distributing relief to the Settlement Class supports approval of the Settlement.**

Subject to Court approval, the Net Settlement Fund will be distributed pursuant to a proposed distribution formula that will provide each Settlement Class Member a minimum payment of $10 plus the pro rata portion of the fund according to the amount of COI charges paid by the Settlement Class Member, with an upward adjustment for current owners in recognition of the challenged COI deductions that will continue to be made from their accounts. *See* Witt Decl., Ex. B. Settlement checks will be delivered to each Settlement Class Member without the submission of a claim. Agreement, ¶2.3. This is similar to the distribution process used in other COI settlements and approved by courts across the country. *See, e.g.*, *Niewinski*, 2023 WL 11984134, at *1; *Rogowski*, 2023 WL 5125113, at *3; *Spegele*, 2021 WL 4935978, at *6; *Spegele*, No. 5:17-cv-967-OLG, at Dkt. 103-1 (W.D. Tex. Apr. 9, 2021).

---

[12] For example, the jury verdict Class Counsel obtained in *Vogt* in 2018 was challenged for years, with the policyholders not receiving their distributions of the judgment until 2022. Stueve Decl., ¶33.

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 16
Case No. 2:21-cv-00533-KKE

1     That each Settlement Class Member is receiving an equitable portion of the Settlement

2  Fund according to the proportional amount of COI charges paid (and, therefore, an amount

3  proportional to the alleged loss suffered) without needing to submit a claim supports approval of

4  the Settlement. *See, e.g.*, *Ludlow v. Flowers Foods, Inc.*, 2024 WL 1162049, at *7 (S.D. Cal.

5  Mar. 18, 2024) (finding that no claims process for receiving settlement funds "favors approving

6  the class wide Settlement). Given the simplified process for paying each Settlement Class

7  Member and the fact that no funds will revert to Defendant, this factor weighs in favor of

8  approval.

9          **c.   The terms for the award of attorneys' fees, including the timing of**

10                **payment, support approval of the Settlement.**[13]

11     A court must consider "the terms of any proposed award of attorney's fees, including

12  timing of payment" in assessing the fairness and adequacy of a proposed settlement. Fed. R. Civ.

13  P. 23(e)(2)(C)(iii). Pursuant to the Settlement, Class Counsel will seek their fee as a percentage

14  of the $32,500,000 Settlement Fund created for the Settlement Class. Class Counsel will file their

15  fee motion sufficiently in advance of the objection and opt-out deadline to allow Settlement Class

16  Members time to evaluate and provide their views on Class Counsel's requests. The Agreement's

17  provision for an attorneys' fee award paid from the Settlement Fund is fair and reasonable under

18  the common fund doctrine. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("[A]

19  litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or

20  his client is entitled to a reasonable attorney's fee from the fund as a whole."); *see also* Fed. R.

21  Civ. P. 23(h) (permitting the court to award "reasonable attorney's fees and nontaxable costs that

22  are authorized by law or by the parties' agreement").

23     There is no concern of a "clear sailing" arrangement "providing for the payment of

24  attorneys' fees separate and apart from class funds," as Class Counsel will seek fees from the

25  Settlement Fund and the Agreement does not contain a "clear sailing" provision. *See In re*

26

---

[13] Fed. R. Civ. P. 23(e)(2)(C)(iii).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 17
Case No. 2:21-cv-00533-KKE

1    *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). In addition, district

2    courts in the Ninth Circuit frequently assess the reasonableness of an attorney fee award paid

3    from a common fund by the percentage sought and have approved awards of one-third, in excess

4    of the 25 percent benchmark. *See, e.g.*, *Schmitt v. Kaiser Found. Health Plan of Washington*,

5    2024 WL 1676754, at *5 (W.D. Wash. Apr. 18, 2024) (finding "that a 33⅓% allocation of funds

6    from the common fund towards class counsel's attorney fees is reasonable").

