Case 2:21-cv-00533-KKE    Document 139    Filed 02/04/25    Page 1 of 8

The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DENNIS E. DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SYMETRA LIFE INSURANCE COMPANY,<br><br>Defendant. | NO. 2:21-cv-00533-KKE<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT
Case No. 2:21-cv-00533-KKE

Before the Court is Plaintiff's unopposed motion for preliminary approval of the Parties' Settlement and request that the Court permit the issuance of Notice of the proposed Settlement to the putative Settlement Class. Dkt. No. 135.[1]

The Parties propose a Settlement of this Action in accordance with a Settlement Agreement dated December 15, 2024 (the "Agreement"), which sets forth the terms and conditions for a proposed Settlement of this Action and for a dismissal of the Action with prejudice.[2] *See* Dkt. No. 135-1.

The Court GRANTS the motion (Dkt. No. 135), finding that the Agreement is not obviously deficient and no evidence exists at this stage of the proceedings of any fraud, collusion, overreaching, or disregard of the rights of absent class members on the part of any party. Sufficient discovery was conducted in this case, and Class Counsel has sufficient experience in similar litigation to propose this settlement. The Court's preliminary approval is subject to change pending the outcome of a final settlement approval hearing.

The Court further ORDERS as follows:

1. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties for purposes of considering the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2).

2. **Giving Notice of the Settlement to the Class is Justified.** Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The first stage in the approval process requires the Court to determine whether giving notice of the proposed settlement to the putative settlement class "is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

---

[1] Defendant does not oppose the Court granting the relief sought in the Motion.
[2] All capitalized terms in this Order have the same meanings ascribed to them in the Agreement.

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 1
Case No. 2:21-cv-00533-KKE

        **a.    The Court will likely approve the Settlement.**

The Court finds that it will likely be able to approve the Settlement as "fair, reasonable, and adequate" under the relevant factors identified in Federal Rule of Civil Procedure 23(e) and the additional factors considered by courts within the Ninth Circuit. *See* Fed. R. Civ. P. 23(e)(2); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 606 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). In particular, the Court finds that the Settlement here, which creates a Settlement Fund in the amount of $32,500,000, and provides for settlement checks mailed directly to the Settlement Class Members without the need to submit a claim that will return to Settlement Class Members a material portion of the actual cost of insurance overcharges they allegedly suffered under Plaintiff's theory of the case, as adjusted according to the Distribution Plan proposed by Class Counsel, is an excellent result for the Settlement Class in comparison to the very substantial litigation risks facing the Settlement Class Members. Further, the length of time and the expense that would be necessary to continue to litigate Plaintiff's case through trial and appeal would be considerable.

In addition, the Court finds that: Plaintiff as class representative (Dkt. No. 135-1 at 19–20) and Class Counsel have provided adequate representation to the Settlement Class; the proposed Settlement, which is the product of several informal discussions culminating in a full-day mediation session before a well-respected mediator, was negotiated at arm's length; and the Settlement treats the Settlement Class Members equitably relative to each other by awarding them a proportion of the Cost of Insurance charges they each actually paid, in addition to providing equitable adjustments to Settlement Class Members pursuant to the Distribution Plan. The Court also finds that the Settlement's provision for an award of attorneys' fees of up to one-third of the Settlement Fund and reimbursement of litigation expenses supports approval of the Settlement because the Court's approval of the fee and expense award is not a condition of the Settlement. The Court will separately consider the reasonableness of the requested fee and

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 2
Case No. 2:21-cv-00533-KKE

expense award upon further briefing by Class Counsel, on which Settlement Class Members will have the opportunity to express their views.

### b. The Court is likely to certify the Settlement Class.

The Settlement Class means the Owners of approximately 43,000 Policies. The Policies are MasterPlan, Executive MasterPlan, MasterPlan Plus, Joint MasterPlan Plus, and Juvenile MasterPlan Plus universal life insurance policies issued by American States Life Insurance Company in Arizona, California, Florida, Illinois, Indiana, Kentucky, Minnesota, Missouri, South Carolina, Texas, and/or Washington, that was in force on or after January 1, 2000.[3]

The Court finds that it will likely be able to certify the Settlement Class for purposes of entering judgment on the Settlement under Rule 23(a) and (b)(3). *See, e.g.*, *Feller v. Transamerica Life Ins. Co.*, No. 216CV01378CASAJW, 2017 WL 6496803, at *18 (C.D. Cal. Dec. 11, 2017) (certifying nationwide class of policyholders). The Settlement Class, which includes Owners of approximately 43,000 Policies, is sufficiently numerous. Also, because the Policies are materially identical and Symetra's alleged conduct relevant to the Settlement Class Members' claims was uniform, Plaintiff is typical and adequate to represent the Settlement Class. Further, whether Symetra's conduct complied with the Policies is a common, predominating question, and a class action is a superior form of adjudication over individual lawsuits. Additionally, because this matter is being settled rather than litigated, the Court need not consider manageability issues that may be presented by a trial. Nor is there any issue with this Court certifying a multi-state class of insurance policy owners making similar claims on form policies for purposes of settlement because the issue related to application of potentially different state laws does not predominate. *See Jabbari v. Farmer*, 965 F.3d 1001, 1006 (9th Cir. 2020) (holding that settlement obviates the need to litigate individual issues regarding

---

[3] The Settlement Class excludes: Symetra Life Insurance Company ("Symetra"); any entity in which Symetra has a controlling interest; any of the officers, directors, employees, or sales agents of Symetra; the legal representatives, heirs, successors, and assigns of Symetra; anyone employed with Plaintiff's law firms; and any Judge to whom this Action is assigned, and his or her immediate family.

