

The Honorable Kymberly K. Evanson

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  DENNIS E. DAVIS, individually and on behalf of
   all others similarly situated,
10

11                    Plaintiff,

12  v.

13  SYMETRA LIFE INSURANCE COMPANY,

14                    Defendant.

15

16

17

18

NO. 2:21-cv-00533-KKE

**PLAINTIFF'S UNOPPOSED
MOTION PURSUANT TO RULE
23(e) FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT,
ATTORNEYS' FEES, EXPENSE
REIMBURSEMENT AND
SERVICE AWARD, AND
SUGGESTIONS IN SUPPORT**

NOTE ON MOTION CALENDAR:
May 19, 2025

19

20

21

22

23

24

25

26

UNOPPOSED MOTION FOR FINAL APPROVAL
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## TABLE OF CONTENTS

2    I.  INTRODUCTION .............................................................................................. 1

3    II. FACTUAL BACKGROUND ............................................................................. 1

4       A.  Summary of Litigation ............................................................................. 1

5       B.  Summary of Settlement ............................................................................ 3

6       C.  The Settlement Class ................................................................................ 4

7       D.  The Court's Preliminary Approval Order ................................................. 4

8       E.  The Class Notice Program ........................................................................ 5

9       F.  The Settlement Class's Positive Reaction to the Settlement ..................... 6

10   III. THE SETTLEMENT SHOULD BE FINALLY APPROVED. ............................ 6

11      A.  Standard for Final Approval .................................................................... 6

12      B.  The Proposed Settlement Is Fair, Reasonable, and Adequate Pursuant to
        the Factors Identified in Rule 23(e) and Hanlon. ...................................... 8

13
           1.  The Class Representatives and Class Counsel Have Provided
14             Excellent Representation to the Class. ............................................ 8

15         2.  The Settlement Is the Product of Arm's Length Negotiations. ............. 11

16         3.  The Relief Provided by the Settlement Is Excellent. ........................... 13

17         4.  The Settlement Treats Settlement Class Members Equitably Relative
              to Each Other, Supporting Approval of the Settlement. ...................... 17
18
     IV. CERTIFICATION OF A SETTLEMENT CLASS REMAINS
19      APPROPRIATE. ............................................................................................ 18

20   V.  THE COURT SHOULD GRANT CLASS COUNSEL'S MOTION FOR
        ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND SERVICE
21      AWARD. ........................................................................................................ 18

22   VI. CONCLUSION ............................................................................................... 20

23

24

25

26

UNOPPOSED MOTION FOR FINAL APPROVAL - i
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Abadilla v. Precigen, Inc.,*
2023 WL 7305053 (N.D. Cal. Nov. 6, 2023) .......................................................... 8, 13, 17

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ............................................................................................................ 8

*Andrade-Heymsfield v. NextFoods, Inc.,*
2024 WL 3871634 (S.D. Cal. Apr. 8, 2024) ...................................................................... 11

*Bendixen v. Sprint Commc'ns Co. L.P.,*
2013 WL 2949569 (W.D. Wash. June 14, 2013) ............................................................... 18

*Campbell v. Facebook, Inc.,*
951 F.3d 1106 (9th Cir. 2020) ............................................................................................. 7

*Churchill Vill. v. Gen. Elec.,*
361 F.3d 566 (9th Cir. 2004) ............................................................................................... 7

*Forsyth v. HP Inc.,*
2024 WL 1354551 (N.D. Cal. Mar. 29, 2024) ................................................................... 10

*Franklin v. Kaypro Corp.,*
884 F.2d 1222 (9th Cir. 1989) ........................................................................................... 14

*Grewe v. Cobalt Mortg., Inc.,*
2016 WL 4014114 (W.D. Wash. July 27, 2016) ................................................................ 12

*Hanlon v. Chrysler Corp.,*
150 F.3d 1011 (9th Cir. 1998) ..................................................................................... passim

*In re Apple Inc. Device Performance Litig.,*
50 F.4th 769 (9th Cir. 2022) ................................................................................................ 6

*In re Bluetooth Headset Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ............................................................................................. 19

*In re Checking Acct. Overdraft Litig.,*
830 F. Supp. 2d 1330 (S.D. Fla. 2011) .............................................................................. 16

*In re Immune Response Sec. Litig.,*
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................................................. 12

*In re Ins. Brokerage Antitrust Litig.,*
282 F.R.D. 92 (D.N.J. 2012) .............................................................................................. 18

*In re LinkedIn ERISA Litig.,*
2023 WL 8631678 (N.D. Cal. Dec. 13, 2023) ................................................................... 18

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Karr v. Kansas City Life Insurance Co.*,
  702 S.W.3d 1 (Mo. App. W.D. 2024) ................................................................. 9

*Kastel v. Cascade Living Grp. Mgmt., LLC*,
  2024 WL 3565771 (W.D. Wash. July 29, 2024) ............................................... 14

*Kim v. Allison*,
  8 F.4th 1170 (9th Cir. 2021) ............................................................................... 7

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ..................................................................... 11, 14

*Lusk v. Five Guys Enters. LLC*,
  2022 WL 4791923 (E.D. Cal. Sep. 30, 2022) ................................................... 12

*Lopez v. Velocity Transp. LLC*,
  2024 WL 4957565 (S.D. Cal. Dec. 3, 2024) ..................................................... 12

*Loreto v. Gen. Dynamics Info. Tech., Inc.*,
  2021 WL 3141208 (S.D. Cal. July 26, 2021) .................................................... 12

*Ludlow v. Flowers Foods, Inc.*,
  2024 WL 1162049 (S.D. Cal. Mar. 18, 2024) ................................................... 16

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ...................................................................... 11

*Niewinski v. State Farm Life Ins. Co.*,
  2023 WL 11984134 (W.D. Mo. Oct. 18, 2023) ................................. 10, 16, 17

*Niewinski v. State Farm Life Ins.*,
  2024 WL 4902375 (W.D. Mo. Apr. 1, 2024) .................................................... 10

*Norem v. Lincoln Benefit Life Co.*,
  737 F.3d 1145 (7th Cir. 2013) ........................................................................... 13

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) ............................................................................. 15

