The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENNIS E. DAVIS, individually and on behalf of all others similarly situated,

   Plaintiff,

v.

SYMETRA LIFE INSURANCE COMPANY,

   Defendant.

NO. 2:21-cv-00533-KKE

**ORDER GRANTING MOTION PURSUANT TO RULE 23(e) FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, EXPENSE REIMBURSEMENT AND SERVICE AWARD**

ORDER GRANTING
MOTION FOR FINAL APPROVAL
Case No. 2:21-cv-00533-KKE

Before the Court are Plaintiff's Unopposed Motion Pursuant to Rule 26(e) for Final Approval of Class Action Settlement, Attorneys' Fees, Expense Reimbursement, and Service Award ("Final Approval Motion") (Dkt. No. 145)), and Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Service Award ("Fee Motion") (Dkt. No. 141). For the reasons detailed herein, the Court **GRANTS** both motions and dismisses the Action with prejudice.

## I. BACKGROUND[1]

Before the Court is the proposed $32.5 million class action settlement ("Settlement") between Plaintiff Dennis E. Davis ("Plaintiff"), on behalf of the Settlement Class, and Defendant Symetra Life Insurance Company ("Symetra" or "Defendant"). On February 4, 2025, the Court entered an order granting preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e). Dkt. No. 139. In doing so, the Court found that "it will likely be able to approve the Settlement as 'fair, reasonable, and adequate' under the relevant factors[.]" *Id*. at 3. The Court further found that "it will likely be able to certify the Settlement Class for purposes of entering judgment on the Settlement under Rule 23(a) and (b)(3)." *Id*. at 4. The Court thus directed the Settlement Administrator and the Parties to provide the Class Notice, as approved by the Court, to the members of the Settlement Class.

The Court has been informed that the appointed Settlement Administrator issued the Court-approved Class Notice by first class mail to the Settlement Class Members. The Class Notice advised Settlement Class Members of the material terms of the Settlement and that Class Counsel would seek attorneys' fees of up to one-third of the Settlement Fund, reimbursement for their expenses in an amount up to $240,000, and a Service Award of up to $25,000 for the Plaintiff. Pursuant to the deadlines established by the Court in its February 4, 2025 Order, the

---

[1] This Order incorporates the definitions of the Settlement Agreement (*see* Dkt. No. 135-1) for capitalized terms, unless stated otherwise.

Class Notice also notified Settlement Class Members that the deadline to submit objections to the Settlement or to opt-out of the Settlement Class was April 25, 2025.

On April 3, 2025, Class Counsel filed their Fee Motion seeking one-third of the Settlement Fund, reimbursement for expenses in the amount of $197,618.82, and a $25,000 Service Award for Plaintiff. Dkt. No. 141.

Five policy owners excluded themselves from the Settlement Class, and no Settlement Class Members submitted objections. On May 12, 2025, Plaintiff filed his Final Approval Motion. On May 19, 2025, the Court held a Fairness Hearing to consider the pending motions.

## II.    FINAL APPROVAL OF CLASS ACTION SETTLMENT

To certify a Settlement Class for the purposes of settlement the Court must conclude that the requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are satisfied. *See* Fed. R. Civ. P. 23. The Court must also ensure the settlement meets the requirements of Rule 23(e). After considering Plaintiff's Final Approval Motion and the supporting documents, the Court concludes that both rules are satisfied.

### A. Class Certification.

The Settlement Class is defined as follows:

> All current and former owners of one or more of the MasterPlan, Executive MasterPlan, MasterPlan Plus, Joint MasterPlan, and Juvenile MasterPlan Plus universal life insurance policies issued in Arizona, California, Florida, Illinois, Indiana, Kentucky, Minnesota, Missouri, South Carolina, Texas, and Washington that were in force on or after January 1, 2000, that were issued by American States Life Insurance Company and administered by Symetra or its predecessors in interest.
>
> Excluded from the Classes are: Symetra; any entity in which Symetra has a controlling interest; any of the officers, directors, employees, or sales agents of Symetra; the legal representatives, heirs, successors, and assigns of Symetra; anyone employed with Plaintiff's counsel's firms; and any Judge to whom this case is assigned, and his or her immediate family.

The Court finds that each element of Rule 23(a) and Rule 23(b)(3) are satisfied for purposes of certifying a settlement class.

ORDER GRANTING
MOTION FOR FINAL APPROVAL - 2
Case No. 2:21-cv-00533-KKE

The Court first considers the requirements of Rule 23(a). The Court finds that the Settlement Class is "so numerous that joinder of all class members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, there are owners of approximately 43,000 Policies in the Settlement Class, which is plainly too many individuals to join to a case individually.