7          Class Counsel will provide a thorough analysis of the reasonableness of their forthcoming

8    attorneys' fee and expense award request in their fee motion. But importantly, the Parties'

9    Agreement is not conditioned upon the Court's approval of the fee award. Agreement, ¶8.4. And

10   any fees not awarded will not revert to Symetra, but rather would remain in the Settlement Fund.

11   *See Bluetooth*, 654 F.3d at 947. Accordingly, at this stage, the Court can and should conclude

12   that it is likely to approve the Settlement for purposes of sending notice to the Settlement Class.[14]

13              **d.  There is no agreement required to be identified under Rule**

14              **23(e)(3).[15]**

15         Under Rule 23(e)(3), "[t]he parties seeking approval must file a statement identifying any

16   agreement made in connection with the proposal." There is no agreement between the Parties

17   here, except those set forth in the Settlement Agreement. Accordingly, this factor is not relevant

18   to whether the Settlement is likely to be approved.

19

20

21

22

---

23   [14] The Agreement also provides for a service award of up to $25,000 for Plaintiff. Agreement,

24   ¶8.2. Service awards of this size have been found reasonable. *See, e.g.*, *Corker v. Costco Wholesale Corp.*, 2021 WL 2790518, at *2 (W.D. Wash. June 25, 2021) (awarding $35,000

25   service awards to each farm whose owners served as class representatives in the litigation). In addition, the Parties' Agreement is not conditioned on the Court's approval of this request.

26   Agreement, ¶8.4.

     [15] Fed. R. Civ. P. 23(e)(2)(C)(iv).

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 18
Case No. 2:21-cv-00533-KKE

e.  **The lack of a governmental participant, supports approval of the Settlement.**[16]

The lone *Hanlon* factor that does not overlap with the factors enumerated in Rule 23(e)(2), "the presence of a governmental participant," likewise supports issuing notice. *See Abadilla*, 2023 WL 7305053, at *11 (recognizing that the sole *Hanlon* factor that does not overlap with Rule 23(e)(2), "the presence of a governmental participant" weighs against approving the settlement) (citing *Hanlon*, 150 F.3d at 1026). Here, there is no governmental participant in the lawsuit, nor did this litigation follow a governmental investigation. Thus, there is no doubt Plaintiff and his counsel can "appropriately take credit for the entire settlement amount." *In re Wells Fargo Collateral Prot. Ins. Litig.*, 2019 WL 6219875, at *3 (C.D. Cal. Nov. 4, 2019) (finding "the presence of government participants" as a "factor weighing against approving the settlement").

4.  **The Settlement Treats Class Members Equitably Relative to Each Other, Supporting Approval of the Settlement.**[17]

The Settlement's proposed distribution formula determines each Settlement Class Member's recovery under the Settlement according to the COI charges each paid under their Policies, with an upward adjustment proposed for current policyholders to reflect that they are still paying COI charges.[18] *See, e.g.*, *Niewinski*, 2023 WL 11984134, at *1; *Rogowski*, 2023 WL 5125113, at *3. Accordingly, the Settlement treats the Settlement Class Members equitably relative to each other, supporting a finding that the Settlement will likely be approved, and thus, that notice should issue to the Settlement Class.

*        *        *

---

[16] *Hanlon*, 150 F.3d at 1026.

[17] *See* Fed. R. Civ. P. 23(e)(2)(D).

[18] *See* Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment (stating the equitable treatment of class members should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims").

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 19
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Accordingly, the Rule 23(e) and Ninth Circuit *Hanlon* factors support a finding that the Settlement will likely be approved, and that therefore, notice of the Settlement should issue. The Proposed Settlement Class Meets the Requirements for Certification.

The second requirement in Rule 23(e)(1) for issuance of notice to the class is a finding that the court will "likely be able to . . . certify the class for purposes of judgment" on the proposed settlement. As set forth below and in the Stueve Declaration, courts routinely conclude that cases involving breach of standardized universal life insurance policies through excessive COI deductions satisfy Rule 23's certification requirements, and, because the Court need not consider the manageability issues at trial resulting from the application of multiple states' laws, the Court should conclude that it will likely be able to certify the Settlement Class.