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 3
Case No. 2:21-cv-00533-KKE

variations in state law); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023-24 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (affirming the district court's certification of a settlement class asserting various consumer protection causes of action without requiring a choice-of-law analysis).

**3. Class Counsel.** Plaintiff's counsel, Stueve Siegel Hanson LLP and Schirger Feierabend LLC, have experience litigating complex cost-of-insurance overcharge cases and have been appointed as class counsel in dozens of class actions, including those asserting the same claims in courts as are at issue here. *See, e.g.*, *Whitman v. State Farm Life Ins. Co.*, No. 3:19-CV-6025-BJR, 2021 WL 4264271, at *4 (W.D. Wash. Sept. 20, 2021) (certifying class of universal life insurance policyholders on similar cost of insurance claims and finding Plaintiff's counsel "well-qualified counsel to zealously represent the class' interests"); *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 251 (D. Ariz. 2022) (finding "Plaintiff has competent counsel experienced in prosecuting class actions"). Accordingly, the Court finds Plaintiff's counsel is competent, experienced, and qualified to represent the proposed Settlement Class and therefore appoints Stueve Siegel Hanson LLP and Schirger Feierabend LLC as interim class counsel of the proposed Settlement Class pursuant to Rule 23(g)(3), pending certification of the Settlement Class, for purposes of issuing Class Notice.

**4. Settlement Administrator**. The Court appoints Analytics LLC ("Analytics") as the Settlement Administrator, with responsibility for Class Notice and claims administration.

**5. Notice**. The proposed Class Notice program set forth in the Agreement and the declaration of Richard Simmons (Dkt. No. 137), and the Class Notice (Dkt. No. 135-2), are hereby approved. Non-material modifications to the Class Notice, including insertion of hyperlinks and dates, may be made without further order of the Court so long as counsel for all Parties have reviewed and agree to the phrasing of the non-material modifications.

The Court finds that the proposed form, content, and method of giving Class Notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated

1  to apprise putative class members of the pendency of the Action, of the terms of the proposed
2  Settlement, and their rights under the proposed Settlement, including their rights to object to or
3  exclude themselves from the proposed Settlement; (c) are reasonable and constitute due,
4  adequate, and sufficient notice to all putative class members; and (d) meet all applicable
5  requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due
6  Process Clause of the United States Constitution. The Court further finds that the Class Notice
7  is written in plain language, uses simple terminology, and is designed to be understandable by
8  the putative class members.

9  The Settlement Administrator and the Parties are directed to carry out the Class Notice
10 provisions of Section 4 of the Agreement.

11      6.   **Exclusion from Class**. Any class member who wishes to be excluded from the
12 Settlement Class must mail a written notification of the intent to be excluded from the
13 Settlement Class to the Settlement Administrator at the address and in the manner provided in
14 the Class Notice. Requests for exclusion must meet the opt-out deadline established by this
15 Order and stated in the Court-approved Class Notice.

16      7.   **Fairness Hearing**. A Fairness Hearing shall be held on May 19, 2025, at 10
17 a.m., at the United States District Court for the Western District of Washington at 700 Stewart
18 Street, Seattle, Washington 98101-9906, in Courtroom 16106, to determine, among other
19 things, whether: (a) this matter should be finally certified as a class action for settlement
20 purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as
21 fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this
22 case should be dismissed with prejudice pursuant to the terms of the Agreement; (d) Settlement
23 Class Members should be bound by the releases set forth in the Agreement; (e) the application
24 for Class Counsel's Fees and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h);
25 and (f) the application for Plaintiff's Service Award should be approved.
26

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 5
Case No. 2:21-cv-00533-KKE

8. **Objections and Appearances**. Any Settlement Class Member may appear and explain why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered, why Class Counsel's Fees and Expenses should or should not be awarded, and/or why Plaintiff's Service Award should or should not be awarded. However, no Settlement Class Member or any other person shall be heard or entitled to contest such matters unless he, she, or it has complied with the deadline established by this Order and the requirements for objections set forth in the Court-approved Class Notice. Any Settlement Class Member who does not properly make his, her, or its objection shall be deemed to have waived any objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement and to the award of Class Counsel's Fees and Expenses or Plaintiff's Service Award, unless otherwise ordered by the Court.

9. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Fairness Hearing and related deadlines without further mailed notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed by the Parties, if appropriate, without further notice to the Settlement Class.

10. **Schedule and Deadlines**. The Court orders the following schedule for the specified actions and further proceedings:

| EVENT | TIMING |
|---|---|
| Deadline for Defendant to notify any appropriate federal/state officials of the proposed settlement, in compliance with 28 U.S.C. § 1715 | February 14, 2025 |
| Deadline for the Settlement Administrator to mail Court-approved Class Notice to Settlement Class ("Notice Date") | March 21, 2025 |
| Deadline for Class Counsel to file motion for Fees and Expenses and for Plaintiff's Service Award | April 4, 2025 |

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 6
Case No. 2:21-cv-00533-KKE

| Objection deadline | April 25, 2025 |
|---|---|
| Opt-out deadline | April 25, 2025 |
| Deadline for Class Counsel to file with the Court all objections served on the Settlement Administrator | May 9, 2025 |
| Deadline for motion for final approval of Settlement | May 12, 2025 |
| Deadline for responses to any timely objections | Any time prior to the Fairness Hearing |
| Fairness Hearing | May 19, 2025 |

**IT IS SO ORDERED.**

Dated: February 4, 2025.

*Kymberly K. Evanson*

Kymberly K. Evanson
United States District Judge

ORDER GRANTING UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT - 7
Case No. 2:21-cv-00533-KKE