*Onitverso v. Zamora*,
  303 F.R.D. 356 (E.D. Cal. 2014) ...................................................................... 11

*Paredes Garcia v. Harborstone Credit Union*,
  2023 WL 7412842 (W.D. Wash. Nov. 9, 2023) ............................................... 15

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ....................................................................... 12, 15

*Rogowski v. State Farm Life Ins. Co.*,
  2023 WL 5125113 (W.D. Mo. Apr. 18, 2023) .................................. 10, 16, 17

*Sanchez v. Mohawk Indus., Inc.*,
  2024 WL 4556094 (E.D. Cal. Oct. 23, 2024) ................................................... 11

UNOPPOSED MOTION FOR FINAL APPROVAL - iii
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Schaffer v. Litton Loan Servicing, LP*,
2012 WL 10274679 (C.D. Cal. 2012) ............................................................ 15

*Smith v. Kaiser Found. Hosps.*,
2021 WL 2433955 (S.D. Cal. June 15, 2021) ................................................ 18

*Spegele v. USAA Life Ins. Co.*,
2021 WL 4935978 (W.D. Tex. Aug. 26, 2021) ........................................ 10, 16

*Taylor v. Populus Grp., LLC*,
2022 WL 3045366 (S.D. Cal. Aug. 2, 2022) .................................................. 11

*Tuttle v. Audiophile Music Direct, Inc.*,
2023 WL 8891575 (W.D. Wash. Dec. 26, 2023) ........................................... 14

*Vogt v. State Farm Life Ins. Co.*,
963 F.3d 753 (8th Cir. 2020) ........................................................................... 9

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ......................................................................................... 6

*Wells Fargo Collateral Prot. Ins. Litig.*,
2019 WL 6219875 (C.D. Cal. Nov. 4, 2019) ................................................. 17

*Whitman v. State Farm Life Ins. Co.*,
2022 WL 4081916 (W.D. Wash. Sept. 6, 2022) ............................................ 13

*Williams v. PillPack LLC*,
2024 WL 4574563 (W.D. Wash. Sept. 17, 2024) .......................................... 15

**Statutes**

28 U.S.C. § 1715 .................................................................................................... 5

**Rules**

Fed. R. Civ. P. 23 ........................................................................................... passim

**Other Authorities**

4 Newberg and Rubenstein on Class Actions § 13:53 (6th ed.) ............................ 16

# I.    INTRODUCTION[1]

The $32.5 million class action settlement ("Settlement") before the Court between Plaintiff Dennis E. Davis ("Plaintiff"), on behalf of the Settlement Class, and Defendant Symetra Life Insurance Company ("Symetra"), is an extraordinary result for the Settlement Class Members, providing them direct cash compensation for the allegedly excessive cost of insurance charges Symetra deducted from their accounts, without the need for a claim form.[2] By any measure, the Settlement is excellent, and represents a material portion of the alleged overcharges that Settlement Class Members reasonably could have recovered at trial.

The Settlement was reached following nearly 4 years of intensive and contentious litigation culminating in several pending dispositive motions—Plaintiff's motion for class certification and Symetra's motions for summary judgment and to exclude Plaintiff's expert. At the preliminary approval stage, the Court concluded that the Settlement appeared to be fair, reasonable, and adequate and that the standards for class certification were satisfied. Having now been notified of the Settlement, the reaction of Settlement Class Members demonstrates their overwhelming support for the Settlement. Indeed, from a Settlement Class of owners of approximately 43,000 policies, *no* objections to the Settlement have been submitted. Plaintiff therefore moves the Court for an order finally approving the Settlement and entering final judgment thereon.

# II.    FACTUAL BACKGROUND

## A.  Summary of Litigation

A detailed history of this multi-state class action was set forth in Plaintiff's Motion for Preliminary Approval (Dkt. 135) and the Declaration of Patrick J. Stueve in support of that

---

[1] Symetra does not oppose the relief sought by this motion and agrees that the Court should grant final approval of the proposed settlement. By not opposing this relief, Symetra does not concede the factual basis for any claim and denies liability.

[2] All defined terms herein have the same meanings ascribed to them in the Settlement Agreement. Pursuant to the Settlement Agreement, attached hereto as Exhibit A is the Class List. Dkt. 135-1 ("Agreement") at ¶1.6.

UNOPPOSED MOTION FOR FINAL APPROVAL - 1
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

motion (Dkt. 136) ("Stueve Decl."), which is incorporated by reference here. Highly summarized, Plaintiff challenges how Symetra determined the cost of insurance ("COI") rates for its universal life insurance policies as issued on the 33 policy forms owned by members of the proposed class ("Policies").[3] Plaintiff alleges the Policies do not authorize Symetra to include non-mortality profits or expenses in the COI rates and that Symetra's use of such factors breaches the COI rates provision in the Policies. Plaintiff further alleges that Symetra's failure to reduce monthly COI rates for the Policies despite general improvement of mortality expectations constitutes breach of the Policies. At the time of the Settlement, Plaintiff had moved for class certification of an 11-state class of Symetra policyholders who were issued policies in Arizona, California, Florida, Illinois, Indiana, Kentucky, Minnesota, Missouri, South Carolina, Texas, or Washington whose policy was in force on or after 2000 (Dkt. 61, 67). Symetra had moved for summary judgment contending that the policy language broadly permits it to set COI rates using factors other than mortality expectations and does not require it to lower COI rates when its mortality expectations improve (Dkt. 94). Symetra also asserted that Plaintiff's breach of contract claims are barred by the statute of limitations. *Id.* Symetra had also moved to exclude the testimony of Plaintiff's expert, Scott J. Witt (Dkt. 81, 86). At the time of Settlement, these motions were fully briefed (Dkt. 80, 96, 100, 102, 110, 112, 118) and the Court had heard over four hours' worth of oral argument on Symetra's motion for summary judgment and Plaintiff's motion for class certification.

The negotiations that culminated in the Settlement were conducted by highly qualified and experienced counsel on both sides at arm's length over several informal settlement discussions throughout the case, as well as a full-day mediation before the Honorable Layn Phillips, retired U.S. District Judge. Due to the litigation history and Class Counsel's deep experience in litigating cases of this type, Class Counsel were well informed of the material facts

---

[3] A list of these 33 policy forms can be found in Appendix 1 to the Declaration of Scott J. Witt filed in support of Plaintiff's Motion for Class Certification (Dkt. 63).