The Court also finds that there is at least one "question[] of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Even a single common question will do," *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 359 (2011) (cleaned up), so long as it is such that the question "will resolve an issue that is central to the validity of each one of the claims in one stroke," *id*. at 350. The question of whether Defendant's COI rates violated the Policies is common. *See Whitman v. State Farm Life Ins. Co*., 2022 WL 4081916 at *3 n.3 (W.D. Wash. Sept. 6, 2022) (finding commonality satisfied because plaintiff's "claims in this action all turned on the interpretation of a standard form contract"); *see also, e.g., Advance Tr. & Life Escrow Servs., LTA v. ReliaStar Life Ins. Co*., 2022 WL 911739, at *9 (D. Minn. Mar. 29, 2022) (finding commonality satisfied for similar claims for breach of universal life insurance policies as to multi-state class because "each turn on the interpretation of materially similar provisions in form UL insurance policies").

Third, the Court finds that the claims or defenses of the representative parties are typical of those of the Settlement Class. Fed. R. Civ. P. 23(a)(3). "Ultimately, representatives' class claims are typical if they are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rosas v. Sarbanand Farms, LLC*, 329 F.R.D. 671, 686 (W.D. Wash. 2018) (quoting *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998)). In assessing typicality, courts look at "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp*., 657 F.3d 970, 984 (9th Cir. 2011). Here, the Policy terms and methodology used to determine the COI rates that were charged were the same for every class member; thus, Plaintiff's

interests are substantively identical to those of the other class members. The requirement of typicality thus is satisfied.

Fourth, the Court finds that the "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry . . . serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). The Court does not find any conflicts of interest that would preclude a finding of adequacy. The Court therefore finds the adequacy requirement satisfied.

The Court now turns to the requirements of Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). When "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 619-20 (citation omitted). The Court finds that common questions of law and fact predominate because the relevant contractual language at issue is the same for all members of the Settlement Class and Symetra uniformly administered the Policies in accordance with this language. Moreover, the

ORDER GRANTING
MOTION FOR FINAL APPROVAL - 4
Case No. 2:21-cv-00533-KKE

Court also finds that a class action is superior to individual lawsuits as individual litigations would be more burdensome and less efficient.

For these reasons, the Court certifies the Settlement Class, appoints Plaintiff to act as the Settlement Class Representative, and appoints Class Counsel to represent the Settlement Class.

**B. Class Notice.**

Next, the Court confirms the Class Notice was implemented in accordance with the Court's February 4, 2025, Order. Dkt. 139 at 5–6. The Court further confirms its prior findings that the form and substance of the Class Notice meet, and have met, the requirements of Rule 23(c) and the Due Process Clause of the United States Constitution.

**C. Approval of the Settlement.**

To approve a settlement under Rule 23(e), the Court must find that the settlement is "fair, reasonable, and adequate" after considering several listed factors. *See* Fed. R. Civ. P. 23(e); *see also In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 780 (9th Cir. 2022). The Court has considered the identified factors as well as the submissions by Plaintiff. The Court finds that each of the factors listed in Rule 23(e) and identified by the Ninth Circuit support approval of the Settlement in accordance with its preliminary determination. First, the Plaintiff and Class Counsel have adequately represented the Class as reflected by the extensive litigation they undertook against Symetra on these claims and through the negotiation of the Settlement. Second, the Settlement was the product of arm's length negotiation reached only after significant litigation and following mediation and a mediator's proposal. Furthermore, the Settlement was only reached with the assistance of a well-respected neutral mediator. Third, the relief provided by the Settlement—$32,500,000—is plainly significant, particularly given the costs, risks, and delay of trial. Furthermore, the proceeds of the Settlement will be distributed without the need for a claims process, which also supports approval. Fourth, the Settlement treats class members equitably relative to one another because the proceeds will be distributed primarily in proportion

to the amount of charges paid by each Settlement Class Member. For these reasons, the Court concludes that the Settlement is fair, reasonable, and adequate and approves the Settlement.

### D. Releases.

As of the Final Settlement Date, the Releasing Parties shall be deemed to have, and by operation of this Order and the contemporaneously entered Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties of and from all Released Claims and waived any and all Released Claims against the Released Parties, other than Excluded Claims.