### A. Standard for Certifying Settlement Class.

A motion for class certification under Rule 23 involves a two-part analysis. First, under Rule 23(a), the proposed class must satisfy the requirements of numerosity, commonality, typicality, and fair and adequate representation. Second, the proposed class must meet at least one of the three requirements of Rule 23(b). *Tuttle*, 2023 WL 3318699, at *3 (W.D. Wash. May 9, 2023). Plaintiff requests certification for settlement purposes only under Rule 23(b)(3), which requires that the common questions predominate over any individualized questions, and that a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(3). "The decision to certify a class is within the Court's discretion." *In re Valve Antitrust Litig.*, 2024 WL 4893373, at *8 (W.D. Wash. Nov. 26, 2024).

### B. The Settlement Class Satisfies the Requirements of Rule 23.

#### 1. The Settlement Class meets each of the requirements of Rule 23(a).

***Numerosity:*** The Settlement Class satisfies the numerosity requirement because it is comprised of owners of approximately 43,000 Policies sold by Defendant throughout the country. *Whitman*, 2021 WL 4264271, at *3 n.3 (holding 11,000 policyholder class "sufficiently numerous to render joinder of all members impracticable").

***Commonality:*** Commonality is satisfied because the Policies are standard form contracts, and Defendant performed uniformly under them as to their determination of the COI rates. Therefore, the question of whether Defendant's COI rates violated the Policies is common. *See id.* at *3 n.3 (finding commonality satisfied because plaintiff's "claims in this action all turned on the interpretation of a standard form contract"); *see also, e.g.*, *Advance Tr. & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co.*, 2022 WL 911739, at *9 (D. Minn. Mar. 29, 2022) (finding commonality satisfied for similar claims for breach of universal life insurance policies as to multi-state class because "each turn on the interpretation of materially similar provisions in form UL insurance policies").

***Typicality:*** Typicality is satisfied because Plaintiff's litigation goals precisely align with those of the Settlement Class Members, as their claims arise from the same standardized contractual commitments and alleged theory of breach and damages. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) ("The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.") (internal quotation marks and citation omitted).

***Adequacy:*** The adequacy requirement is also satisfied because Plaintiff is an owner of one of the Policies and, like every policyholder, was charged COI rates allegedly in excess of that permitted by the Policies. Plaintiff's interests are therefore aligned with all policyholders in seeking to recover the amounts that allegedly violated the Policies. *See Whitman*, 2021 WL 4264271, at *4.

In addition, as explained in Part V.B.1., *supra*, Class Counsel also satisfy the adequacy requirement because they are competent, experienced, and qualified with significant expertise in class actions and COI cases.

### 2. The Settlement Class meets the requirements of Rule 23(b)(3).

***Predominance:*** "The predominance inquiry 'asks whether the common, aggregation-

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 21
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Whitman*, 2021 WL 4264271, at *5 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016)). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Id.* (quoting *Amchem*, 521 U.S. at 623-24). "Where common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *Hanlon*, 150 F.3d at 1022.

As several courts have concluded, the question whether a life insurance company's uniform conduct in determining COI rates violates a common form universal life insurance policy is a common, predominating one. *E.g.*, *Vogt*, 2018 WL 1955425, at *6 (W.D. Mo. Apr. 24, 2018) (finding predominance met because "[t]he terms of the Policy are the same for all class members," and "State Farm has not suggested that the determination of COI rates varied on a case-by-case basis.").

And Plaintiff's position is that this is so even though the Policies were issued throughout 11 states and could be governed by the substantive laws of the state of issuance because states' breach of contract laws are materially the same, and the contracts at issue are uniform. *See Am. Airlines, Inc v. Wolens*, 513 U.S. 219, 233 n.8 (1995) ("[C]ontract law is not at its core diverse, nonuniform, and confusing.").