1    and legal risks and well-positioned to evaluate Symetra's defenses and the risks facing the

2    Settlement Class Members. Indeed, the risk of continued litigation to Plaintiff and the similarly

3    situated policyholders, and to Symetra, had crystalized at the time of Settlement. The negotiations

4    were hard-fought and non-collusive, Class Counsel advocated for a fair and reasonable settlement

5    that serves the best interests of the Settlement Class, and the resulting $32.5 million Settlement

6    should be finally approved.

7    **B. Summary of Settlement**

8    The Settlement Agreement represents a compromise between Plaintiff and the Settlement

9    Class and Symetra regarding the claims in the Class Action Complaint. Pursuant to the Settlement

10   Agreement, following the Court's February 4, 2025, Order Granting Preliminary Approval of the

11   Class Action Settlement (Dkt. 139), a non-reversionary cash Settlement Fund in the amount of

12   $32,500,000 was created. Agreement at ¶¶1.36, 2.1. The Settlement Fund is non-reversionary

13   (meaning no money will be returned to Symetra), and there is no "claims process." *Id*. at ¶¶1.36,

14   2.3. Each Settlement Class Member will receive their share of the Net Settlement Fund pursuant

15   to the Distribution Plan developed by Class Counsel with the assistance of a qualified actuary,

16   Scott Witt, who developed the Distribution Plan involving the Policies. *Id*. at ¶2.2; Dkt. 138

17   (Declaration of Scott J. Witt) at ¶¶6, 14-18; Dkt. 138-2 (Distribution Plan).

18   Pursuant to the Settlement Agreement, Class Counsel have moved for an attorneys' fee

19   award to be paid from the Settlement Fund in the amount of one-third of the Settlement Fund and

20   reimbursement of expenses in the amount of $197,618.82. Dkt. 141; *see* Agreement at ¶¶1.36,

21   8.1. Class Counsel have also moved for a $25,000 service award for the Plaintiff to be paid from

22   the Settlement Fund. Dkt. 141; *see* Agreement at ¶¶1.36, 8.2. The Settlement Fund will also be

23   used to pay for the fees and expenses of the Settlement Administrator. Agreement at ¶1.36.

24   The Settlement Agreement allocates the value of the Settlement Fund across the

25   Settlement Class pursuant to an objective Distribution Plan that is designed to provide each

26   Settlement Class Member a minimum payment of $10 plus a pro rata portion of the Net

UNOPPOSED MOTION FOR FINAL APPROVAL - 3
Case No. 2:21-cv-00533-KKE

Settlement Fund according to the amount of Monthly Deductions (comprised of the COI charges) paid by each Settlement Class Member, with equitable adjustments for Settlement Class Members who still have active Policies. *See* Dkt. 138-2 (Distribution Plan). In exchange, Plaintiff and the Settlement Class Members will release all claims arising out of the facts asserted in this case. Agreement at ¶¶3.1, 3.2.

**C. The Settlement Class**

The Settlement Class includes owners of approximately 43,000 Policies that were active on or after January 1, 2000, and were issued by American States Life Insurance Company as MasterPlan, Executive MasterPlan, MasterPlan Plus, Joint MasterPlan Plus, and Juvenile MasterPlan Plus universal life insurance policies and administered by Symetra or its predecessors in interest.[4] Agreement at ¶¶1.6, 1.34.

**D. The Court's Preliminary Approval Order**

On February 4, 2025, the Court entered its order preliminarily approving the Settlement and ordering that notice of the Settlement should issue to the Settlement Class. Dkt. 139. As discussed in more detail below, the Court concluded it would likely approve the Settlement as fair, reasonable, and adequate and certify the Settlement Class for purposes of entering judgment on the Settlement. *Id*. at 3-5.[5] The Court also appointed the undersigned Plaintiff's counsel as Class Counsel pursuant to Rule 23(g)(3) and appointed Analytics LLC ("Analytics") as the Settlement Administrator. *Id*. at 5. The Court also approved the Class Notice and found that it and the proposed method for its delivery by first-class mail constituted the best practicable notice to the Settlement Class. *Id*. at 5-6. The Court thus directed the Settlement Administrator and the Parties to carry out the Class Notice program. *Id*. The Court set a deadline of April 25, 2025, for

---

[4] The Settlement Class excludes Symetra; any entity in which Symetra has a controlling interest; any of the officers, directors, employees, or sales agents of Symetra; the legal representatives, heirs, successors, and assigns of Symetra; anyone employed with Plaintiff's law firms; and any Judge to whom this Action is assigned, and his or her immediate family. Agreement ¶1.34.

[5] Docket citations to page numbers are to the CM/ECF page numbers.

Settlement Class Members to submit objections to the Settlement or to opt-out of the Settlement Class and scheduled a Fairness Hearing for May 19, 2025. *Id*. at 8.

### E.  The Class Notice Program

On January 24, 2025, on behalf of Symetra, Analytics served notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Supplemental Declaration of Richard W. Simmons at ¶¶19-23. On March 21, 2025, Analytics mailed the Court-approved Class Notice to members of the Settlement Class. *Id.* at ¶7. Prior to mailing, all addresses were updated using the National Change of Address database maintained by the United States Postal Service ("USPS"), certified via the Coding Accuracy Support System and verified through Delivery Point Validation. *Id*. at ¶6. Analytics re-mailed Class Notices that were returned as undeliverable where new addresses were available through USPS information (for example, to the address provided by the USPS on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the USPS returns the piece with the address indicated; or to better addresses that may be found using a third-party lookup service). *Id*. at ¶8. Analytics' individual notice efforts resulted in the Class Notice being delivered to over 92.7% of the identified Settlement Class Members. *Id*. at ¶9.