### E. Dismissal and Continuing Jurisdiction.

The Court hereby dismisses this Action with prejudice except the Court retains jurisdiction over this Action and the Parties, attorneys, and Settlement Class Members for all matters relating to this Action, including (without limitation) the administration, interpretation, and effectuation or enforcement of the Settlement Agreement, this Order granting Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Service Award, and the contemporaneously entered Final Judgment. The Settlement Class Representative and Settlement Class Members are hereby permanently enjoined from filing, prosecuting, maintaining, or continuing litigation based on or related to the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

### III. ATTORNEYS' FEES EXPENSES AND SERVICE AWARD

Class Counsel request an attorneys' fee award of 33⅓ percent of the $32,500,000 Settlement Fund plus reimbursement of litigation costs and expenses in the amount of $197,618.82. They also request that the Court award a Service Award to Plaintiff in the amount

ORDER GRANTING
MOTION FOR FINAL APPROVAL - 6
Case No. 2:21-cv-00533-KKE

of $25,000 from the Settlement Fund. In support of their requests, Class Counsel submitted a detailed Fee Motion. Dkt. No. 141. For the following reasons, the Court grants the requests.

### A. Attorneys' Fees.

Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." As the Supreme Court recognized, "a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The dominant approach for awarding attorneys' fees in common fund cases is the "percentage of the fund" approach. *See, e.g.*, *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("the percentage method in common fund cases appears to be dominant"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) ("[T]he primary basis of the fee award remains the percentage method."). The Court agrees that awarding a percentage of the fund is appropriate here.

Awarding fees from a common fund avoids "the unjust enrichment of [the class who] benefit[s] from the fund that is created, protected, or increased by the litigation and who otherwise would bear none of the litigation costs.'" *In re: Facebook Biometric Info. Privacy Litig.*, 2022 WL 822923, at *1 (9th Cir. Mar. 17, 2022) (quotation omitted).

The ultimate reasonableness of an award "take[s] into account all of the circumstances of the case" *Vizcaino*, 290 F.3d at 1048, including "(1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases." The Court concludes that an award of attorneys' fees equal to 33⅓ percent of the Settlement Fund is supported by those factors here.

First, the results obtained were significant. The $32.5 million fund reflects a material portion of the alleged overcharges that Plaintiff could have reasonably recovered. Given the risks faced, the Court concludes that the result supports the requested fee.

Second, Class Counsel undertook representation of Plaintiff and the Settlement Class on a contingent basis and Class Counsel's risk of no recovery was high. Establishing Symetra's liability likewise posed substantial risk considering that courts have come out different ways on the meaning of the key policy language at issue. *See* Dkt. Nos. 94, 110, 118. Symetra levied vigorous statute of limitations challenges, as well as those directed at class certification, expert testimony, and the damages calculations.

Third, the Court concludes that the claims present complex and difficult questions that required a high degree of skill and experience, which Class Counsel exhibited here. The Court also finds that Class Counsel exhibited a high degree of skill in obtaining the Settlement as demonstrated by the successful outcome they secured despite being opposed by a highly respected international law firm.

Fourth, Class Counsel have invested nearly 4,375 hours on a contingent basis representing the Plaintiff and prosecuting the claims of the Settlement Class. Moreover, given the size of the Settlement Class, they reasonably anticipate spending approximately 100 more hours administering the Settlement. Furthermore, the amount of work required necessarily precluded Class Counsel's ability to take other work, and representing Plaintiff on a contingency basis supports the fee award.

Fifth, Class Counsel seek a fee based on a percentage (33⅓ percent) that is common in contingent fee litigation and class actions. The Ninth Circuit has noted that "in most common fund cases, the award exceeds" the 25% benchmark. *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009); *see also, e.g.*, *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1, 4 (E.D. Cal. Nov. 14, 2007) (awarding 33% of common fund and noting that "fee awards in class actions average around one-third of the recovery"); *Hallman v.*

*Wells Fargo Bank*, N.A., 2021 WL 9567171, at *2 (W.D. Wash. June 10, 2021) (awarding 1/3 of settlement fund); *In re Atossa Genetics, Inc. Sec. Litig.*, 2018 WL 3546176, at *1 (W.D. Wash. July 20, 2018) (awarding 33.3% of common fund); *Goldiner v. Datex-Ohmeda Cash Balance Plan*, 2011 WL 13190205, at *1 (W.D. Wash. May 10, 2011) (awarding 1/3 of net settlement fund). Class Counsel have identified several class actions in which courts have awarded fees equal to 33⅓ percent of the settlement fund. Given the amount of work required and the risk undertaken, the Court finds that the percentage requested here is reasonable.