**Superiority:** Courts have also repeatedly recognized that under the facts here, proceeding as a class action is superior to individualized proceedings. *Whitman*, 2021 WL 4264271, at *10. Individually litigating the relatively low-dollar-value claims of owners of 43,000 Policies dispersed throughout 11 states, all arising out of the same alleged contractual violation, would be uneconomical and inefficient for both the Settlement Class Members and the Court. The

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 22
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    superiority requirement is thus satisfied here.

2          And, because Plaintiff seeks class certification for purposes of Settlement, the Court need

3    not consider whether certifying an 11-state class for trial would raise manageability concerns.

4    *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification,

5    a district court need not inquire whether the case, if tried, would present intractable management

6    problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.");

7    *Jabbari v. Farmer*, 965 F.3d 1001, 1007 (9th Cir. 2020) ("For purposes of a settlement class,

8    differences in state law do not necessarily, or even often, make a class unmanageable."). Thus,

9    the Settlement Class satisfies Rule 23(b)(3).

10                                    *       *       *

11          Because the proposed Settlement Class satisfies the requirements for class certification,

12   issuing notice to the Settlement Class is justified.

13   **VI.    THE COURT SHOULD APPOINT STUEVE SIEGEL AND SCHIRGER**

14           **FEIERABEND AS INTERIM CLASS COUNSEL.**

15          As explained at Part V.B.1., *supra*, Class Counsel are highly experienced in class actions

16   and litigation of this type, and have developed an unmatched depth of knowledge on the issues

17   related to the claims in this case. Several courts have recognized the adequacy of Stueve Siegel

18   and Schirger Feierabend to represent the interests of universal life insurance policyholders in

19   cases throughout the country. Plaintiff thus requests that Stueve Siegel and Schirger Feierabend

20   be appointed as interim Class Counsel pursuant to Rule 23(g)(3) pending certification of the

21   Settlement Class at Final Approval, for purposes of carrying out the issuance of the Class Notice

22   to the Settlement Class.

23   **VII.   THE NOTICE SATISFIES RULE 23 AND DUE PROCESS REQUIREMENTS.**

24          Under Rule 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class

25   members who would be bound by [a settlement] proposal[.]" Likewise, in directing notice "to a

26   class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 23
Case No. 2:21-cv-00533-KKE

direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To meet the constitutional guarantee of procedural due process, "notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1045 (9th Cir. 2019) (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174 (1974)). That is, "[t]he means employed [to provide notice] must be such as [a person] desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 1045-46.

The proposed Class Notice (attached as **Exhibit 2**) readily meets these requirements, and the notice program, using direct mail delivery, constitutes the best practicable notice under the circumstances of this case. *See* Simmons Decl., ¶¶35-36. The Class Notice uses "plain English" to inform Settlement Class Members of, *inter alia*, the nature of the class claims, the essential terms of the Settlement, the date, time and place of the Fairness Hearing, how to object or opt-out of the Settlement, and the binding effect of the Settlement on Settlement Class Members. The Class Notice also contains information regarding Class Counsel's forthcoming request for Class Counsels' Fees and Expenses, and the proposed service award to Plaintiff. In addition, the Class Notice identifies and directs Settlement Class Members to the Settlement Website, where they can view the Settlement documents and relevant pleadings and motions. Agreement, ¶¶1.38, 4.6. Thus, the Class Notice satisfies the requirements of Rule 23, informs Settlement Class Members of the terms of the proposed Settlement and their available options, is the best notice that is practicable under the circumstances, and should be approved by the Court.