Analytics also established a dedicated Settlement Website where Settlement Class Members have been able to obtain detailed information about the case and review key documents, including the operative Complaint, Answer, Class Notice, Settlement Agreement, Preliminary Approval Order, and Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Service Award. *Id*. at ¶¶14-16. Analytics also established a toll-free telephone number, where Settlement Class Members can call for additional information, listen to answers to FAQs, and speak to a live operator. *Id*. at ¶¶10-11. Additionally, Analytics created an email address, so Settlement Class Members can correspond by email. *Id*. at ¶¶12-13.

UNOPPOSED MOTION FOR FINAL APPROVAL - 5
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**F.  The Settlement Class's Positive Reaction to the Settlement**

Only 5 policyholders (0.01%) submitted requests to opt-out of the Settlement Class, and no objections to the Settlement or Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Service Award were submitted.

### III.    THE SETTLEMENT SHOULD BE FINALLY APPROVED.

**A.  Standard for Final Approval**

Class action settlements must be approved by the Court. Fed. R. Civ. P. 23(e). The Settlement should be approved because it is fair, reasonable, and adequate under the factors set forth in Rule 23(e)(2) and those identified by the Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 338 (2011)).

The factors identified in Federal Rule of Civil Procedure 23(e)(2) are whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022).

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

In assessing whether relief provided by a settlement is adequate, the Ninth Circuit has expounded on the Rule 23(e)(2)(C) factors by identifying the following "*Hanlon*" factors for district courts to consider:

> [1] the strength of the plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting *Hanlon*, 150 F.3d at 1026) (alterations in original).[6] "District courts may consider some or all of these factors." *Id*.

In granting preliminary approval of the Settlement, the Court concluded that it would likely be able to (i) approve the Settlement as fair, reasonable, and adequate under the above factors; and (ii) certify the Settlement Class for purposes of entering judgment on the Settlement. Dkt. 139. There has been no change in circumstances that would warrant the Court reaching any other conclusion now. Indeed, the Settlement Class Members, now having been apprised of the Settlement, have shown their overwhelming support for it as judged by the very small number of policyholders who have chosen to exclude themselves from the Settlement Class and the lack of objections to the Settlement from Settlement Class Members. For completeness, Plaintiff analyzes the relevant factors again below.

---

[6] The "*Hanlon*" factors have also been referred to as the "*Churchill*" factors, even though the factors are the same. *See Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021) (citing *Churchill Vill. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004)).

UNOPPOSED MOTION FOR FINAL APPROVAL - 7
Case No. 2:21-cv-00533-KKE

**B. The Proposed Settlement Is Fair, Reasonable, and Adequate Pursuant to the Factors Identified in Rule 23(e) and *Hanlon*.**

As demonstrated below, the proposed Settlement is fair, reasonable, and adequate under the factors identified in Rule 23(e) and by the Ninth Circuit in *Hanlon* such that the Court should finally approve the Settlement.

**1. The Class Representatives and Class Counsel Have Provided Excellent Representation to the Class.[7]**

The adequacy of representation factor supports a finding that the Settlement is fair, reasonable, and adequate. The Court concluded so in entering preliminary approval. Dkt. 139 at 3 ("[T]he Court finds that: Plaintiff as class representative (Dkt. No. 135-1 at 19-20) and Class Counsel have provided adequate representation to the Settlement Class…."). First, the Representative Plaintiff has shown his dedication to representing the Settlement Class, helping to develop and review the factual allegations in the Complaint and remaining committed to the case through Settlement. *See* Dkt. 136 (Stueve Decl.) at ¶35. Plaintiff has worked with counsel to advance the litigation on behalf of himself and all members of the proposed Settlement Class, and supports the Settlement and advocates for its approval. *Id*. at ¶¶35-36. Plaintiff's interest is aligned with those of other Settlement Class Members, as he alleges that he suffered and seeks to redress the same injury: the breach of his life insurance policy through alleged excessive COI deductions. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members.").

Second, Class Counsel are competent, experienced, and qualified, with expertise in class actions and cost of insurance cases on this and other life insurance policies, and have vigorously

---

[7] This Rule 23(e)(2)(A) factor corresponds with certain *Hanlon* factors, such as "the extent of discovery completed and the stage of the proceedings, the experience and view of counsel, and the reaction of the class members of the proposed settlement." *See Abadilla v. Precigen, Inc.*, 2023 WL 7305053, at *8 (N.D. Cal. Nov. 6, 2023) (citing *Hanlon*, 150 F.3d at 1026).

prosecuted the claims asserted in this case. Class Counsel have been appointed as class counsel in dozens of class actions throughout the country and have significant experience handling complex disputes, including lawsuits involving life insurance contracts. *See* Dkt. 136 (Stueve Decl.) at ¶¶5-11; Dkt. 136-1 (Stueve Siegel firm resume); Dkt. 136-2 (Schirger Feierabend firm resume).

Class Counsel have tried four similar COI overcharge cases, securing jury verdicts in favor of policyholders in all four jury trials. For example, in *Karr v. Kansas City Life Insurance Co.*, Class Counsel secured full compensatory damages on all three breach of contract claims for $28,362,830.96 in COI overcharges. *See* No. 1916-CV26645 (Mo. Cir. Ct. May 10, 2023). The Missouri Court of Appeals affirmed the jury verdict, agreeing with the trial court's interpretation of the policy language as unambiguously precluding the insurer from loading COI rates with non-mortality profits and expenses, and reversed the trial court's denial of prejudgment interest on the $28.36 million damage award, therefore bringing the total recovery to over $48 million, including accrued post-judgment interest. *See Karr*, 702 S.W.3d 1 (Mo. App. W.D. 2024), *transfer denied*, No. SC100845 (Mo. Dec. 23, 2024); *see also Meek v. Kansas City Life Ins. Co.*, No. 4:19-cv-472-BP (W.D. Mo. May 25, 2023) ($908,075 jury verdict); *Sheldon v. Kansas City Life Ins. Co.*, No. 1916-CV26689 (Mo. Cir. Ct. Sept. 22, 2023) ($4,095,897.75 verdict).