Sixth, the Court has considered the lodestar figures submitted by Class Counsel and concludes a crosscheck does not undermine the fee request. Specifically, the lodestar crosscheck results in a multiplier of 2.73. Class Counsel submit cases that support the requested multiplier, and multipliers in the Ninth Circuit have ranged from 0.6 to 19.6. *Vizcaino*, 290 F.3d at 1050-51 & n.6 (upholding 3.65 multiplier); *In re Infospace, Inc.*, 330 F. Supp. 2d 1203, 1216 (W.D. Wash.) (3.5 multiplier); *Steiner v. Am. Broad. Co, Inc.*, 248 F. App'x. 780, 783 (9th Cir. 2007) (finding 6.85 multiplier to be "well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008) (5.2 multiplier). For these reasons, the Court does not find that the fee requested would be tantamount to a windfall but is the product of significant work undertaken by Class Counsel on a contingent basis that resulted in a large settlement.

Finally, no objections were received to the request for attorneys' fees, which also supports approval. *See Bendixen v. Sprint Commc'ns Co. L.P.*, 2013 WL 2949569, at *4 (W.D. Wash. June 14, 2013) ("The absence of objections by class members to Settlement Class Counsel's fee-and-expense request further supports finding it reasonable.").

Class Counsel's request for attorneys' fees is therefore reasonable and approved in the amount of one-third of the Settlement Fund.

ORDER GRANTING
MOTION FOR FINAL APPROVAL - 9
Case No. 2:21-cv-00533-KKE

**B. Expenses.**

It is also well established that Class Counsel are entitled to reimbursement of the expenses reasonably incurred investigating and prosecuting this matter. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970). Under the Settlement, Class Counsel may seek reimbursement from the Settlement Fund of all costs and expenses actually incurred. Class Counsel has submitted $197,618.82 in expenses, including a summary by category of the expenses incurred. No objections were received to the request for these reimbursements. And the Court finds these expenses were reasonably incurred and are reimbursable from the Settlement Fund.

**C. Service Award.**

The Court also approves the service award of $25,000 for Plaintiff. Courts routinely approve service awards to compensate class representatives for the services they provide and the risks they incur on behalf of the class. Service awards compensate named plaintiffs for work done on behalf of the class, account for financial and reputational risks associated with litigation, and promote the public policy of encouraging plaintiffs to undertake the responsibility of representative lawsuits. *See Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions."). Here, Plaintiff was necessary to the litigation and settlement effort, his contributions benefited the entire Settlement Class, and no Settlement Class Member objected to the proposed service award. Moreover, Plaintiff likewise benefited the entire Settlement Class by helping develop and review the factual allegations in the complaint and providing key guidance with respect to the Settlement. Given the size of the Settlement Fund, the requested award is de minimis to the amount attributable to each Settlement Class Member. And the amount requested is reasonable. *See Glass v. UBS Fin. Servs.*, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) (approving $25,000 award to each of four plaintiff representatives from $45 million settlement); *Pan v. Qualcomm Inc.*, No. 16-cv-1885, 2017 WL 3252212, at *13-14 (S.D. Cal. July 31, 2017) (awarding $50,000 to seven representatives on a $19.5 million

recovery). These amounts are also comparable to those awarded to the named plaintiffs in other recent COI settlements. *See Niewinski v. State Farm Life Ins. Co.*, 2024 WL 4902375, at *5 (W.D. Mo. Apr. 1, 2024) (approving service awards of $25,000 each for five named plaintiffs); *Rogowski v. State Farm Life Ins. Co.*, 2023 WL 5125113, at *6 (W.D. Mo. Apr. 18, 2023) (approving service awards of $25,000 for each of eleven named plaintiffs).

### IV.   CONCLUSION

Plaintiff's Unopposed Motion Pursuant to Rule 26(e) for Final Approval of Class Action Settlement, Attorneys' Fees, Expense Reimbursement, and Service Award (Dkt. No. 145), and Class Counsel's Motion for Attorneys' Fees, Expense Reimbursement, and Service Award (Dkt. No. 141), are **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

The Settlement Class Members are hereby permanently enjoined from filing, prosecuting, maintaining, or continuing litigation based on or related to the Released Claims. Each party shall bear their own costs except as provided in this Order.

This Court retains jurisdiction over this Action and the parties to administer, supervise, interpret, and enforce the Settlement Agreement, this Court's Order, and the Final Judgment.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2025.

Kymberly K. Evanson
United States District Judge