## VIII.    THE COURT SHOULD APPOINT ANALYTICS AS SETTLEMENT ADMINISTRATOR.

Plaintiff requests the Court appoint Analytics to serve as Settlement Administrator. Analytics is well-versed in administering class action settlements, including in COI litigation

1   (*see generally* Simmons Decl.), and is willing, able, and prepared to fulfill the role of Settlement

2   Administrator in this case.

3                **IX.     PROPOSED TIMELINE OF EVENTS**

4       In connection with its determination on whether it is likely to approve the Settlement, the

5   Court should set a Fairness Hearing date; dates for issuing the Class Notice; deadlines for

6   objecting or opting out of the Settlement, and a schedule for further court submissions, among

7   other items. The Parties propose the schedule set forth in Appendix A hereto, which is keyed off

8   the date of the order granting preliminary approval and permitting the issuance of notice.

9                      **X.     CONCLUSION**

10      Accordingly, Plaintiff respectfully requests the Court enter the Proposed Order permitting

11   issuance of the Class Notice of the proposed Settlement, appointing Stueve Siegel and Schirger

12   Feierabend as interim Class Counsel of the proposed Settlement Class, directing dissemination

13   of the Class Notice, appointing Analytics as Settlement Administrator, and setting a Fairness

14   Hearing for the purpose of deciding whether to grant final approval of the Settlement.

15

16

17

18

19

20

21

22

23

24

25

26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 25
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

**APPENDIX A**

2

| EVENT | TIMING |
|---|---|
| Deadline for the Settlement Administrator to mail Court-approved Class Notice to Settlement Class ("Notice Date") | [45 days after Preliminary Approval Date] |
| Deadline to file Class Counsel's motion for Fees and Expenses and for Plaintiff's Service Award | [21 days prior to the Objection deadline] |
| Objection deadline | [35 days after Notice Date] |
| Opt-out deadline | [35 days after Notice Date] |
| Deadline for Class Counsel to file with the Court all objections served on the Settlement Administrator | [14 days after Objection deadline] |
| Deadline for motion for final approval of Settlement | [7 days prior to the Fairness Hearing] |
| Deadline for responses to any timely objections | Any time prior to Fairness Hearing |
| Fairness Hearing | [Approx. 100 days after Preliminary Approval Date] |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 26
Case No. 2:21-cv-00533-KKE

1    DATED this 31st day of January, 2025.

2    *I certify that this brief contains 8,332 words in compliance with Local Civil Rule 7(e)(3).*

3

4                          Respectfully submitted,

5                          **TOUSLEY BRAIN STEPHENS PLLC**

6                          /s/ *Kim D. Stephens, P.S.*
                           Kim D. Stephens, P.S., WSBA #11984
7                          Rebecca L. Solomon, WSBA #51520
                           1200 Fifth Avenue, Suite 1700
8                          Seattle, Washington 98101
                           Tel: 206-682-5600
9                          Fax: 206-682-2992
                           kstephens@tousley.com
10                         rsolomon@tousley.com

11

12                         **STUEVE SIEGEL HANSON LLP**
                           Patrick J. Stueve (admitted *pro hac vice*)
13                         Lindsay Todd Perkins (admitted *pro hac vice*)
                           Ethan M. Lange (admitted *pro hac vice*)
14                         David A. Hickey (admitted *pro hac vice*)
                           460 Nichols Road Ste. 200
15                         Kansas City, MO 64112
                           Tel: 816-714-7100
16                         Fax: 816-714-7101
                           stueve@stuevesiegel.com
17                         perkins@stuevesiegel.com
                           lange@stuevesiegel.com
18                         hickey@stuevesiegel.com

19

20                         **SCHIRGER FEIERABEND LLC**
                           John J. Schirger (admitted *pro hac vice*)
21                         Joseph M. Feierabend (admitted *pro hac vice*)
                           4520 Main Street, Suite 1570
22                         Kansas City, Missouri 64111
                           Tel: 816-561-6500
23                         Fax: 816-561-6501
                           Schirger@SFlawyers.com
24                         Feierabend@SFlawyers.com

25
                           *Counsel for Plaintiff Dennis E. Davis and the*
26                         *Putative Settlement Class*

UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 27
Case No. 2:21-cv-00533-KKE