Similarly, Class Counsel successfully tried a COI case against State Farm on behalf of Missouri policyholders, securing a jury verdict of $34,333,495.81 for COI overcharges. *See Vogt v. State Farm Life Ins. Co.*, No. 2:16-cv-04170-NKL, Dkt. 358, 360 (W.D. Mo. June 6, 2018). The Eighth Circuit affirmed the jury verdict, concurred with the district court's interpretation of the life insurance policy language finding that the insurer was precluded from loading COI rates with non-mortality profits and expenses, and reversed the trial court's denial of prejudgment interest, bringing the total recovery to nearly $40 million. *See Vogt*, 963 F.3d 753 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 2551 (Apr. 19, 2021).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

In addition to their extensive trial experience in COI cases, Class Counsel have also obtained numerous settlements in COI overcharge cases. After the litigation referenced above on the State Farm policy, Class Counsel settled two cases against State Farm on a nationwide basis for $325,000,000 and $65,000,000, respectively. *See Rogowski v. State Farm Life Ins. Co.*, 2023 WL 5125113 (W.D. Mo. Apr. 18, 2023) (760,000 policies); *Niewinski v. State Farm Life Ins. Co.*, 2023 WL 11984134 (W.D. Mo. Oct. 18, 2023) (445,000 policies); *see also Niewinski*, 2024 WL 4902375 (W.D. Mo. Apr. 1, 2024). In 2021, attorneys from Stueve Siegel and Schirger Feierabend settled a similar case against USAA Life Insurance Company, obtaining $90 million for a class of universal life insurance policyholders. *Spegele v. USAA Life Ins. Co.*, 2021 WL 4935978 (W.D. Tex. Aug. 26, 2021). And in 2018, attorneys from Stueve Siegel and Schirger Feierabend settled a similar case against John Hancock Life Insurance Company, obtaining $59.75 million for a class of life insurance policyholders. *See Larson v. John Hancock Life Ins. Co.*, No. RG16813803 (Alameda Cty., Cal. May 8, 2018). In 2016, attorneys from Stueve Siegel and Schirger Feierabend settled another similar case against Lincoln National Life Insurance Company, obtaining $2.25 billion of guaranteed term life insurance with a market value of approximately $171.8 million for a class of policyholders. *See Lincoln Nat'l Life Ins. Co. v. Bezich*, No. 02C01-0906-PL-73 (Allen Cty., Ind. Feb. 4, 2016).

Plaintiff submits that his counsel's track record of obtaining substantial recoveries both through settlement and trial resulted in the outstanding Settlement submitted for approval here. Moreover, Class Counsel's depth of knowledge and experience gained through their extensive experience in COI litigation allowed them to accurately evaluate and weigh the risks of continued litigation to reach a fair settlement of the claims asserted in this litigation, which they believe to be in the best interests of Plaintiff and the Settlement Class. Dkt. 136 (Stueve Decl.) at ¶31. This factor thus supports finding that the Settlement is fair, reasonable, and adequate. *See Forsyth v. HP Inc.*, 2024 WL 1354551, at *5 (N.D. Cal. Mar. 29, 2024) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying

UNOPPOSED MOTION FOR FINAL APPROVAL - 10
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

litigation.") (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004)); *see also Sanchez v. Mohawk Indus., Inc.*, 2024 WL 4556094, at *21 (E.D. Cal. Oct. 23, 2024) (observing the "opinions of counsel are entitled to significant weight and support approval of the Settlement").

Third, the litigation had reached an advanced stage where significant discovery had been completed, class certification expert witnesses disclosed, and summary judgment and class certification were fully briefed and pending, following oral argument. Dkt. 136 (Stueve Decl.) at ¶¶12-20. "A settlement that occurs in an advanced stage of the proceedings indicates the parties carefully investigated the claims before reaching a resolution." *See Onitverso v. Zamora*, 303 F.R.D. 356, 371 (E.D. Cal. 2014). "A court is more likely to approve a settlement if most of the discovery is completed because it suggests that the parties arrived at a compromise based on a full understanding of the legal and factual issues surrounding the case." *Taylor v. Populus Grp., LLC*, 2022 WL 3045366, at *7 (S.D. Cal. Aug. 2, 2022) (quoting *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527 (C.D. Cal. 2004)). Even formal discovery may not be necessary where "the parties have sufficient information to make an informed decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998). Here, Class Counsel had all the information they needed to evaluate Settlement Class Members' claims for settlement purposes, having vigorously prosecuted the case over three years.

### 2. The Settlement Is the Product of Arm's Length Negotiations.[8]

The extent and scope of litigation confirms that the Settlement is the product of arm's length negotiations. *See* Fed. R. Civ. P. 23(e)(2)(B). As set forth above, the Settlement is the result of significant negotiation by experienced counsel on both sides with the assistance of an experienced, well-respected neutral mediator, culminating in a mediator's proposal after the case

---

[8] This Rule 23(e) factor "overlaps with certain *Hanlon* factors, such as the non-collusive nature of negotiations, the extent of discovery completed, and the stage of proceedings." *Andrade-Heymsfield v. NextFoods, Inc*., 2024 WL 3871634, at *3 (S.D. Cal. Apr. 8, 2024) (citing *Hanlon*, 150 F.3d at 1026).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

did not settle at the mediation, resulting in the execution of the Agreement. *See* Dkt. 136 (Stueve Decl.) at ¶¶21-24. The mediator's proposal and arm's length nature of the negotiations amongst experienced counsel supports a finding that the Settlement is fair, reasonable, and adequate. *See Grewe v. Cobalt Mortg., Inc.*, 2016 WL 4014114, at *3 (W.D. Wash. July 27, 2016) (finding the court should "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution") (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)); *see also In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1171 (S.D. Cal. 2007) (where the parties participated in voluntary mediation before an experienced mediator and "reached an agreement-in-principle to settle the claims in the litigation," such negotiations are "highly indicative of fairness"); *Lusk v. Lopez v. Velocity Transp. LLC*, 2024 WL 4957565, at *6 (S.D. Cal. Dec. 3, 2024) (finding the settlement "appears to be the product of serious, informed, non-collusive negotiations," where it was "only resolved via the acceptance of a mediator's proposal"); *Lusk v. Five Guys Enters. LLC*, 2022 WL 4791923, at *9 (E.D. Cal. Sep. 30, 2022) ("The fact that the parties engaged in mediation and that the Settlement is based on a mediator's proposal further supports a finding that the settlement agreement is not the product of collusion."); *Loreto v. Gen. Dynamics Info. Tech., Inc.*, 2021 WL 3141208, at *4 (S.D. Cal. July 26, 2021) (Rule 23(e)(2)(B) is likely satisfied where settlement was "the result of an arm's length negotiation facilitated by an experienced mediator after the exchange of sufficient discovery[.]").[9] Accordingly, this factor supports final approval of the Settlement.

---

[9] *See also* Cmt. to December 2018 Amendment to Fed. R. Civ. P. 23(e) ("[T]he involvement of a neutral or court-affiliated mediator or facilitator in those negotiations may bear on whether they were conducted in a manner that would protect and further the class interests.").

UNOPPOSED MOTION FOR FINAL APPROVAL - 12
Case No. 2:21-cv-00533-KKE

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1

        **3. The Relief Provided by the Settlement Is Excellent.[10]**

2

        **a. The duration, costs, risks, and delay of trial and appeal support**

3

        **approval of the Settlement.[11]**

4

      The $32.5 million Settlement Fund represents a material recovery for members of the

5

Settlement Class, especially given the risk that, had the case proceeded through trial and all

6

appeals, Plaintiff and the class could have recovered little or no damages. The Court previously

7

concluded that the Settlement "is an excellent result for the Settlement Class in comparison to

8

the very substantial litigation risks facing the Settlement Class Members." Dkt. 139 at 3.

9

      The Court further found that "the length of time and the expense that would be necessary

10

to continue to litigate Plaintiff's case through trial and appeal would be considerable." *Id*. In the

11

absence of the Settlement, the Settlement Class Members face significant risks, costs, and delay

12

in reaching a litigated judgment in their favor. As explained in Plaintiff's preliminary approval

13

motion, courts have reached various readings of the relevant policy language. While Class

14

Counsel have secured several jury verdicts in similar cases, these cases compellingly demonstrate

15

the substantial length of time it takes to proceed to trial and then to complete the appellate review

16

process. Class Counsel have prevailed in most of the cases they have prosecuted on behalf of

17

policyholders, however they have not prevailed in all of them. *See, e.g.*, *Whitman v. State Farm*

18

*Life Ins. Co.*, 2022 WL 4081916 (W.D. Wash. Sept. 6, 2022) (finding the COI rates language

19

permitted the insurer to load non-mortality expenses and profits in COI rates and entering

20

judgment against the certified class of Washington policyholders); *see also Norem v. Lincoln*

21

*Benefit Life Co.*, 737 F.3d 1145, 1146 (7th Cir. 2013). While Plaintiff believes *Whitman* and

22

23

24

[10] Fed. R. Civ. P. 23(e)(C).

25

[11] Fed. R. Civ. P. 23(e)(2)(C)(i). This Rule 23(e)(2) factor overlaps with several *Hanlon* factors, including "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; and the

26

amount offered in settlement." *Abadilla*, 2023 WL 7305053, at *9 (citing *Hanlon*, 150 F.3d at 1026).

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  *Norem* are distinguishable from this case there is real risk that the class could recover nothing

2  through further litigation.

3      Additionally, even if Plaintiff prevailed on his contract interpretation, substantial

4  substantive and procedural challenges remain. No matter the merit of Plaintiff's claims and Class

5  Counsel's prior record of success, a class action jury trial is an inherently risky and unpredictable

6  process. Even if Plaintiff prevailed at trial, absent settlement, the issue of policy interpretation,

7  among other issues, would be before the Ninth Circuit for the first time. Consequently, there

8  remains a significant risk that policyholders would recover nothing through further litigation,

9  supporting that the Settlement should be approved. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222,

10  1225 (9th Cir. 1989) (recognizing that "some recovery by way of settlement" of a class action is

11  viewed "more favorably than the risk of recovering nothing"); *Kastel v. Cascade Living Grp.*

12  *Mgmt., LLC*, 2024 WL 3565771, at *1 (W.D. Wash. July 29, 2024) ("[S]ettlement at this time

13  will avoid substantial costs, delay, and risks that would be presented by the further prosecution

14  of the litigation."); *Tuttle v. Audiophile Music Direct, Inc.*, 2023 WL 8891575, at *10 (W.D.

15  Wash. Dec. 26, 2023) ("[E]very settlement, by its nature, is the result of compromise.") (citing

16  *Linney*, 151 F.3d at 1242 ("[T]he very essence of a settlement is compromise, a yielding of

17  absolutes and an abandoning of highest hopes.") (internal quotation marks omitted)).

18      Moreover, even if Plaintiff were to prevail on all issues, the Settlement Class would likely

19  not obtain their due recovery for years while the verdict is appealed.[12] This delay further supports

20  a finding that the Settlement, which provides a material portion of the damages that Settlement

21  Class Members could have obtained had they prevailed on the merits of their claims, and more

22  than they could have recovered if Defendant prevailed on any one of its defenses, is a fair,

---

[12] For example, the jury verdict Class Counsel obtained in *Vogt* in 2018 was challenged for years, with the policyholders not receiving their distributions of the judgment until 2022. Dkt. 136 (Stueve Decl.) at ¶33. Similarly, Kansas City Life Insurance Company did not pay judgments against it in *Karr* and *Meek* resulting from jury trials in December 2022 and May 2023 for over two years due to the delay inherent in the appeals process, and Kansas City Life has not yet paid the judgment against it from the *Sheldon* case that went to trial in September 2023. Supplemental Joint Declaration of Patrick J. Stueve and John J. Schirger ("Supp. Decl.") at ¶4.

UNOPPOSED MOTION FOR FINAL APPROVAL - 14
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

reasonable, and adequate result, and should therefore be approved. *See Williams v. PillPack LLC*, 2024 WL 4574563, at *6 (W.D. Wash. Sept. 17, 2024) (observing that "litigating the case to trial and through appeal would be costly and time consuming, substantially delaying any recovery for the class") (citing *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274679, *11 (C.D. Cal. 2012) ("Estimates of what constitutes a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)."); *Paredes Garcia v. Harborstone Credit Union*, 2023 WL 7412842, at *6 (W.D. Wash. Nov. 9, 2023) (explaining "the ongoing litigation would be costly and time consuming, only adding to the benefit to class members of early settlement in this case") (citing *Rodriguez*, 563 F.3d at 966 (explaining that difficulties and risks in litigating weigh in favor of approving a class settlement)); *see also Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("[I]t is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.").

**b. The effectiveness of the proposed method of distributing relief to the Settlement Class supports approval of the Settlement.[13]**

Under the Settlement Agreement, the Net Settlement Fund will be distributed pursuant to a proposed Distribution Plan with settlement checks being delivered directly to each Settlement Class Member without the submission of a claim. Agreement at ¶¶2.2, 2.3. The distribution formula will provide each Settlement Class Member with a minimum payment of $10 plus the pro rata portion of the fund according to the amount of COI charges paid by the Settlement Class Member, with an upward adjustment for current owners in recognition of the challenged COI deductions that will continue to be made from their accounts. *See* Dkt. 138-2 (Distribution Plan). This is similar to the distribution process used in other COI settlements and approved by courts

---

[13] Fed. R. Civ. P. 23(e)(2)(C)(ii).

across the country. *See, e.g.*, *Niewinski*, 2023 WL 11984134, at *1; *Rogowski*, 2023 WL 5125113, at *3; *Spegele*, 2021 WL 4935978, at *6; *Spegele*, No. 5:17-cv-967-OLG, at Dkt. 103-1 (W.D. Tex. Apr. 9, 2021). Further, this simple process for distributing settlement relief supports final approval of the Settlement. *See, e.g.*, *Ludlow v. Flowers Foods, Inc.*, 2024 WL 1162049, at *7 (S.D. Cal. Mar. 18, 2024) (finding that no claims process for receiving settlement funds "favors approving the class wide Settlement"); *In re Checking Acct. Overdraft Litig.*, 830 F. Supp. 2d 1330, 1351 (S.D. Fla. 2011) ("The absence of a claims-made process further supports the conclusion that the Settlement is reasonable."); 4 Newberg and Rubenstein on Class Actions § 13:53 (6th ed.) (stating a class settlement distribution method should be "in as simple and expedient a manner as possible").

### c. The terms for the award of attorneys' fees, including the timing of payment, support approval of the Settlement.[14]

Class Counsel have sought their fee in the amount of one-third of the Settlement Fund created for the Settlement Class, providing a thorough analysis of the reasonableness of their request in their fee motion. Dkt. 141. Because the fee request is reasonable, and in any event the Settlement is not conditioned upon the Court's approval of the fee award, Agreement at ¶8.4, the Court should approve the Settlement.[15]

### d. There is no agreement required to be identified under Rule 23(e)(3).[16]

Under Rule 23(e)(3), "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." There is no agreement between the Parties

---

[14] Fed. R. Civ. P. 23(e)(2)(C)(iii).

[15] Similarly, Class Counsel have requested a Service Award of $25,000 for Plaintiff and explained why this amount is reasonable. Dkt. 141 at 17. The Parties' Agreement is not conditioned on the Court's approval of this request either. Agreement at ¶8.4.

[16] Fed. R. Civ. P. 23(e)(2)(C)(iv).

UNOPPOSED MOTION FOR FINAL APPROVAL - 16
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  here, except those set forth in the Settlement Agreement. Accordingly, this factor is not relevant

2  to whether the Settlement should be approved.

3      **e.  The lack of a governmental participant supports approval of the**

4      **Settlement.[17]**

5      The lone *Hanlon* factor that does not overlap with the factors enumerated in Rule

6  23(e)(2), "the presence of a governmental participant," likewise supports approving the

7  Settlement. *See Abadilla*, 2023 WL 7305053, at *11 (recognizing that the sole *Hanlon* factor that

8  does not overlap with Rule 23(e)(2) is "the presence of a governmental participant") (citing

9  *Hanlon*, 150 F.3d at 1026). Here, there is no governmental participant in the lawsuit, nor did this

10  litigation follow a governmental investigation. Thus, there is no doubt Plaintiff and his counsel

11  can "appropriately take credit for the entire settlement amount." *In re Wells Fargo Collateral*

12  *Prot. Ins. Litig*., 2019 WL 6219875, at *3 (C.D. Cal. Nov. 4, 2019) (finding "the presence of

13  government participants" as a "factor weighing against approving the settlement").

14      **4.  The Settlement Treats Settlement Class Members Equitably Relative to**

15      **Each Other, Supporting Approval of the Settlement.[18]**

16      The Settlement's proposed distribution formula determines each Settlement Class

17  Member's recovery under the Settlement according to the COI charges each paid under their

18  Policies, with an upward adjustment proposed for current policyholders to reflect that they are

19  still paying COI charges.[19] *See, e.g.*, *Niewinski*, 2023 WL 11984134, at *1; *Rogowski*, 2023 WL

20  5125113, at *3. The Court has concluded that "the Settlement treats the Settlement Class

21  Members equitably relative to each other by awarding them a proportion of the Cost of Insurance

22  charges they each actually paid, in addition to providing equitable adjustments to Settlement

23

24  [17] *Hanlon*, 150 F.3d at 1026.

25  [18] *See* Fed. R. Civ. P. 23(e)(2)(D).

26  [19] *See* Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment (stating the equitable treatment of class members should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims").

UNOPPOSED MOTION FOR FINAL APPROVAL - 17
Case No. 2:21-cv-00533-KKE

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  Class Members pursuant to the Distribution Plan." Dkt. 139 at 3. Thus, this factor supports final
2  approval of the Settlement.

3  **IV.    CERTIFICATION OF A SETTLEMENT CLASS REMAINS APPROPRIATE.**

4          In its Preliminary Approval Order, the Court concluded the Settlement Class satisfied the
5  requirements for certification under Rule 23(a) and (b)(3) for purposes of settlement. Dkt. 139 at
6  4-5. Nothing has changed since the Court's ruling to call the Court's conclusions regarding
7  certification of a settlement class into question. Accordingly, for the reasons set forth in his
8  preliminary approval motion, Plaintiff asks that the Court certify the Settlement Class for
9  purposes of entry of judgment on the Settlement.

10  **V.     THE COURT SHOULD GRANT CLASS COUNSEL'S MOTION FOR**
11  **ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND SERVICE AWARD.**

12          On April 3, 2025, Class Counsel filed their Motion for Attorneys' Fees, Expense
13  Reimbursement, and Service Award (Dkt. 141, "Fee Motion") seeking one-third of the
14  Settlement Fund and reimbursement of $197,618.82 in litigation expenses and posted the motion
15  to the Settlement Website the same day. *See* Dkt. 141. As set forth in that motion and the
16  supporting declarations of Class Counsel, a fee of one-third of the Settlement Fund is well
17  supported by established law in this Circuit. *Id.* No objections were received related to Class
18  Counsel's fee or expense reimbursement request, which supports approval. *See Bendixen v.*
19  *Sprint Commc'ns Co. L.P.*, 2013 WL 2949569, at *4 (W.D. Wash. June 14, 2013) ("The absence
20  of objections by class members to Settlement Class Counsel's fee-and-expense request further
21  supports finding it reasonable."); *see also In re LinkedIn ERISA Litig.*, 2023 WL 8631678, at *10
22  (N.D. Cal. Dec. 13, 2023) ("And significantly, the lack of any objections to the fee request also
23  supports Class Counsels' fee request."); *Smith v. Kaiser Found. Hosps.*, 2021 WL 2433955, at
24  *9 (S.D. Cal. June 15, 2021) ("There have been no objections to the Settlement, signaling the
25  Settlement Class's approval of counsel's fee request."); *In re Ins. Brokerage Antitrust Litig.*, 282

26

UNOPPOSED MOTION FOR FINAL APPROVAL - 18
Case No. 2:21-cv-00533-KKE

1  F.R.D. 92, 121 (D.N.J. 2012) ("The absence of substantial objections by Settlement Class

2  members to the fees requested by Class Counsel strongly supports approval.").

3      While a lodestar crosscheck is not required in the Ninth Circuit, *see In re Bluetooth*

4  *Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011), Class Counsel submitted a

5  lodestar crosscheck analysis, showing hours spent in these actions through early April 2025,

6  resulting in a lodestar multiplier of 2.88. Dkt. 141 at 16. As explained in Plaintiff's motion, a

7  multiplier in this range, and even one larger, is eminently reasonable given the circumstances of

8  this unique case and risks faced by Class Counsel. As set forth in the Supplemental Joint

9  Declaration of Patrick J. Stueve and John J. Schirger ("Supp. Decl."), Class Counsel have

10  continued to spend time on this litigation, spending an additional 145 hours as of May 9, 2025

11  on various litigation and settlement tasks, including responding to class member inquiries about

12  the Settlement, working with an actuarial expert regarding application of the allocation

13  methodology to the Class, and preparing the additional final approval motions briefing and

14  supporting material submitted to the Court. *See* Supp. Decl. at ¶2. These additional hours at the

15  previously identified hourly rates and the anticipated future work related to settlement

16  administration reduce the multiplier to 2.73, further establishing that Class Counsel's fee request

17  is reasonable under a lodestar crosscheck analysis. *See id.* at ¶3. For these reasons and those

18  stated in Class Counsel's Fee Motion, the Court should grant the motion with respect to an award

19  of attorney's fees.

20      The Fee Motion also requests reimbursement of Class Counsel's litigation expenses in

21  the amount of $197,618.82. Dkt. 141. No objections were received related to Class Counsel's

22  expense reimbursement request, even though the Class Notice informed Settlement Class

23  Members that Class Counsel may seek "no more than $240,000" in expenses. *See* Dkt. 143 at 12.

24  And because the expenses incurred are reasonable, Class Counsel's request for reimbursement

25  of expenses should be approved.

26

UNOPPOSED MOTION FOR FINAL APPROVAL - 19
Case No. 2:21-cv-00533-KKE

1    Finally, no Settlement Class Member has submitted an objection to the requested service

2  award, indicating the Settlement Class's overwhelming support for awarding $25,000 to Plaintiff

3  for his important contributions to this case for the Settlement Class's benefit.

4                              **VI.    CONCLUSION**

5    For the foregoing reasons, Plaintiff respectfully requests that the Court finally approve

6  the Settlement, grant Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and

7  Service Award, and enter judgment thereon.

8

9    DATED this 12th day of May 2025.

10

11                                   Respectfully submitted,

12                                   **TOUSLEY BRAIN STEPHENS PLLC**

13                                   /s/ *Kim D. Stephens, P.S.*
                                     Kim D. Stephens, P.S., WSBA #11984
14                                   Rebecca L. Solomon, WSBA #51520
                                     1200 Fifth Avenue, Suite 1700
15                                   Seattle, Washington 98101
                                     Tel: 206-682-5600
16                                   Fax: 206-682-2992
                                     kstephens@tousley.com
17                                   rsolomon@tousley.com

18
                                     **STUEVE SIEGEL HANSON LLP**
19                                   Patrick J. Stueve (admitted *pro hac vice*)
                                     Lindsay Todd Perkins (admitted *pro hac vice*)
20                                   Ethan M. Lange (admitted *pro hac vice*)
                                     David A. Hickey (admitted *pro hac vice*)
21                                   460 Nichols Road Ste. 200
                                     Kansas City, MO 64112
22                                   Tel: 816-714-7100
                                     Fax: 816-714-7101
23                                   stueve@stuevesiegel.com
                                     perkins@stuevesiegel.com
24                                   lange@stuevesiegel.com
                                     hickey@stuevesiegel.com
25

26

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**SCHIRGER FEIERABEND LLC**
John J. Schirger (admitted *pro hac vice*)
Joseph M. Feierabend (admitted *pro hac vice*)
6811 Shawnee Mission Parkway, Suite 312
Overland Park, KS 66202
Tel: 816-561-6500
Fax: 816-561-6501
schirger@SFlawyers.com
feierabend@SFlawyers.com

*Counsel for Plaintiff Dennis E. Davis and the Settlement Class*

I certify that this memorandum contains 6,517 words, in compliance with the Local Civil Rules.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992